FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>              Plaintiffs,<br><br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>              Defendants. | Civil Action No.:<br><br>**COMPLAINT** |

Plaintiffs Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop, Inc. (collectively "Plaintiffs") by way of Complaint against Defendants Jon S. Corzine, Governor of the State of New Jersey, Anne Milgram, Attorney General of the State of New

Jersey, Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police, Washington Township (Morris County) and XYZ Municipalities 1-565 (collectively, "Defendants"), say:

## INTRODUCTION

1.   This action concerns the State of New Jersey's unlawful amendments to N.J.S. 2C:58-2 and 2C:58-3 to restrict handgun sales to one every 30 days ("One Gun Law") in violation of an explicit federal preemption contained in 15 U.S.C. §5001(g)(ii).

2.   Additionally, the One Gun Law contains exemptions for collectors, competitors and heirs ("Exempted Individuals") but provides no means to qualify for such exemptions. Accordingly, Exempted Individuals are unable to engage in lawful transactions of more than one handgun per month.

3.   Finally, certain New Jersey municipalities are restricting the issuance of permits to purchase handguns to one per month in violation of State law.

4.   Accordingly, Plaintiffs seek prospective injunctive and declaratory relief.

## PARTIES

5.   The Association of New Jersey Rifle and Pistol Clubs (the "Association") is a not for profit membership corporation,

incorporated in the State of New Jersey in 1936 and represents its members. Its address is P.O. Box 353, Pompton Plains, New Jersey 07444. The Association represents the interests of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners. Among the Association's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms. The Association brings this action on behalf of its members who have been and will be injured by the invalid One Gun Law and unlawful conduct at issue.

6.    Plaintiff Scott L. Bach ("Bach") is President of the Association and a practicing attorney with prior public service experience, including service with the United States Court of Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States Congressman. Bach resides in Rockaway Township, Morris County, New Jersey.

7.    Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and a World War II veteran who resides in Washington Township, Morris County, New Jersey.

8.    Plaintiff Bob's Little Sport Shop ("Bob's") is a federally and State licensed retail dealer of firearms

incorporated in the State of New Jersey in 1986 with its principal place of business in the Borough of Glassboro, Gloucester County, New Jersey.

9. Defendant Jon S. Corzine ("Corzine") is Governor of the State of New Jersey.

10. Defendant Anne Milgrim ("Milgram") is Attorney General of the State of New Jersey.

11. Defendant Colonel Rick Fuentes ("Fuentes") is Superintendent of the Division of New Jersey State Police.

12. Defendant Washington Township ("Washington") is a municipality located in Morris County, New Jersey and was incorporated in 1798.

13. Defendants XYZ Municipalities 1-565 are fictitiously named municipalities of the State of New Jersey whose identities are unknown at this time that are engaging in the unlawful acts alleged herein. Plaintiffs reserve the right to amend the Complaint to name specific municipalities as knowledge of such municipalities' unlawful activity becomes known.

## JURISDICTION AND VENUE

14. Jurisdiction is founded on 28 U.S.C. §1331 in that this action arises under the Constitution and laws of the United States and under 28 U.S.C. §1343(3) in that the action seeks to redress the deprivation, under color of the laws, statutes,

ordinances, regulations, customs and usages of the State of New Jersey and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by Acts of Congress.  Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

15.  This action seeks relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and N.J.S. 10:6-2.  Venue lies in this district by way of 28 U.S.C. §1391(b).

**PRE-EXISTING LAWS GOVERNING PURCHASE OF A HANDGUN IN NEW JERSEY**

16.  Prior to the enactment of the One Gun Law, New Jersey already had, and still has, among the most restrictive handgun permitting schemes in the United States.

17.  Purchasing a handgun in New Jersey requires: (1) undergoing an extensive background investigation to obtain a permit from the police; (2) submitting federal and State forms to the retail dealer; and 3) undergoing a second, federal, background check, after which the dealer enters the purchaser's detailed identifying information in a bound book pursuant to both federal and State law.

18.  N.J.S. 2C:58-3(a) already required and still requires a handgun permit for each handgun purchased, which is only issued after an extensive background investigation that in

5

practice already takes months to complete.  N.J.S. 2C:58-3(a) provides as follows:

> No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

19.  N.J.S. 2C:58-3(c) already provided and still provides that no permit to purchase a handgun ("Handgun Purchase Permit") shall be issued to any person who is subject to any of a long list of disabilities, including, but not limited to, conviction of any crime, conviction of an offense of domestic violence, drug dependency, mental illness, habitual drunkenness or alcoholism, and certain physical disabilities and authorizes the issuing authority to deny a Handgun Purchase Permit to "any person where the issuance would not be in the interest of the public health, safety or welfare."

20.  Accordingly, the applicant was previously required and still is required to provide a broad variety of personal identifying information including, but not limited to name, residence, place of business, age, date of birth, occupation, sex, and physical description, including distinguishing physical characteristics.

