FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson and Bob's Little Sport Shop, Inc.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation | Civil Action No.: 10-cv-00271 (JAP)(TJB) |
| Plaintiffs, | **CERITIFICATION OF SCOTT L. BACH** |
| v. | |
| JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565; | |
| Defendants. | |

SCOTT L. BACH, hereby certify as follows:

1.   I am both an individual Plaintiff in this action and the President of the Association of New Jersey Rifle and Pistol Clubs, Inc. (the "Association"), another Plaintiff in this action.  I am fully familiar with facts

stated herein, and I submit this certification in support of Plaintiffs' motion for preliminary injunctive relief.

2.  I am an attorney admitted to practice law in four jurisdictions.  I have prior public service experience, including service with the United States Court of Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States Congressman.  I reside in Rockaway Township, Morris County, New Jersey.

3.  The Association is a not for profit membership corporation, incorporated in the State of New Jersey in 1936 and represents its members.  The Association represents the interests of hundreds of thousands of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners.  Among the Association's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms.

### Background of New Jersey Handgun Permitting Law

4.  This lawsuit concerns New Jersey's recently enacted one gun a month law (the "One Gun Law").

5.  For many years, prior to enactment of the One Gun Law, New Jersey has had and still continues to have one of

the most comprehensive and restrictive handgun permitting schemes in the nation. Before someone may purchase handguns in New Jersey, a purchaser must first obtain from his or her local police department a separate Permit to Purchase a Handgun ("Handgun Purchase Permit") for each handgun purchased, after undergoing extensive state and federal background checks, during which the applicant must provide comprehensive personal information, employment information, fingerprints and two references.

6.   The background investigation process is lengthy and complex, requiring law enforcement to research the applicant's criminal background, research the applicant's mental health background in state records, process fingerprints at the state and federal level, interact with the applicant's references, and perform other investigative functions to assure that the applicant is not subject to disqualification under a list of possible disqualifiers set by state statute. This process frequently takes many months (sometimes 6 months or longer) to complete.

7.   The investigating authority is not required to issue the permits applied for, and can refuse to do so for a number of reasons specified by statute, or in the absence of specifics, can do so in the general interest of public safety. Permit applications can be and frequently are

denied.  If permits are granted, they are valid for only 90 days, but can be extended for an additional 90 days in the discretion of the local police department.  After expiration, the permits are invalid and can no longer be used and the entire application process must begin anew.

8.  Assuming that an applicant has passed the background checks after a months-long investigation period, and exercises the permits prior to their expiration, he or she must also undergo a separate federal electronic National Instant Check ("NICS" or "Brady Check") criminal background check at the point of purchase, and the retail dealer must collect and retain both federal and New Jersey forms containing all of the particulars of the transaction, including the make, model, caliber and serial number of the handgun, the date and location of purchase, signatures of both purchaser and seller, and certifications of purchaser made under threat of criminal prosecution. Copies are sent to both the State Police and the local police department that issued the permits, and additional copies must be retained by both purchaser and seller.  Much of the same information is recorded by the retail dealer in a separate bound book required to be maintained under both federal and State law, subject to audit at any time by State and federal authorities.

9.   These requirements have been in effect for years and remain in effect after the passage of the One Gun Law, which essentially overlaps and operates redundantly with these pre-existing requirements, and creates additional delays.

### The One Gun Law

10. On or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even though Handgun Purchase Permits have already been issued pursuant to New Jersey law following months-long background investigations.[1]

11. On or about June 26, 2009, after passage of the One Gun Law by the New Jersey legislature, but prior to the Governor's signing of the One Gun Law, Governor Corzine issued Executive Order 145, which created the Governor's nine-member Firearms Advisory Task Force (the "Task Force") which was allegedly created, in part, "to ensure that lawful firearms collectors and competitive and recreational firearms users are not adversely affected by the [One Gun

---

[1] Though not directly relevant to the disposition of this matter, advocates of the One Gun Law claimed that the legislation would address illegal gun trafficking by making it more difficult for criminals to buy handguns in bulk. Opponents argued that traffickers already circumvent New Jersey's strict permitting process and, therefore, the law would have no impact on illegal gun trafficking.  The first state to enact such a law in 1975, South Carolina, repealed the law after 29 years of experience.

Law].”   (See  Executive  Order  145,  attached  hereto  as
Exhibit A.)

12.  The  membership  of  the  Task  Force  included  State
Police  Lieutenant  Colonel  Christopher  Andreychak  as
designee  for  Defendant  Superintendent  of  State  Police
Colonel Rick Fuentes.  (See excerpt from Task Force Initial
Report, attached hereto as Exhibit B.)

13.  Pursuant  to  the  recommendations  of  the  Task
Force,  on  or  about  January  12,  2010,  Governor  Corzine
signed into law amendments to the One Gun Law which created
extremely  limited  exemptions  to  the  30  day  prohibition  on
transfer  of  a  more  than  one  handgun  (the  “Exemptions”).
The Exemptions, set forth in section 4 of Senate Bill S3104
(not yet codified), provide as follows:

> 4.(New section)
> a. The superintendent may grant an
> exemption from the restriction on
> the purchase of handguns set forth
> in subsection i. of N.J.S.2C:58-3
> if the applicant demonstrates to
> the satisfaction of the
> superintendent that the
> applicant’s request meets one of
> the following conditions:
>
> (1) The application is to
> purchase multiple handguns
> from a person who obtained
> the handguns through
> inheritance or intestacy **[the
> “Inheritance Exemption”];**

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"]**; or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"]**.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific

exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective date necessary for its timely implementation.

