UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY - TRENTON VICINAGE

JANSEN & DEBONA, LLC
413 WEST MAIN STREET
BOONTON, NEW JERSEY 07005
PHONE: (973) 334-0031
FAX: (973) 334-2023
ATTORNEY FOR THE DEFENDANT,
TOWNSHIP OF WASHINGTON (Morris County)

---

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs<br>v.<br><br>JON S. CORZINE, Governor of the State of New Jersey; ANNE MILGRAM, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>Defendants. | Civil Action No. 10-271 (JAP)<br><br>BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(1)<br><br>ORAL ARGUMENT NOT REQUESTED<br><br>RETURNABLE: April 5, 2010 |

## I.    FACTS/PROCEDURAL HISTORY

This brief is submitted on behalf of defendant Township of Washington (Morris County), a municipal corporation of the State of New Jersey (hereinafter, Washington Township"), in support of its motion to dismiss Plaintiffs, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson, and Bob's Little Sport Shop's (collectively "Plaintiffs") Complaint against Washington Township in its entirety pursuant to Fed.R.Civ.P. 12(b)(1).

This motion is returnable April 5, 2010. Oral argument is not requested.

The facts underlying Washington Township's Motion to Dismiss all Counts of the Complaint pertaining to the Township are as follows:

In accordance with Plaintiffs' own certifications of 2/3/2010, submitted in connection with their motion for preliminary injunctive relief, the parties are in agreement with the following:

1. Plaintiff Kaare A. Johnson is a resident of Washington Township. (Certification of Kaare A. Johnson, 2/3/2010 ("Johnson Certification") at ¶1.

2. On or about January 7, 2010, Plaintiff Johnson made application at the Washington Township Police Department for two Handgun Purchase Permits. *Id.* at ¶8.

3. Plaintiff Johnson received a letter dated January 8, 2010 from Ms. Guenther, administrative assistant, which letter speaks for itself ("January 8 letter"). A copy of the letter is annexed to the Certification of Michael Bailey, Chief of Police, 2/24/2010 ("Bailey Certification") at Exhibit A; *see also*, Johnson Certification at Exhibit A.

4. Plaintiff Johnson did not contact the police department or Ms. Guenther upon the receipt of the January 8 letter.

5. On or about January 17, 2010, without further discussion or seeking any clarification or allowing Washington Township any opportunity to cure any deficiency in administrative action, Plaintiff Johnson, along with co-plaintiffs, filed suit against Washington Township seeking injunctive relief. The Complaint is a matter of court record.

6. Plaintiff Johnson received a subsequent letter dated January 25, 2010 from Ms. Guenther, which letter speaks for itself ("January 25 letter"). A copy of the letter is annexed to the Bailey Certification at Exhibit B; *see also*, Johnson Certification at Exhibit B.

7. Eight days after the filing of the Complaint, and only 17 days after making application and

receipt of the January 8 letter, Plaintiff Johnson received the January 25 letter.

8. The January 25 letter a) took corrective action; b) notified Plaintiff Johnson that multiple permits can be applied for and issued, but only one handgun can be purchased per thirty (30) day period; and apologized for any inconvenience the misunderstanding may have caused.

9. The January 25 letter further informed Plaintiff Johnson that the department was prepared to process additional applications. See, January 25 letter, Bailey Certification, Exhibit B and Johnson Certification, Exhibit B.

10. Plaintiffs' own Certification of Richard Gajda, 2/3/2010, filed in connection with their pending motion for preliminary injunctive relief, indicates that a similar situation arose in Clinton Township, yet Clinton Township is not a party to this action.

11. Plaintiffs' own Certification of Robert Viden, owner of Bob's Little Sport Shop, Inc., Glassboro, New Jersey, 2/3/2010, filed in connection with their pending motion for preliminary injunctive relief, indicates customers in Glassboro have experienced a similar situation, yet Glassboro is not a party to this action.

12. Plaintiffs' own Certification of Scott L. Bach, President of the Association of New Jersey Rifle and Pistol Clubs, Inc., 2/3/2010, filed in connection with their pending motion for preliminary injunctive relief, at ¶¶22-24, 30 indicates that the Division of New Jersey State Police confirmed Chief Bailey's assertion at ¶¶5 & 6 of the Bailey Certification, namely, that there is no guidance document, memoranda, or other instructions as to how to process permit applications in place at this time.

