UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL
CLUBS, INC., a New Jersey Not for Profit
Corporation; SCOTT L. BACH; KAARE A.
JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and
BOB'S LITTLE SPORT SHOP, INC., a New Jersey
Corporation

        Plaintiffs,

v.

CHRISTOPHER J. CHRISTIE, Governor of the
State of New Jersey; PAULA T. DOW, Attorney
General of the State of New Jersey; COLONEL
RICK FUENTES, Superintendent, Division of
New Jersey State Police; WASHINGTON
TOWNSHIP (Morris County); CITY OF
HACKENSACK; LITTLE EGG HARBOR TOWNSHIP; and
XYZ MUNICIPALITIES 1-563;

        Defendants.

Civil Action No.:
10-cv-271 (JAP)(TJB)

**RETURN DATE: APRIL 4, 2010**

**ORAL ARGUMENT REQUESTED**

---

**PLAINTIFFS' BRIEF IN OPPOSITION TO STATE
DEFENDANTS' MOTION TO DISMISS COMPLAINT**

---

FARER FERSKO,
a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ 07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle
and Pistol Clubs, Inc., Scott L.
Bach, Karre A. Johnson, Vincent
Furio, Steven Yagiello and Bob's
Little Sport Shop, Inc.

On the Brief:
Daniel L. Schmutter, Esq.

**TABLE OF CONTENTS**

Table of Citations ........................................... ii

Preliminary Statement ........................................ 1

Legal Argument ............................................... 2

    STANDARD OF REVIEW ON MOTION TO DISMISS
    FOR FAILURE TO STATE A CLAIM AND FOR
    LACK OF JURISDICTION ..................................... 3

    POINT I

    COUNTS I AND II SHOULD NOT BE DISMISSED
    BECAUSE THE ONE GUN LAW IS PREEMPTED BY
    15 U.S.C. §5001 AND PARTIAL INVALIDATION
    OF THE LAW IS AN UNAVAILABLE APPROACH
    UNDER EITHER FEDERAL OR STATE LAW ....................... 6

    A.    The State Defendants Distort the
          Legislature's Intent Regarding the
          Regulation of Handguns ............................ 6

    B.    15 U.S.C. §5001(g)(ii) Preempts the One
          Gun Law ........................................... 7

    C.    Partially Enjoining the One Gun Law
          Is Not Available Under Either
          State Law or Federal Law ......................... 12

    POINT II

    COUNTS III AND IV SHOULD NOT BE DISMISSED
    BECAUSE THE STATE DEFENDANTS UNLAWFULLY SEEK
    TO ENFORCE THE ONE GUN LAW EVEN AGAINST
    INDIVIDUALS WHOM THE LEGISLATURE INTENDED
    TO BE EXEMPT FROM THE LAW AND HAVE MADE NO
    ATTEMPT TO PROMULGATE REQUIRED PROCEDURES .............. 15

    A.    The State Police Have Provided no
          Indication that they are Acting
          Diligently ....................................... 15

    B.   Enforcing the One Gun Law While Denying
         the Required Forms and Procedures to
         Obtain the Exemptions is a Denial of
         Due Process of Law ................................ 18

POINT III

COUNTS VII AND VIII SHOULD NOT BE DISMISSED
BECAUSE MUNICIPALITIES ARE NOT PROTECTED BY
THE ELEVENTH AMENDMENT ................................ 23


Conclusion ................................................ 23

## TABLE OF CITATIONS

Board of Trustees of the University of Alabama v.
  Garrett, 531 U.S. 356 (2001) ............................... 23

Cipollone v. Liggett Group, 505 U.S. 504 (1992) .............. 9

City of New York v. Joblot Pushcart, 88 N.Y.2d 163 (1996) .... 10

Coalition of New Jersey Sportsman v. Florio,
  744 F. Supp. 602 (D.N.J. 1990) .............. 9, 10, 11, 14

