UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL
CLUBS, INC., a New Jersey Not for Profit
Corporation; SCOTT L. BACH; KAARE A.
JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and
BOB'S LITTLE SPORT SHOP, INC., a New Jersey
Corporation

Plaintiffs,

v.

CHRISTOPHER J. CHRISTIE, Governor of the
State of New Jersey; PAULA T. DOW, Attorney
General of the State of New Jersey; COLONEL
RICK FUENTES, Superintendent, Division of
New Jersey State Police; WASHINGTON
TOWNSHIP (Morris County); CITY OF
HACKENSACK; LITTLE EGG HARBOR TOWNSHIP; and
XYZ MUNICIPALITIES 1-563;

Defendants.

Civil Action No.:
10-cv-271 (JAP)(TJB)

**RETURN DATE: APRIL 5, 2010**

**ORAL ARGUMENT REQUESTED**

**PLAINTIFFS' REPLY BRIEF IN FURTHER SUPPORT OF
PLAINTIFFS' MOTION FOR A PRELIMINARY INJUNCTION**

FARER FERSKO,
a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle
and Pistol Clubs, Inc., Scott L.
Bach, Kaare A. Johnson, Vincent
Furio, Steven Yagiello and Bob's
Little Sport Shop, Inc.

On the Brief:
Daniel L. Schmutter, Esq.

## TABLE OF CONTENTS

Table of Citations ........................................ iii

Preliminary Statement ..................................... 1

Legal Argument ............................................ 2

       Relief Requested .................................. 4

   PLAINTIFFS ARE ENTITLED TO INJUNCTIVE RELIEF
   ENJOINING THE ENFORCEMENT OF THE ONE GUN LAW ........... 5

    A.   Plaintiffs Have Established a Likelihood
       of Success on the Merits ..................... 5

       1.   The One Gun Law is Preempted by
          15 U.W.C. §5001 and Partial
          Invalidation of the Law is an
          Unavailable Approach under Either
          Federal or State Law ..................... 5

           a.   15 U.S.C. §5001(g)(ii)
              Preempts the One Gun Law ............ 6

           b.   Partially enjoining the One
              Gun Law is not available
              under either state law or
              federal law ........................ 8

       2.   The State Defendants Unlawfully
          Seek to Enforce the One Gun Law
          Even Against Individuals Whom the
          Legislature Intended to be Exempt
          from the Law and Have Made No
          Attempt to Promulgate Required
          Procedures .............................. 9

       3.   The Eleventh Amendment Does Not
          Bar Plaintiffs' Claim in Counts
          VII and VIII against the
          Municipalities ......................... 12

B.   Plaintiffs Will Suffer Irreparable
     Harm if Preliminary Injunctive Relief
     is not granted .............................. 12

C.   The Constitutional Harm from Denying
     Injunctive Relief is not Outweighed
     by any Harm to Defendants or to the
     Public   ................................. 13

CONCLUSION ................................................... 15

**TABLE OF CITATIONS**

Board of Trustees of the University of Alabama v.
    Garrett, 531 U.S. 356 (2001) ............................ 12

Coalition of New Jersey Sportsman v. Florio,
    744 F. Supp. 602 (D.N.J. 1990) ....................... 7, 9

Mills v. Rogers, 457 U.S. 291 (1982) ........................ 11

Patsy v. Board of Regents of the State of Florida,
    457 U.S. 496 (1982) ................................... 11

Paul v. Davis, 424 U.S. 693(1976) ........................... 11

Pennhurst State School & Hospital v. Halderman,
    465 U.S. 89 (1983) ........................ 2, 4, 5, 8, 12

Quackenbush v. Allstate Insurance Co.,
    517 U.S. 706 (1996) .................................... 11

Ryan v. Johnson, 115 F.3d 193(3rd Cir. 1997) ................ 11

State v. Mieles, 199 N.J. Super. 29 (App. Div. 1985),
    certif. denied, 101 N.J. 265 (1985) .................... 5, 6

State v. Rakis, 333 N.J. Super. 332 (App. Div. 2000) ...... 1, 6

**STATUTES**

15 U.S.C. §5001(g)(ii) .................................. 5, 6, 7

**REGULATIONS**

N.J.A.C. 13:54-1.4(h)-12 .................................... 12

iv

## PRELIMINARY STATEMENT

Plaintiffs have filed a motion to preliminarily enjoin New Jersey's One Gun a Month Law ("One Gun Law"). In their Brief in Opposition ("State's Opposition Brief"), the Governor, the Attorney General and the Superintendent of State Police (the "State Defendants") essentially rely on arguments identical to those advanced in their February 24, 2010 brief in support of their motion to dismiss ("State's Dismissal Brief"), which motion is returnable the same day as the within motion, and, in fact, they incorporate the State's Dismissal Brief by reference.

