UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack

_____

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | Honorable Joel A. Pisano, U.S.D.J. |
| | Civil Action No.: 3:10-cv-271 (JAP-TJB) |
| Plaintiffs, | |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-535, | |
| Defendants. | |

_____

_____

**LETTER BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO
<u>FED. R. CIV. P.</u> 12(B)(1), 12(b)(6), 12(h)(3), AND IN OPPOSITION TO
PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**
_____

On the Brief:
Craig M. Pogosky, Esq.

Statement of Facts & Procedural History

Plaintiffs, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop's (collectively refined to as "Plaintiffs"), filed a complaint on or about January 17, 2010. The complaint did not name the City of Hackensack as a party. On February 3, 2010, the plaintiff filed a Motion for a Preliminary Injunction seeking to enjoin the restricting of permits issued for the purchase, sale or transfer of handguns within a thirty day period, the number of permits that may be applied for and received at one time and other relief.

On or about February 27, 2010, a Motion to Dismiss for Lack of Prosecution was filed by Defendant, Township of Washington. On that date, Defendant, Governor of the State of New Jersey, the Attorney General of the State of New Jersey and the Superintendant of the New Jersey Division of the State Police (collectively the "State Defendants"), filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ.P. 12(b)(1) and 12(b)(6).

On March 1, 2010, the State Defendants filed their opposition to the plaintiffs' Motion for Preliminary Injunction. The City of Hackensack was not a party to the litigation at that time.

On or about March 10, 2010, Plaintiffs filed an Amended Complaint naming the City of Hackensack as a Defendant. The Amended Complaint refers to the City of Hackensack only in Counts 7 & 8. These counts allege violations of N.J.A.C. 13:54-1.4(h). Count 7 seeks a preliminary and permanent

injunction enjoining Defendant from restricting the number of handgun purchase permits an applicant may apply for at one time and the number of handgun purchase permits a licensing authority may issue at one time (Count 7, ¶ 95). and Count 8 seeks declaratory relief, declaring the City's actions are violative of N.J.A.C. 13:54-1.4(h).  Here, plaintiffs ask the court to enjoin defendants from restricting the number of permits an applicant may apply for and restricting the number of permits a licensing authority will issue at one time (Count 7, ¶ 97), and award reasonable attorneys fees and costs pursuant to U.S.C § 1988 and N.J.S.A. 10:6-2(f). Specifically, plaintiffs allege that on February 23, 2010, plaintiff Furio applied for three handgun purchase permits at the Hackensack Police Department (¶ 81) He was informed that the Department had conflicting information from the State Police regarding the issuance of more that one permit per month and that it would not issue more than one per month and that it would not issue more than one permit per month until it received direction from that State Police. (¶ 83-84).

Upon relief, the plaintiffs have not re-filed their motion for preliminary injunctive relief as against the City of Hackensack.

# LEGAL ARGUMENT

OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF

I.      Defendant City of Hackensack was not a party to the action at the time of Motion for Preliminary Injunction. Plaintiff has not amended its Notice of Motion or re-filed and served same so as to name the City of Hackensack as an entity to which it seeks relief. Without such notice, it would be improper to grant such relief as it applies to the City.

II.     To the extent that the Court considers the matter of injunctive relief as against the City of Hackensack, the City requests that this opposition be considered timely submitted <u>nunc pro tunc.</u> To that extent, the City of Hackensack incorporates by reference the arguments advanced by the State Defendants in their Brief in opposition to plaintiffs Motion for Injunctive Relief (DDE#11), Notice of Motion and Brief in Support of Motion to Dismiss the Complaint (DDE #10) and Reply Brief in Support of Motion to Dismiss the original and Amended Complaints (DDE #29).

The relief requested should be denied as being moot.

A case is ordinarily considered "moot" and hence nonjusticiable if issues presented are no longer "live" or parties lack a legally cognizable interest in the outcome. <u>Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A.,</u> 947 F.2d. 49 (3rd Cir. 1991). Following receipt of the Amended

Complaint on or about Friday, March 12, 2010 the City Attorney met with members of the Hackensack Police Department and by Tuesday, March 16, 2010 had instituted new procedures whereby applications for multiple permits could be made. (See certification of Joseph C. Zisa, Esq.)[1]

Thus, there is no remaining issues before the Court as between the City and Plaintiffs that require the issuance of an injunction, and the Motion for an injunction, to the extent it applies to the City, should be denied.

---

[1] As of April 6, 2010, the New Jersey State Police has made Application for Multiple Handgun Purchase Exemption forms available on it's website, www.njsp.org/info/forms.html#firearms

5

MOTION TO DISMISS

I.     The Complaint against the City of Hackensack should be dismissed for lack of jurisdiction and failure to state a claim pursuant to Rules 12(b)(1), 12(b)(6) and 12(h)(3).

The City of Hackensack incorporates by reference herein the arguments of the State Defendants advanced in their Brief in Support of their Motion to Dismiss (DDE #10), and Reply Brief (DDE # 29).

Counts Seven and Eight of the Amended Complaint are directed at this Defendant. In Count Seven, Plaintiff Furio alleges that he applied for three handgun purchase permits on February 23, 2010 at the Hackensack Police Department (¶ 81 Amended Complaint, DDE # 14). Plaintiff does not allege that he was denied the ability to apply for three permits. Even if same was the case, the conduct of the Police is alleged to have violated N.J.A.C. 13:54-1.4(h), which is a state law claim.

Plaintiffs in their Amended Complaint against the City seek an injunction preventing a restriction on numbers of permits being applied for at one time.    As indicated *supra*, after receiving the Amended Complaint, the City Attorney reviewed its application process with the appropriate police officers forthwith and insured that applications for multiple permits are accepted. Accordingly, there is no basis for the Court to Order injunctive relief in this situation.   The relief sought is moot. As the Supreme Court indicated in Aetna Life Ins. Co. v. Haworth,

6

57 S.Ct 461, 300 US 227, 239, 81 L.Ed. 617(1937), a Court may not "sit to decide questions in a vacuum".

The City is in no different position than, Clinton Township, Glassboro, and Rockaway Township, referenced in the certifications of Richard Gajda, Robert Viden and Scott Bach, President of the Association of NJ Rifle and Pistol Clubs, Inc., filed in support of the Plaintiffs' application for an injunction. In those instances, the towns took corrective action to permit applications for multiple permits. Interestingly, those towns are not parties to the present litigation.  No judicial relief was sought as to those entities and undoubtedly, the matter was moot as to them as well.

Even if not moot, Count 7 & 8 should be dismissed for the reasons set forth by the State Defendants. Plaintiffs' claims for relief are solely redressable in State Courts.

For the foregoing reasons, the matter must be dismissed pursuant to FRCP 12(b)(1), 12(b)(6) and 12(h)(3).

Respectfully Submitted,<br>
ZISA & HITSCHERICH, ESQS.<br><br>
/s Craig M. Pogosky<br>
By: _____<br>
CRAIG M. POGOSKY, ESQ.

Dated April 16, 2010