21.  The applicant was previously required and still is required to provide fingerprints and the names and addresses of two references and also to answer numerous questions, including, but not limited to, questions relating to the potential disqualifying disabilities of N.J.S. 2C:58-3(c).

22.  The chief of police of the municipality where the applicant resides, or Superintendent of the New Jersey State Police, as the case may be, receives the application and is required by law to conduct an extensive investigation and to issue the Handgun Purchase Permits unless there is good cause to deny the application.

23.  Both federal and State law previously required and still require strict and extensive record keeping in connection with the purchase of handguns in New Jersey.  Each purchase is registered by the retailer on Form SP-671.  The registration form must include all of the transferee's and dealer's identifying information, as well as complete identifying information for the handgun transferred. A copy is forwarded to the applicant's local police and the Superintendent of the New Jersey State Police, and the dealer must retain a copy.

24.  Both federal and State law previously required and still require each handgun purchase to be recorded in a bound book maintained at the dealer's retail premises.  The bound book must contain the name and address of the transferee, the date of

transfer and complete identifying information regarding the handgun.

25. Federal law further requires that a retail dealer perform a background check (a/k/a "Brady" check) pursuant to the National Instant Criminal Background Check System ("NICS") that, in New Jersey, is administered by the State Police, and the purchaser must also must complete a Firearms Transaction Record (Bureau of Alcohol Tobacco and Firearms and Explosives ("ATF") Form 4473) and present government issued identification to confirm the purchaser's identity.

26. Form 4473 specifically and prominently asks the purchaser – who must swear under threat of criminal prosecution to the truthfulness of his answers – whether he is the "actual buyer" of the firearm.

27. Pursuant to 27 C.F.R. 478.126a, if a transaction involves the transfer of multiple handguns to the same purchaser in a five day period, the retail dealer must further record the transaction on ATF Form 3310.4 and forward a copy of the multiple sales form immediately to both ATF and to the chief of police in the community in which their business is located.

28. Thus, prior to the enactment of the One Gun Law, the purchase of a handgun in New Jersey was already subject to extraordinary scrutiny, tracking and recordkeeping - easily among the most restrictive and comprehensive regulatory schemes

in the nation.  The extensive background investigation process frequently did and still does result in permit issuance delays of two to six months or longer.

## THE ONE GUN LAW

29. On or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even for holders of Handgun Purchase Permits.

30. The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

> (7) A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period.

31. Similarly, the One Gun Law amended N.J.S. 2C:58-3(i) to provide:

> Restriction on number of firearms person may purchase.  Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . .

32. On or about January 12, 2010, Governor Corzine signed into law amendments to the One Gun Law which created certain exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions").  The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

4. (New section)

a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"];**

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"];** or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's

competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"]**.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

33. Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective

date    necessary    for    its    timely
implementation.

34.   Thus, to obtain any of the Exemptions, a person must
make an application to the Superintendent of the New Jersey
State Police.

35.   Upon information and belief, at this time there is no
established procedure in place by which an applicant can apply
for and the Superintendent can grant any of the Exemptions.

**UNDER NEW JERSEY LAW, TRADITIONAL B-B, PELLET AND AIR PISTOLS ARE INCLUDED IN THE DEFINITION OF HANDGUNS**

36.   N.J.S. 2C:39-1(f) provides as follows:

"Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person. [Emphasis added.]

37. N.J.S. 2C:39-1(k) provides as follows:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

38. Courts in this District and New Jersey state courts have held that pursuant the foregoing definitions and New Jersey law, traditional B-B, pellet and air pistols fall within the definition of "handgun."

## COUNT ONE
### (INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2; PREEMPTION – 15 U.S.C. §5001(g)(ii))

39. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 38 as if fully set forth herein at length.

40. 15 U.S.C. §5001(g)(ii) provides as follows:

(g) Preemption of State or local laws or ordinances; exceptions

The provisions of this section shall supersede any provision of State or local laws or ordinances which provide for markings or identification inconsistent with provisions of this section provided that no State shall-- . . .

(ii) prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-firing air guns that expel a projectile through the force of air pressure.

41.   Because New Jersey law defines traditional B-B, pellet and air pistols as handguns, the One Gun Law prohibits the sale of traditional B-B, pellet and air guns in violation of 15 U.S.C. §5001(g)(ii).

42.   Accordingly, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void.

43.   Members of Plaintiff Association wish to purchase more than one handgun within a 30 day period including, but not limited to, traditional B-B, pellet and/or air pistols, and some have applied for Handgun Purchase Permits to do so, but are prohibited from doing so by the One Gun Law and face prosecution if they do so.

44.   Plaintiff Bach has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

45.   Plaintiff Johnson has applied for two Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

46.   Plaintiff Bob's wishes to sell handguns to customers such as Bach and Johnson, who wish to purchase more than one

14

handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols, but is prohibited from doing so by the One Gun Law and faces prosecution if it does so.