8

14. In accordance with this legislation, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police (the "Superintendent").

15. Despite the presence of the Superintendent's designee on the Task Force for more than six months prior to the effective date of the One Gun Law and the Exemptions, and despite S3104's call for "timely implementation" of the Exemptions and authorization of "anticipatory administrative action" by the Superintendent to that end, at this time there does not appear to be any established procedure in place by which an applicant can apply for and the Superintendent can grant any of the Exemptions.

16. Personally, I have been a firearms collector for nearly two decades, and I have an extensive collection of firearms. Among other things, I would like to add to my collection a matched set of pistols.

17. Typically, much of the value of a matched set is in owning the pieces together. Thus, a seller is very unlikely to split up a set and sell the pieces individually.

18.  Similarly, a seller with a multi-piece collection to sell usually prefers to sell the collection as a set, rather than break it up and sell the pieces individually.

19.  Accordingly, unless I am able to avail myself of the Exemptions, I, like all law-abiding New Jerseyans who have no involvement whatsoever in the illegal trafficking activities that were the target of the One Gun Law, will be unable to purchase matched sets, collections, or pursue other lawful collection activities.

20.  On or about January 13, 2010 I applied for three Handgun Purchase Permits with the intention of purchasing more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols.

21.  I believe I qualify for the Collector Exemption to the One Gun Law; however, there is no prescribed method for me to apply for the Exemption nor is there a procedure in place for the State Police to approve any application that I might make.

22.  On or about January 14, 2010, I telephoned the Division of New Jersey State Police to inquire as to what procedure is available to apply for the Exemptions.  I was directed to speak with Lieutenant David Schlueter in the Firearms Unit.  Lieutenant Schlueter advised me that there

was no procedure in place, and that he did not know when there would be a procedure.

23. Lieutenant Schlueter did not even know that the Exemptions had already been signed into law by the Governor several days earlier. He indicated that he had received no information about the amendments to the law or their content, and suggested that I contact my legislator for information.

24. Lieutenant Schlueter said that until he received the final version of the law there was nothing he could do. He said he needed to prepare a new form and could not do that yet, and he did not know when he would be able to do it.

25. He claimed that all this was done "without our knowledge." Yet, State Police Lieutenant Colonel Christopher Andreychak was a member of the Task Force representing the State Police for more than six months prior to enactment of the Exemptions, and participated in formulating the recommendations that resulted in the Exemptions.

26. Notwithstanding, Lieutenant Colonel Andreychak's participation on the Task Force, the State Police are completely unprepared for the implementation of the Exemptions, despite the legislature's express call in S3104 for "timely implementation" and authorization of

"anticipatory administrative action." The honest persons whom the legislature intended to exempt, who were not the target of the One Gun Law, now have no established procedure or prescribed method to invoke the Exemptions.

27. Also, when I first submitted my application for three Handgun Purchase Permits, the Rockaway Township Police Department initially told me that I could only obtain one _permit_ per month (as opposed to one handgun per month). Because the permit process often takes several months, as a practical matter this could translate into one handgun every four or five months or longer – well beyond the intended statutory limitation.

28. Fortunately, the Rockaway Township Police were diligent and telephoned the State Police and learned that the One Gun Law does not limit the number of permits that can be applied for or issued simultaneously.

29. In fact, New Jersey law elsewhere specifically provides that an individual may apply for multiple permits. As a practical matter, a non-exempt individual can receive six permits at once and use all six lawfully under the One Gun Law; used at the rate of one per month, the first three can be used prior to their 90-day expiration date, and the second three can be extended for the one additional 90-day term that is available.

30.  However, the State Police appear to have provided no advance guidance to local police agencies on this issue, leaving applicants at the mercy of their local police to figure out how the law is supposed to work.   With 566 municipalities in New Jersey, this is a recipe for inconsistency and utter chaos, which is becoming increasingly evident with every passing day since enactment of the One Gun Law and the Exemptions. Given their direct involvement on the Task Force, the State Police should have been well prepared for enactment of the One Gun Law and the Exemptions.

31.  As President of the Association I am privy to frequent complaints and reports from Association members regarding the manner in which New Jersey firearms laws are implemented by State and local officials.

32.  The Association has received multiple complaints from its members regarding rationing of permits or permit applications to one per month, or simple confusion and lack of knowledge of local police departments as to whether they can issue multiple permits on a single application (some of which have been provided to the Court in accompanying certifications).

33.  Members of the Association have also made complaints about the lack of any established procedure or

mechanism for invoking the statutory Exemptions, and I have experienced this myself personally, as noted above.

34. It is both grossly unfair and an undue burden for the Association and its law abiding members – who were not the target of the One Gun Law -- to be forced to separately educate 566 different police agencies on the workings of the new law (to the extent they are even willing to be educated by the public). New Jerseyans are entitled to the correct and prompt implementation of new laws, especially where, as here, the law was signed nearly five months before the effective date of January 1, 2010.

35. In view of the foregoing, and for the other reasons cited in the accompanying documents, the Court should grant preliminary injunctive relief enjoining enforcement of the One Gun Law.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on February 2, 2010

_____

Scott L. Bach