13. Plaintiff Bach, President of the Association of New Jersey Rifle and Pistol Clubs, Inc. further asserts in his Certification at ¶¶27- 28, that he submitted his own application for three Handgun Purchase Permits to the Rockaway Township Police Department, where he was similarly advised he could only obtain one permit per month.

14. As in the case of Washington Township, the Rockaway Police Department later telephoned the State of New Jersey to confirm that more than one permit could issue per month and could issue simultaneously. The Township of Rockaway was not made party to this action.

15. Plaintiff's own Certification of Jonathan Friedman, M.D., 2/3/2010, filed in connection with their pending motion for preliminary injunctive relief, at ¶¶2-4, indicates that Dr. Friedman, a Mendham resident, "filled out the paperwork for several permits to purchase a handgun, and I asked my wife to drop the paperwork and fees off at the police station."

16. Plaintiff Friedman alleges in the Certification that his wife was informed that "I could only apply for one permit per month."

17. Thereafter, he telephoned the police department and told the detective that his wife had spoken to that "he was mistaken about the one permit per month limitation."

18. After being given this opportunity to cure the mistake, the detective called Plaintiff Friedman and informed him that the application for two permits would be processed.

19. Notwithstanding the fact that in the various certifications submitted by Plaintiffs, an opportunity to cure was given to other municipalities, in the case of Washington Township, without even a phone call or opportunity to cure, Plaintiffs filed the within lawsuit against Washington Township.

II. **LEGAL ARGUMENT**

Washington Township contends that no justiciable controversy exists. The matter is moot.

The January 25 letter cured any deficiency in application of the applicable permitting statute, and, as in the case of other jurisdictions that also cured deficiencies, removed the cause for which injunctive relief is now sought.

Clearly, had Plaintiff Johnson simply suggested that the Township's position was wrong, rather

4

than filing a complaint, the matter would have been resolved even sooner.

As soon as Washington Township became aware that Mr. Johnson felt aggrieved, immediate action was taken to cure any misunderstanding and allow Plaintiff Johnson to make simultaneous application for multiple permits.

There is no case or controversy as between the Township of Washington and Plaintiffs. The matter is now moot, as in the case of the other jurisdictions listed above, which have not been named as parties to the Complaint.

Plaintiffs' cause of action, if cognizable at all, is with the State of New Jersey.

The State of New Jersey also has immunities with respect to Plaintiffs' claims.

Where a court lacks subject matter jurisdiction, pursuant to Rules 12(b)(1) and 12(h)(3), the matter must be dismissed.

The law is clear, where the a party raises lack of subject matter jurisdiction and the Court concurs, the Court must dismiss the Complaint. The law is not permissive with respect to dismissal. Rule 12(h)(3) specifically states:

> **12(h)(3) Lack of Subject-Matter Jurisdiction.**
> If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.

A court may not "sit to decide questions of law presented in a vacuum." *Aetna Life Ins. Co. v. Haworth*, 57 S. Ct. 461, 463, 300 U.S. 227, 239, 81 L.Ed. 617(quoting, *Re Pacific Railway Comm'n.*, C.C.D.Cal. 1887, 32 F. 241, 255 (1937). A controversy may not be something that is academic or moot. It must be real and substantive. *Id*.

In this case, the matter is clear. Because Washington Township remedied the situation immediately upon notice, there is no basis for injunctive relief as to Washington Township. The matter is moot, as there is no action to enjoin. Only injunctive and declaratory relief is requested as

against Washington Township, and the Township has already agreed with Plaintiffs and indicated in writing that it will issue multiple permits simultaneously to Plaintiff Johnson, or other persons similarly situated that meet all permitting requirements.

It is simply wrong to require the taxpayers of Washington Township to bear the costs of defending this action, when the Township has already agreed that multiple permits may be simultaneously issued.

## CONCLUSION

For all the foregoing reasons, the Complaint as against defendant Township of Washington (Morris County), a municipal corporation of the State of New Jersey, should be dismissed with prejudice.

JANSEN & DeBONA, LLC
413 West Main Street
Boonton, NJ 07005
(973) 334-0031
Attorneys for Defendant, Township
of Washington (Morris County)

Dated: February 24, 2010        By: _____
                                       Paula J. DeBona