Conley v. Gibson, 355 U.S. 41 (1957) ......................... 4

Dorchy v. Kansas, 264 U.S. 286 (1924) .................... 13, 14

D.P. Enterprises, Inc. v. Bucks County Community College,
  725 F.2d 943 (3d. Cir 1984) ............................. 4

Everett v. Schramm, 722 F.2d 1114 (3d Cir. 1985) ..... 20, 21, 22

Ex parte Young, 209 U.S. 123 (1908) .......................... 20

Gomes v. Toledo, 446 U.S. 635 (1980) ......................... 4

Harlow v. Fitzgerald, 457 U.S. 800 (1982) .................... 4

Jordan v. Fox, Rothschild, O'Brien & Frankel,
  20 F.3d 1250 (3d Cir. 1994) ............................. 4

Mills v. Rogers, 457 U.S. 291 (1982) ......................... 18

Patsy v. Board of Regents of the State of Florida,
  457 U.S. 496 (1982) .................................... 19

Paul v. Davis, 424 U.S. 693 (1976) ........................... 18

Pennhurst State School & Hospital v. Halderman,
  465 U.S. 89 (1983) ...................... 5, 14, 20, 21, 23

Quackenbush v. Allstate Insurance Co.,
  517 U.S. 706 (1996) .................................... 19

Ryan v. Johnson, 155 F.3d 193 (3d Cir. 1997) ............. 19, 20

Scheuer v. Rhodes, 416 U.S. 232 (1974) ...................... 4

iv

State v. Mieles, 199 N.J. Super. 29 (App. Div. 1985)
    certif. denied, 101 N.J. 265 (1985) ..................... 6

State v. Rakis,
    333 N.J. Super. 332 (App. Div. 2000) ........... 1, 8, 9, 12


**STATUTES**

15 U.S.C. §5001(g)(ii) ..................... 6, 7, 8, 10, 11, 12


**REGULATIONS**

N.J.A.C. 13:54-1.4(h) ....................................... 23


**RULES**

Fed. R. Civ. P. 8(f) ......................................... 4

Fed. R. Civ. P. 12(b)(6) ..................................... 3

## PRELIMINARY STATEMENT

The Governor, the Attorney General and the Superintendent of State Police (the "State Defendants") have moved to dismiss the Complaint in this matter for failure to state a claim and/or lack of jurisdiction. The State Defendants' motion fails for a variety of reasons.

First, the State Defendants' are incorrect in arguing that the One Gun Law is merely regulation and not a federally preempted prohibition on the sale of handguns. Defendants' argument ignores the critical difference between prohibiting the purchase and sale of firearms and regulating possession of firearms by criminals, which was made clear in such cases as State v. Rackis, 333 N.J. Super. 332 (App. Div. 2000).

Further, the State Defendants ignore the uniform and settled case law throughout the federal courts, including in this circuit, preventing federal courts from partially invalidating a state statute where doing so would involve, as here, rewriting not only the disputed law itself but also significant aspects of state law not in dispute.

Additionally, the State Defendants ask this Court to hold that the State Police may enforce a state law while, at the same time, utterly disregarding their obligation to enact procedures to ensure that individuals the legislature intended be exempt

1

are, in fact, exempt.

Further, the State Defendants attempt to apply <u>Pennhurst State School & Hospital v. Halderman</u>, 465 U.S. 89 (1983) in a manner wholly inconsistent with its holding, ignoring, among other things, that the Eleventh Amendment does not protect municipalities.

Fundamentally, it is the State Defendants' position that this Court is powerless to prevent the State of New Jersey and numerous municipalities from blatantly violating both federal and State law – a position especially untenable since Plaintiffs' rights arise under the United States Constitution.