As to the likelihood of success prong, first, the State Defendants are incorrect in arguing that the One Gun Law is merely regulation and not a federally preempted prohibition on the sale of handguns. Defendants' argument ignores the critical difference between prohibiting the purchase and sale of firearms and regulating possession of firearms by criminals, which was made clear in such cases as State v. Rackis, 333 N.J. Super. 332 (App. Div. 2000).

Further, the State Defendants ignore the uniform and settled case law preventing federal courts from partially invalidating a state statute where doing so would involve, as here, rewriting not only the disputed law itself but also significant aspects of state law not in dispute.

1

Additionally, the State Defendants ask this Court to hold that the State Police may enforce a law while disregarding their obligation to enact procedures to ensure that individuals the legislature intended be exempt are, in fact, exempt.

Further, the State Defendants attempt to apply Pennhurst State Sch. & Hosp. v. Halderman, 465 U.S. 89 (1983) in a manner inconsistent with its holding, ignoring, among other things, that the Eleventh Amendment does not protect municipalities.

The State Defendants do not dispute that the infringement of a Constitutional right constitutes irreparable harm, they merely argue that no right is being infringed, which is simply a repetition of their argument on likelihood of success.

Similarly, they do not deny that alleged public safety claims do not outweigh the harm associated with the gross infringement of Constitutional rights, nor do they dispute that any alleged harm to the public can be remedied readily by the Legislature, by amending the One Gun Law, and by the State Police, by enacting the statutorily required procedures.

Fundamentally, it is the State Defendants' position that this Court is powerless to prevent the State of New Jersey and numerous municipalities from blatantly violating both federal and State law - a position especially untenable since Plaintiffs' rights arise under the United States Constitution.

2

## LEGAL ARGUMENT

The brief ("Plaintiffs' Moving Brief") and certifications submitted by Plaintiffs in connection with their Preliminary Injunction Motion set forth in great detail Plaintiffs' arguments in favor of granting injunctive relief.[1]  On March 22, 2010, Plaintiffs filed a brief in opposition to the State Defendants' Motion to Dismiss ("Plaintiffs' Dismissal Opposition Brief").

Because the State Defendants' opposition to this motion is indistiguishable from the arguments presented in their motion to dismiss, they have incorporated by reference the State's Dismissal Brief in their Opposition Brief.  Accordingly, Plaintiffs similarly hereby incorporate by reference the arguments set forth in their Dismissal Opposition Brief, as they are fully responsive to the State Defendants' arguements on likelihood of success.

Because both motions address largely identical arguments, the papers and arguments should be considered together.  Thus,

---

[1] Since the filing of the Complaint and the within motion, an Amended Complaint has been filed, adding two new Plaintiffs, Vincent Furio and Steven Yagiello, and two new municipal Defendants, the City of Hackensack and Little Egg Harbor Township.  The facts relating to Mr. Furio's claims are set forth in the recently filed Certification of Vincent Furio.  The facts relating to Mr. Yagiello's claims are set forth in his original certification which was filed initially with this motion.  At the time Mr. Yagiello's Certification was filed he was not yet a plaintiff but only a non-party witness.  He has since been joined as a plaintiff in the Amended Complaint.

rather than fully repeating the arguments set forth in Plaintiffs' Dismissal Opposition Brief, Plaintiffs provide herein a summary of those arguments as they relate to likelihood of success and refer the Court to Plaintiff's Dismissal Opposition Brief for the more fully fleshed out arguments.

## RELIEF REQUESTED

Although this matter was brought before the Court seeking a preliminary injunction, the State Defendants' papers reveal that there are no disputed issues of fact before the Court. Defendants have asserted purely legal issues in their defense. Accordingly, the matter is ripe for final disposition, and therefore, at this time, the Court should enter permanent injunctive and declaratory relief.