47. By virtue of the foregoing, Defendants Corzine, Milgram, and Fuentes have deprived, are depriving and will continue to deprive Plaintiffs of their rights, privileges, and/or immunities secured by the United States Constitution and laws of the United States in violation of 15 U.S.C. §5001(g)(ii).

48. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

## COUNT TWO
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202; PREEMPTION – 15 U.S.C. §5001(g)(ii))

49. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 48 as if fully set forth herein at length.

50. By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void and of no effect.

<u>**COUNT THREE**</u>
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;**
**UNITED STATES CONSTITUTION - AMENDMENT XIV)**

51.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 50 as if fully set forth herein at length.

52.  Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

53.  On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

54.  Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

55.  On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.  The State Police told him that there was none at this time.

56.  Upon information and belief, at this time there is no procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

57.  Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one

handgun in a 30 day period are being unlawfully constrained by the One Gun Law, are unable to purchase more than one handgun in a 30 day period, and are unlawfully subject to prosecution if they do so.

58.  Therefore, Plaintiffs are being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

59.  Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

## COUNT FOUR
### (DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202; UNITED STATES CONSTITUTION - AMENDMENT XIV)

60.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 59 as if fully set forth herein at length.

61.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Amendment XIV of the United States Constitution and is therefore void and of no effect.

**COUNT FIVE**
**(INJUNCTIVE RELIEF - N.J.S. 10:6-2;**
**NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)**

62.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 61 as if fully set forth herein at length.

63.  By virtue of the foregoing, the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution as well as the Fundamental Fairness Doctrine, and Plaintiffs are entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

**COUNT SIX**
**(DECLARATORY - 28 U.S.C. §§2201 and 2202;**
**NEW JERSEY CONSTITUTION ARTICLE 1, ¶1 – DUE PROCESS)**

64.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 63 as if fully set forth herein at length.

65.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Article 1, ¶1 of the New Jersey Constitution, as well as the Fundamental Fairness Doctrine, and is therefore void and of no effect.

## COUNT SEVEN
### (INJUNCTIVE RELIEF – N.J.S. 10:6-2; N.J.A.C. 13:54-1.4(h))

66.   Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 65 as if fully set forth herein at length.

67.   N.J.A.C. 13:54-1.4(h) provides as follows:

> Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application.

68.   On or about January 7, 2010, Plaintiff Johnson applied for two Handgun Purchase Permits at the Washington Township (Morris County) Police Department.

69.   Notwithstanding the One Gun Law, Plaintiff Johnson can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

70.   On or about January 8, 2010, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that as of January 1, 2010 the New Jersey State Police are only permitting one application for a Handgun Purchase Permit per month and returned the fee for his second Handgun Purchase Permit.

71.   By denying Plaintiff Johnson's right to apply for two Handgun Purchase Permits simultaneously, Defendant Washington

violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

72.   Members of Plaintiff Association have applied for multiple Handgun Purchase Permits and been denied the right to apply for and/or receive more than one Handgun Purchase Permit in a 30 day period.

73.   Upon information and belief, some or all of fictitiously named Defendants XYZ Municipalities 1-565 are engaging in the same unlawful rationing of Handgun Purchase Permits.

74.   By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h).

75.   Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining Defendants from (1) restricting the number of Handgun Purchase Permits the applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

**COUNT EIGHT**
**(DECLARATORY RELIEF - 28 U.S.C. §§2201 and 2202;**
**N.J.A.C. 13:54-1.4(h))**

76.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 75 as if fully set forth herein at length.

77. By virtue of the foregoing, pursuant to 28 U.S.C. §2201 and 2202, Plaintiffs are entitled to declaratory relief holding that restricting an applicant in the number of Handgun Purchase Permits the applicant may apply for or restricting the number of Handgun Purchase Permits a licensing authority will issue at one time violates N.J.A.C. 13:54-1.4(h) and is unlawful.

**WHEREFORE,** Plaintiffs demand judgment against Defendants:

A.  Enjoining enforcement of the One Gun Law.

B.  Declaring the One Gun Law void and of no force and effect.

C.  Enjoining Defendants from (1) restricting the number of Handgun Purchase Permits an applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

D.  Declaring that Defendants may not (1) restrict the number of Handgun Purchase Permits an applicant may apply for or (2) restrict the number of Handgun Purchase Permits a licensing authority will issue at one time.

E.    Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988 and N.J.S. 10:6-2(f).

F.    Awarding such other and further relief as the Court deems equitable, just and proper.

> FARER FERSKO,
> A Professional Association
> Attorneys for Plaintiffs
>
>
> By: /s/ Daniel L. Schmutter
>       Daniel L. Schmutter

Dated: January 17, 2010

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, on information and belief, that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

> /s/ Daniel L. Schmutter
> Daniel L. Schmutter

Dated: January 17, 2010