## LEGAL ARGUMENT

By way of general background, this motion comes in the context of Plaintiffs' motion for a preliminary injunction (the "PI Motion") which is returnable on the same date as the within motion.  The brief and certifications submitted by Plaintiff in connection with the PI Motion set forth in great detail (1) the basis for federal preemption of the One Gun a Month Law ("One Gun Law"); (2) the reason why partially striking down the One Gun Law is not an option and why the law must therefore be striken in its entirety; (3) the egregious manner in which the State Defendants seek to enforce the One Gun Law even against those for whom the

2

New Jersey Legislature has provided exemptions by disregarding the obligation to provide a procedure to obtain those exemptions; and (4) the blatant manner in which various municipalities are disregarding State Police regulations by unlawfully restricting the right of individuals to apply for and obtain more than one Permit to Purchase a Handgun ("Handgun Purchase Permit") in one application.

Accordingly, Plaintiffs' Brief in Support of their PI Motion, along with the Certifications of Scott Bach, Karre Johnson, Vincent Furio[1], Steven Yagiello, Robert Viden, Jonathan Friedman, M.D., Daniel Strachtman and Richard Gajda are hereby incoporated herein by reference. This brief will supplement the arguments contained therein.

### STANDARD OF REVIEW ON MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM AND FOR LACK OF JURISDICTION

In deciding a motion under Rule 12(b)(6), the factual allegations in the complaint, and all inferences taken therefrom, must be read in the light most favorable to the

---

[1]     Since the filing of the within motion, Plaintiffs have amended their complaint to add two new Plaintiffs and two new municipal defendants. Thus, the Certification of Vincent Furio is an additional certification in support of the PI Motion. The caption has also been amended to reflect the change in administrations and therefore the identity of the State Defendants.

plaintiff. Gomez v. Toledo, 446 U.S. 635, 636 (1980); Jordan v. Fox, Rothschild, O'Brien & Frankel, 20 F.3d 1250, 1261 (3d Cir. 1994).

The complaint should be dismissed only if it appears to a certainty that no relief could be granted under any set of facts which could be proved. Reasonable factual inferences will be drawn to aid the pleader. D.P. Enterprises , Inc v. Bucks County Community College, 725 F.2d 943 (3d Cir. 1984).

Likewise, all pleadings must be liberally construed so "as to do substantial justice." Fed. R. Civ. P. 8(f). See also Conley v. Gibson, 355 U.S. 41, 48, 78 S.Ct. 99, 103, 2 L.Ed.2d 80 (1957).

The standard of review is similar for a motion to dismiss for lack of jurisdiction in that ". . . it is well established that, in passing on a motion to dismiss, whether on the ground of lack of jurisdiction over the subject matter or for failure to state a cause of action, the allegations of the complaint should be construed favorably to the pleader." Scheuer v. Rhodes, 416 U.S. 232, 236 (1974), overruled on other grounds, Harlow v. Fitzgerald, 457 U.S. 800 (1982).

Because the State Defendants' motion to dismiss fails to meet this standard, the motion should be denied.

4

## PENNHURST

Because the State Defendants' brief is peppered throughout with citations to Pennhurst State School & Hospital v Halderman, 465 U.S. 89 (1983), an initial clarification about Pennhurst is in order. The State Defendants have attempted to apply Pennhurst in an unprecedented and unsual manner, essentially arguing that any claim even remotely related to state law is somehow precluded by the Eleventh Amendment. This is incorrect. Pennhurst stands only for the narrow proposition that, generally, pursuant to the Eleventh Amendment a federal court may not entertain a purely state law claim seeking declaratory or injunctive relief against state officials.

With minor exceptions, the Amended Complaint asserts only federal constitutional and statutory claims against the State Defendants. Accordingly, Pennhurst has no bearing at all on the Amended Complaint.[2]

_____

[2]   The only purely state law claims asserted against the State Defendants in the Amended Complaint are found in Counts V and VI which assert violations of the New Jersey Constitution. Paragraph 4 of Plaintiffs' proposed form of order seeks injunctive relief directing the Attorney General and/or the Superintendent of State Police to issue a guidance document to municipalities regarding the issuance of permits. To the extent that Pennhurst might impact these claims, that is the only bearing the case has on this matter.