## PENNHURST

Because the State Defendants' brief is peppered throughout with citations to Pennhurst State School & Hospital v Halderman, 465 U.S. 89 (1983), an initial clarification about Pennhurst is in order.  The State Defendants have attempted to apply Pennhurst in an unprecedented and unusual manner, essentially arguing that any claim even remotely related to state law is somehow precluded by the Eleventh Amendment.  This is incorrect.  Pennhurst stands only for the narrow proposition that, generally, pursuant to the Eleventh Amendment a federal court may not entertain a purely

4

state law claim seeking declaratory or injunctive relief against state officials.

With minor exceptions, the Amended Complaint asserts only federal constitutional and statutory claims against the State Defendants. Accordingly, Pennhurst has no bearing at all on the Amended Complaint.

> **PLAINTIFFS ARE ENTITLED TO PRELIMINARY INJUNCTIVE RELIEF ENJOINING THE ENFORCEMENT OF THE ONE GUN LAW**
>
> A. **Plaintiffs Have Established a Likelihood of Success on the Merits**
>
>> 1. **The One Gun Law is Preempted by 15 U.S.C. §5001 and Partial Invalidation of the Law is an Unavailable Approach under Either Federal or State Law**

As set forth fully in Plaintiffs' Moving Brief, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) because, by its terms, the One Gun Law includes within its prohibition certain handgun transactions that are protected by federal law. This is because the New Jersey Legislature has employed broad definitions which treat all handguns alike under all of New Jersey's gun laws.

The State Defendants try to characterize BB and pellet firing handguns as "non-traditional handguns." Yet, the definitions employed by the New Jersey Legislature make

absolutely no such distinction. State v. Mieles, 199 N.J. Super. 29 (App. Div. 1985), certif. denied, 101 N.J. 265 (1985).

This tactic fundamentally ignores the clear regulatory approach of the New Jersey Legislature.

### a)  15  U.S.C.  §5001(g)(ii) Preempts the One Gun Law

As set forth above, Plaintiffs fully incorporate the preemption analysis as set forth in their Moving Brief. In sum, however, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) because that statute precludes states from prohibiting the sale of BB guns and pellet firing air guns.

The State Defendants argue that: (1) Plaintiffs can buy a handgun immediately; (2) the One Gun Law only regulates the timing of the purchases; and (3) there are exemptions. Thus, the State Defendants' erroneously argue that it is not a prohibition unless it is a complete and outright prohibition for all people at all times.

The State Defendants try to distinguish prohibition from regulation, citing State v. Rackis, 333 N.J. Super. 332 (App. Div. 2000). Rackis makes no such distinction. Rackis involved possession of a handgun by a felon and possession of a handgun without a permit. The case had nothing to do with purchase and sale and therefore did not implicate 15 U.S.C. §5001 (g)(ii).

Next, the State Defendants attempt to distinguish the

6

Interstate Highway cases by arguing that the regulation of timing is not a prohibition. On the contrary, these cases stand for the proposition that timing regulations do constitute prohibition, because as with time of day and hour restrictions on the use of the highways, restrictions on the timing of the purchase of handguns can and do materially interfere with the very handgun purchases that are protected under federal law.

The One Gun Law prohibits the purchase of a handgun for 29 out of every 30 days or approximately 96% of the time. The prohibition is not only material, it is dramatic, and as this Court held in Coalition of New Jersey Sportsmen, 744 F. Supp. 602 (D.N.J. 1990), a prohibition need not be absolute to be preempted. The notion that a prohibition 96% of the time is not really a prohibition is absurd.

Further, the One Gun Law does not just regulate timing; it also regulates quantity, with the impact of an outright prohibition. Once someone buys one handgun, he is absolutely prohibited from buying another for the next 29 days.

As Rackis demonstrates, there are a broad variety of other regulations that are unaffected by 15 U.S.C. §5001 (g)(ii), including felony possession laws and permitting requirements.

Thus, the One Gun Law is preempted and should be enjoined.

7

> **b)  Partially enjoining the One Gun Law is not available under either state law or federal law.**

Plaintiffs' Moving Brief fully sets forth the myriad federal and New Jersey cases which hold that neither (1) construing the One Gun Law to avoid its Constitutional infirmities, nor (2) severing offending provisions is available in this case.  This is because of the deliberate manner in which the One Gun Law was drafted.