5

## POINT I

**COUNTS I AND II SHOULD NOT BE DISMISSED BECAUSE THE ONE GUN LAW IS PREEMPTED BY 15 U.S.C. §5001 AND PARTIAL INVALIDATION OF THE LAW IS AN UNAVAILABLE APPROACH UNDER EITHER FEDERAL OR STATE LAW.**

**A.  The State Defendants Distort the Legislature's Intent Regarding the Regulation of Handguns**

As set forth fully in Plaintiffs' PI Brief, the One Gun Law is preempted by 15 U.S.C. 5001(g)(ii) because, by its terms, the One Gun Law includes within its prohibition certain handgun transactions that are protected by federal law. This is because the New Jersey Legislature has employed broad definitions which treat all handguns alike, whether under the One Gun Law or any other of New Jersey's many laws that govern the purchase, sale, possession and use of handguns.

Throughout their papers, the State Defendants try to characterize BB and pellet firing handguns as "non-traditional handguns," no doubt in an effort to create the appearance of a legally meaningful distinction where none exists. The definitions employed by the New Jersey Legislature make absolutely no distinction among the various types of handguns that New Jersey regulates. State v. Mieles, 199 N.J. Super. 29 (App. Div. 1985), certif. denied, 101 N.J. 265 (1985) (Legislature recognized dangerous nature of the so-called "non-

6

traditional" handguns and the manner in which they can be used in furthering crime).

Accordingly, to make this material distinction between what the State Defendants call "traditional" and "non-traditional handguns" is to fundamentally disregard the clear regulatory approach of the New Jersey Legislature. The Court should not do so.

## B. 15 U.S.C. §5001(g)(ii) Preempts the One Gun Law

As set forth above, Plaintiffs fully incorporate the preemption analysis as set forth in their PI Brief and will not repeat it here at length. In sum, however, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) because that statute precludes states from prohibiting the sale of BB guns and pellet firing air guns. The State Defendants make three flawed arguments on preemption, and Plaintiffs will deal with them in turn.

The State Defendants argue that the One Gun Law does not constitute a preempted prohibition because Plaintiffs "can buy a handgun immediately so long as they have a permit to purchase."

Second, the State Defendants argue that the One Gun Law does not seek to prohibit the sale of handguns but only seeks to "regulate the timing of the purchases [emphasis in original]."

7

Finally, the State Defendants point to the existence of exemptions to suggest that this is not a prohibition within the meaning 15 U.S.C. §5001 (g)(ii).

Thus, fundamentally, the State Defendants' entire position is that it is not a prohibition unless it is a complete and outright prohibition for all people at all times. Yet, nothing in the case law set forth in Plaintiffs' PI Brief or in the State Defendants' brief supports this assertion, and in fact the case law stands for precisely the opposite proposition.

The State Defendants try to make a distinction between prohibition, which is preempted under 15 U.S.C. 5001(g)(ii), and mere "regulation" which they argue is not preempted, citing State v. Rackis, 333 N.J. Super. 332 (App. Div. 2000). However, Rackis makes no such distinction, though the State Defendants' liberal use of ellipses falsely suggests that it does.

In Rackis, the Court considered New Jersey's laws which prohibit possession of a handgun by a felon and possession of a handgun without a permit.   The case had nothing to do with purchase and sale.   Simply put, the Court upheld the laws in question against a preemption challenge under 15 U.S.C. §5001 (g)(ii) because they involved possession not purchase and sale. In Rackis, the Appellate Division was simply reconciling this Court's ruling in Coalition of New Jersey Sportsman v. Florio,

8

744 F. Supp. 602 (D.N.J. 1990) (in which the Court stuck down portions of the New Jersey Assault Firearm Law as preempted by 15 U.S.C. §5001 (g)(ii)), with the power of the State to enforce laws criminalizing possession of a handgun without a permit and possession of a handgun by a convicted felon.

The Appellate Division correctly explained that the regulation of possession is entirely different from the regulation of purchase, which is the subject matter of 15 U.S.C. §5001 (g)(ii). Rackis directly supports Plaintiffs' claims in this matter.