The One Gun Law applies to BB and pellet firing air guns precisely because it uses the same broad definitions of "firearm" and "handgun" that apply to every other gun control statute in New Jersey.  There is no valid way to construe these definitions that would save the One Gun Law.  The One Gun Law applies to all handguns, and BB and pellet-firing air guns are handguns under New Jersey law.  Further, there are no specific clauses that could be severed to save the One Gun Law.

Both federal law and New Jersey law agree on this (see Plaintiff's Moving Brief at Point A. 2.).  The One Gun Law cannot be saved through construction because the New Jersey Legislature intended to treat all handguns alike.

Further, neither Pennhurst nor the Eleventh Amendment has any bearing on this issue.  Nothing in Pennhurst suggests that a federal court may not determine how it may or may not apply a

8

saving construction to a statute.

The State Defendants also point to Coalition of New Jersey Sportsmen, where this Court only partially struck down the law, but that issue was never before the Court.

Additionally, the Assault Firearm Statute, which was at issue in Coalition of New Jersey Sportsmen, is drafted very differently than the One Gun Law. That statute has discrete provisions which may allow judicial surgery.

The One Gun Law utilizes a completely different approach, which makes judicial surgery impossible.

Accordingly, the Court should strike down the entire One Gun Law. To do otherwise would be inconsistent with both State and federal law. Thus, injunctive relief and declaratory should be granted.

> 2. The State Defendants Unlawfully Seek to Enforce the One Gun Law Even Against Individuals Whom the Legislature Intended to be Exempt from the Law and Have Made No Attempt to Promulgate Required Procedures

The State Defendants insist that the law affords them a "reasonable quantum of time" to prepare forms to make the Exemptions available to those who qualify, such as competitors and collectors. However, here it is April 6, 2010 and the State Police still have not provided the Court with any evidence of

9

their efforts (if any). If the Court does not enjoin the enforcement of the One Gun Law, the State Police may well continue to do nothing.

Further, the Exemptions were enacted as a result of the work of the Governor's Task Force which included State Police Lt. Col. Andreychak, so they cannot possibly claim that they were taken by surprise.

Ultimately, the Legislature intended that the One Gun Law not apply to certain persons who qualify for the Exemptions. Yet, because the State Police have been dilatory, such persons are not, in fact, exempt from the One Gun Law because there is no way for them to obtain the Exemptions. The State Defendants insist the law be enforced even though they have apparently made no efforts to enable those individuals to qualify for the Exemptions.

Therefore, at a minimum, on Counts III and IV, the One Gun Law should be enjoined until such forms and procedures are enacted.

The Moving Brief sets forth in detail why denial of the forms and procedures to obtain the Exemptions is a violation of the Due Process Clause of the Fourteenth Amendment.

Beyond that, however, it is well settled that state-created liberty and property interests are protected by the Fourteenth

10

Amendment. Mills v. Rogers, 457 U.S. 291, 300 (1982) ("state-created liberty interests are entitled to the protection of the federal Due Process Clause"); Paul v. Davis, 424 U.S. 693, 710-11 (1976).

Further, the mere existence of state law procedures to challenge the inability to obtain the Exemption does not defeat the Due Process claim. Such an argument would render any alleged Due Process violation invalid since one could always sue in state court.

In fact, "exhaustion of state administrative remedies should not be required as a prerequisite to bringing an action pursuant to § 1983." Patsy v. Board of Regents of the State of Florida, 457 U.S. 496, 516 (1982). Moreover, "federal courts have a strict duty to exercise the jurisdiction that is conferred upon them by Congress." Quackenbush v. Allstate Insurance Co., 517 U.S. 706, 716 (1996); Ryan v. Johnson, 115 F.3d 193, 195 (3rd Cir. 1997).

Accordingly, because the foregoing constitutes a clear Due Process violation, until such time as the State Police actually get around to promulgating forms and procedures for individuals to obtain the Exemptions, the One Gun Law should be enjoined, and therefore the motion to dismiss should be denied. Although there are other ample reasons to enjoin the One Gun Law

11

permanently, the failure of the State Police to timely implement

forms and procedures for the Exemptions warrants, at minimum,

enjoining the One Gun Law until they enact such forms and

procedures.