The State Defendants' citation to Cipollone v. Liggett Group, 505 U.S. 504 (1992) is similarly inapposite. In Cipollone, the Court simply declined to find that a preemption of state restrictions on advertising preempted civil actions against cigarette manufacturers. That was an attempt to extend a very specific preemption into an entirely unrelated arena. Here, in stark contrast, the preemption is against a prohibition on sale, and the One Gun Law is a prohibition on sale, just as this Court held in Coalition of New Jersey Sportsman.

The State Defendants next assert a straw man argument by mischaracterizing Plaintiffs' preemption claim as one of field preemption by citing City of New York v. Joblot Pushcart, 88 N.Y. 2d 163 (1996). But Plaintiffs do not assert that the

entire field of firearms regulation is preempted by 15 U.S.C. §5001 (g)(ii), only prohibitions on the sale of BB and pellet firing air handguns. It is precisely because the One Gun Law so directly conflicts with the intent and language of 15 U.S.C. §5001 (g)(ii) that the preemption is clear.

Next, the State Defendants attempt to distinguish the Surface Transportation Assistance Act ("STAA") cases dealing with the National System of Interstate and Defense Highways by arguing that the regulation of timing is not a prohibition. However, they fail in this attempt. The STAA cases stand for precisely the proposition that timing regulations can easily constitute a prohibition. Just as enacting time of day and hour restrictions on the use of the interstate highways can and does materially interfere with the use of such highways under federal law, restrictions on the timing of the purchase of handguns can and do materially interfere with the very handgun purchases that are protected under federal law.

As Plaintiffs argued in their PI Brief, the One Gun Law prohibits the purchase of a handgun for 29 out of every 30 days or approximately 96% of the time. The prohibition is not only material, it is dramatic, and as this Court held in Coalition of New Jersey Sportsmen, a prohibition need not be absolute to be preempted. The notion that a prohibition 96% of the time is not

really a prohibition is absurd.

Further, the issue of preemption cannot simply turn on the claim that the regulation is "merely" one of timing, as the One Gun Law is not just a regulation of timing; it is also a regulation of quantity that has the impact of an outright prohibition. Once an individual purchases one handgun, he is absolutely prohibited from purchasing another for the next 29 days.  Prohibition is what is preempted, and prohibition is clearly what the One Gun Law does.

The focus of 15 U.S.C. §5001 (g)(ii) is interference with the sale and purchase of BB and pellet firing air handguns.  By interfering with the purchase and sale of such handguns 96% of the time, the One Gun Law materially impacts the very activity that the federal preemption protects.

As Rackis demonstrates, there are a broad variety of other regulatory activities that are unaffected by 15 U.S.C. 5001 (g)(ii), including felony possession laws and permitting requirements.  No doubt there are many types of regulations that do not implicate 15 U.S.C. 5001 §(g)(ii), but a law which prohibits purchase and sale 96% of the time runs directly afoul of the very purpose behind the federal statute, and the One Gun Law is therefore preempted.

This motion to dismiss should therefore be denied.

11

### C. Partially Enjoining the One Gun Law is not Available Under Either State Law or Federal Law.

Plaintiffs' PI Brief fully sets forth the myriad federal and New Jersey cases which hold that the neither (1) construing the One Gun Law to avoid its Constitutional infirmities, nor (2) severing offending provisions is available in this case. This is because of the deliberate manner in which law was drafted.

As fully set forth in Plaintiffs' PI Brief, the One Gun Law applies to BB and pellet firing air guns precisely because it uses the same broad definitions of "firearm" and "handgun" that apply to every other gun control statute in New Jersey. The fundamental problem with the remedy suggested by the State Defendants is that there is no valid way to construe these definitions that would save the One Gun Law. The One Gun Law applies to all handguns, and BB and pellet-firing air guns are handguns under New Jersey law. The New Jersey Legislature used these very clear definitions, and those same definitions are used throughout New Jersey's gun control laws. The definitions of handgun and firearm are simply not susceptible of a narrowing construction.