> 3.    The   Eleven th  Amendment  Does   Not
>       Bar  Plaintiffs'  Claims  in  Counts
>       VII    and    VIII    against    the
>       Municipalities

Counts VII and VIII are asserted against the municipal

defendants and allege that they have violated N.J.A.C. 13:54-

1.4(h) in that they are refusing to process applications for

multiple permits.    The State Defendants' only argument in

opposition to Counts VII and VIII is their invocation of

Pennhurst.  Yet, it is well settled that municipalities do not

enjoy Eleventh Amendment protection.   Board of Trustees of the

University of Alabama v. Garrett, 531 U.S. 356 (2001).

Therefore, in view of the foregoing, Plaintiffs have

demonstrated more than a reasonable likelihood of success on the

merits, and permanent injunctive and declaratory relief should

be granted enjoining the enforcement of the One Gun Law.

> B.    Plaintiffs Will Suffer Irreparable Harm
>       if Preliminary Injunctive Relief is not
>       Granted

In their Moving Brief, Plaintiffs set forth in detail the

ways in which denial of the procedural and substantive

12

Constitutional rights constitutes irreparable harm. The State Defendants' only argument in opposition is to deny that the State Defendants' conduct is a violation of such rights. That is, they assert the very same arguments they assert as to likelihood of success on the merits. They concede that the harm is irreparable. They simply argue that the rights are not being violated.

Thus, since Plaintiffs have demonstrated a likelihood of success on the merits, the Court should also necessarily conclude that Plaintiffs have demonstrated irreparable harm, since the State Defendants have advanced no independent argument in that regard.

Accordingly, Plaintiffs are entitled to injunctive and declaratory relief enjoining the enforcement of the One Gun Law.

> C. **The Constitutional Harm from Denying Injunctive Relief is not Outweighed by any Harm to Defendants or to the Public**

The State Defendants attempt to argue that enjoining the One Gun Law will result in greater harm to the public. Specifically, State Defendants' first contention is that "the public interest is never advanced by the enjoinment of a legislative enactment whose constitutionality is sound." But again, this is merely a rehash of their argument on likelihood

13

of success. Thus, as with irreparable harm, they concede that if the Constitutional claims are valid, the alleged harm to the public does not outweigh the harm of violating Plaintiffs' Constitutional rights.

Accordingly, because Plaintiffs have shown a likelihood of success on the merits, the Court should also necessarily find that there is no harm from granting the injunctive relief that outweighs the Constitutional harm from denying such relief.

Further, it is essentially Defendants' position that the State may pursue whatever public safety goals it wishes without regard to Constitutional constraints. This is utterly untenable. Even if the State is convinced that the One Gun Law will address alleged straw purchasing, it is required to approach the issue in a Constitutional manner.[2]

Further, the State Defendants ignore the crucial fact that even if an injunction is granted, it is entirely within their power to fix the conflict with federal law by amending the statute, which the Legislature can readily do.

---

[2] Though not directly relevant to this matter's disposition, advocates of the One Gun Law claimed that the legislation would address illegal gun trafficking by making it more difficult for criminals to buy handguns in bulk. Opponents argued that traffickers already circumvent New Jersey's strict permitting process, and, therefore, the law would have no impact on illegal gun trafficking. The first state to enact such a law in 1975, South Carolina, repealed the law after 29 years of experience.

14

Additionally, the Constitutional problems created by the failure of the State Defendants to issue appropriate forms and procedures for obtaining the Exemptions are easily remedied by simply promulgating the procedures and forms. They can hardly complain of any harm from an injunction when the need for the injunction is created by their own dilatory conduct and is entirely within their own control.

Finally, there is no public safety concern at all from requiring municipalities to issue multiple permits as provided by law. The One Gun Law still limits the number of transactions to one handgun per month, so requiring municipalities to comply with existing permitting law by allowing applicants to obtain more than one permit at a time will not in any way impair the One Gun Law.

## CONCLUSION

In view of the foregoing, Plaintiffs respectfully request that the Court grant permanent injunctive and declaratory relief.

> FARER FERSKO,
> A Professional Association
> Attorneys for Plaintiffs
>
> By: /s/ Daniel L. Schmutter
> Daniel L. Schmutter

Dated: April 6, 2010

15