Further, there are no specific clauses that could be severed to save the One Gun Law. By using the very same definitions applicable to all regulations governing handguns

12

throughout New Jersey law, the statute has nothing to sever. The entire One Gun Law is preempted.

Both federal law and New Jersey law agree on this (see Plaintiff's PI Brief at Point A. 2.). The One Gun Law cannot be saved through construction precisely because the New Jersey Legislature intended to treat all handguns alike. Making such alterations to save the One Gun Law from its Constitutional infirmity is the unique province of the New Jersey Legislature.

Further, the State Defendants try to suggest that Pennhurst compels this Court to refrain from enjoining the entire law because state law determines whether a law can be saved from invalidity through a saving construction. This is a thoroughly idiosyncratic view of Pennhurst, and the State Defendants' citation to Dorchy v. Kansas, 264 U.S. 286 (1924) does not demonstrate otherwise. In Dorchy United States Supreme Court heard a matter on appeal from the Supreme Court of Kansas. It therefore looked to the state court as to the construction of the statute in question because the state court had already had the matter before it in the first instance. Nothing in either Dorchy or Pennhurst suggests that a federal court may not make such a determination under ordinary circumstances.

In arguing that this Court should only partially enjoin the One Gun Law, the State Defendants also point to Coalition of New

13

Jersey Sportsmen, where this Court only partially struck down the law. However, those plaintiffs do not appear to have ever argued that the entire law should be stricken. Thus, that issue was never before the Court.

Additionally, the Assault Firearm Statute, which was at issue in Coalition of New Jersey Sportsmen, is drafted very differently than the One Gun Law. That statute, unlike the One Gun Law, has multiple discrete provisions which may very well lend themselves to judicial surgery.

The One Gun Law is not similarly drafted, and in fact utilizes a completely different approach, which makes judicial surgery impossible.

Accordingly, the Court should strike down the entire One Gun Law. To do otherwise would be inconsistent with both State and federal law. Thus, the motion to dismiss should be denied.

14

## POINT II

**COUNTS III AND IV SHOULD NOT BE DISMISSED BECAUSE THE STATE DEFENDANTS UNLAWFULLY SEEK TO ENFORCE THE ONE GUN LAW EVEN AGAINST INDIVIDUALS WHOM THE LEGISLATURE INTENDED TO BE EXEMPT FROM THE LAW AND HAVE MADE NO ATTEMPT TO PROMULGATE REQUIRED PROCEDURES**

### A. The State Police Have Provided no Indication that they are Acting Diligently

The State Defendants insist that the law affords them a "reasonable quantum of time" to prepare forms to make the Exemptions available to those who qualify, such as competitors and collectors. This might be a plausible position if Defendants had provided the Court with any indication that they are acting dlilgently in this regard or what they consider a "reasonable quantum of time" to be.

Defendants complain that Plaintiffs filed their Complaint on January 17, 2010, merely five days after the legislation enacting the Exemptions was signed into law. Yet, here it is March 22, 2010 and the State Police still have not provided the Court with any evidence of their efforts (if any). They have provided the Plaintiffs with nothing, they have provided the Court with nothing, and if the Court does not enjoin the enforcement of the One Gun Law, the State Police may well continue to do nothing.

Whether or not this Court can or should compel the State

15

Police to promptly issue forms and procedures, the Court certainly may and should enjoin enforcement and application of the One Gun Law until the State Police do as they are required to do under the law. Doing nothing will encourage the State Police to continue their dilatory behavior.

Further, the State Defendants act as if they were caught off guard by the enactment of the Exemptions on January 12, 2010. Yet as fully set forth in Plaintiffs' PI papers, the Exemptions were enacted as a result of the work of the Governor's Task Force. The Court will recall that the State Police were represented on the Task Force by Lt. Col. Andreychak, so they cannot possibly claim that they were taken by surprise.

In fact, because the State Police helped develop the Exemptions, they had ample lead time to prepare forms and procedures. The Task Force met for many months prior to the January 2010 enactment of the Exemptions. Certainly by now such procedures should be in place, even if they could not be as of January 17. Further, since the One Gun Law provides for the immediate implementation of temporary regulations, such forms and procedures can and should have been put in place in short order.

Additionally, Defendants argue that they cannot implement

16

forms and procedures because there is a conflict in the codification of the January 2010 amendments to the One Gun Law which must be reconciled by the Office of Legislative Services. Yet, Defendants concede that there is no substantive problem, it is merely a numbering issue for the New Jersey Statutes codification.

This is a non-excuse. There is no reason the State Police cannot promulgate forms and procedures. The law is clear. There is no substantive ambiguity. The law does not cease to be effective because the code references are not yet in place. The State Police can simply enact forms and procedures based upon the session law references. If lack of codification were enough to excuse the promulgation of required State Police forms and procedures then it should also be enough to enjoin the law entirely. They cannot have it both ways.

Ultimately, the Legislature intended that the One Gun Law not apply to certain persons who qualify for the Exemptions. Yet because the State Police have been dilatory, such persons are not, in fact, exempt from the One Gun Law because there is no way for them to obtain the Exemptions. The State Defendants insist the law be enforced even though they have apparently made no efforts to enable those individuals to qualify for the Exemptions. Such a situation is untenable and violates due

17

process of law.

Therefore, at minimum, on Counts II and IV, the One Gun Law should be enjoined until such forms and procedures are enacted, and the motion to dismiss should be denied.

> **B.   Enforcing the One Gun Law While Denying the Required Forms and Procedures to Obtain the Exemptions is a Denial of Due Process of Law**

The PI Brief sets forth in detail why denial of the forms and procedures to obtain the Exemptions is a violation of the Due Process Clause of the Fourteenth Amendment.

Beyond that, however, it is well settled that state-created liberty and property interests are protected by the Fourteenth Amendment. Mills v. Rogers, 457 U.S. 291, 300 (1982) ("state-created liberty interests are entitled to the protection of the federal Due Process Clause"). As explained in Paul v. Davis, 424 U.S. 693, 710-11 (1976):

> It is apparent from our decisions that there exists a variety of interests which are difficult of definition but are nevertheless comprehended within the meaning of either "liberty" or "property" as meant in the Due Process Clause. These interests attain this constitutional status by virtue of the fact that they have been initially recognized and protected by state law . . . .

That the New Jersey Legislature created the Exemptions and the State Police have essentially taken them away through their

18

inaction could not be more of a Due Process violation. The State Defendants ask this Court to stand by while the State of New Jersey enforces the One Gun Law against the very people explicitly exempted from the law's reach. The Fourteenth Amendment simply does not permit this egregious result.

Further, the State Defendants argue that the existence of state law procedures to challenge the inability to obtain the Exemption renders the Due Process claim a nullity. However, such an argument smacks of gross circularity, and it would render any alleged Due Process violation invalid since one could always sue in state court.

This action seeks relief under 42 U.S.C. §1983. "[E]xhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Board of Regents of the State of Florida, 457 U.S. 496, 516 (1982). Moreover, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996).

As a general rule, federal courts are bound to adjudicate cases within their jurisdiction. Ryan v. Johnson, 115 F.3d 193, 195 (3rd Cir. 1997) ("It is axiomatic that federal courts have a 'virtually unflagging obligation . . . to exercise the

19

jurisdiction given them' by Congress.").[1]

While a state court may have authority to adjudicate a federal constitutional claim, plaintiffs are not required to file their claims there. Ryan v. Johnson, 115 F.3d 193 (3rd Cir. 1997) ("the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction").

Further, Defendants' efforts to apply Pennhurst here must fail. Everett v. Schramm, 772 F.2d 1114 (3rd Cir. 1985),[2] reviewing the jurisprudence of the Eleventh Amendment, held: "Where a suit seeks prospective injunctive relief against a state official for action contrary 'to the supreme authority of the United States', it is not deemed a suit against the sovereign." 772 F.2d at 1118, quoting Ex parte Young, 209 U.S. 123 (1908).

---

[1]    "While the presence of federal issues militates against abstention, the converse cannot be said; abstention cannot be justified merely because a case arises entirely under state law." Ryan v. Johnson, 115 F.3d at 199. Further, "the mere fact that the state forum is adequate does not counsel in favor of abstention, given the heavy presumption the Supreme Court has enunciated in favor of exercising federal jurisdiction." Id. at 200.

[2]    Everett found that state officials violated the Social Security Act by failing to use the state's actual standard of need in calculating AFDC eligibility.

The discussion in Everett of Pennhurst thwarts Defendants'
use of that precedent here.    As Everett notes, Pennhurst
involved "a pendent claim against state agencies and officers
seeking prospective injunctive relief for a violation of *state*
law." 772 F.2d at 1119.  Everett continued:

> Defendants argue that under Pennhurst II the
> district court lacked jurisdiction to award
> prospective relief on the basis of a
> violation of a state statute . . . . We need
> not decide whether that is a correct
> statement of law, because it is plain to us
> that it is a mischaracterization of the case
> before us.  Plaintiffs brought suit under 42
> U.S.C. § 1983 – which creates a cause of
> action for certain violations of *federal* law
> by state action . . . . Federal jurisdiction
> over this claim was based on the existence of
> a federal question, not, as in Pennhurst II,
> on principles of pendent jurisdiction.

Id. at 1119.

It is hardly surprising that state law must be interpreted
to determine whether such state law violates the U.S.
Constitution.  As the Court explained in Everett:

> Though it is true that this required the
> district court to *ascertain* what the
> standard of need was under Delaware law,
> ascertaining state law is a far cry from
> compelling state officials to comply with
> it.   The ascertainment of state law is an
> everyday function of the federal court, in
> cases ranging from those falling within our
> diversity or pendent jurisdiction, to those
> brought under § 1983 which claim deprivation
> of a state created property right.  Indeed,
> § 1983 would be rendered almost nugatory if
> federal courts are prohibited, by the

21

> eleventh amendment, from deciding matters of
> state law in cases brought against state
> officials.

Id.

Defendants' argument that federal courts may not order state officials to comply with state law would have weight only if no federal constitutional issues existed.  Everett rejected the same argument as follows: "Nor are we troubled by the fact that in this case compelling compliance with federal law may incidentally require compliance with state law. . . . 'To put the matter more bluntly, where a state violates federal law, it is not better off because it also violates its own law.'"  Id. (citation omitted).

Accordingly, because the foregoing constitutes a clear Due Process violation, until such time as the State Police actually get around to promulgating forms and procedures for individuals to obtain the Exemptions, the One Gun Law should be enjoined, and therefore the motion to dismiss should be denied.  Although there are other ample reasons to enjoin the One Gun Law permanently, the failure of the State Police to timely implement forms and procedures for the Exemptions warrants, at minimum, enjoining the One Gun Law until they enact such forms and procedures.

## POINT III

### COUNTS VII and VIII SHOULD NOT BE DISMISSED BECAUSE MUNICIPALITIES ARE NOT PROTECTED BY THE ELEVENTH AMENDMENT

Counts VII and VIII are asserted against the municipal defendants and allege that they have violated N.J.A.C. 13:54-1.4(h) in that they are refusing to process applications for multiple permits. The State Defendants' only argument in opposition to Counts VII and VIII is their invocation of Pennhurst. Yet, it is well settled that municipalities do not enjoy Eleventh Amendment protection. Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001).

Thus, Counts VII and VIII are not subject to dismissal on Eleventh Amendment grounds, and the motion to dismiss should be denied.

## CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that the motion to dismiss be denied.

FARER FERSKO,
A Professional Association
Attorneys for Plaintiffs

By: /s/ Daniel L. Schmutter
Daniel L. Schmutter

Dated: March 22, 2010

23