# FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Henry Farer
Jack Fersko
David B. Farer
Richard J. Ericsson
Ann M. Waeger
Jay A. Jaffe
John J. Reilly*
Daniel L. Schmutter
Susan C. Karp
Marcie R. Horowitz
John H. Hague
Regina E. Schneller

Counsel
Anthony Giountikos
Maura E. Blau

Keith P. McManus
Marjan F. Disler

*Certified by the Supreme
Court of New Jersey
as a Civil Trial Attorney

April 30, 2010

<u>Via ECF</u>

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 East State Street
Trenton, NJ  08608

Re:   ANJRPC, et al. v. Christopher J. Christie, Governor of New Jersey et al.
      Docket No.: 3:10-cv-00271-JAP-TJB
      Our File No.:  011901

Dear Judge Pisano:

We represent the Plaintiffs in the above-referenced matter.

Please accept this letter in response to the State Defendants' Letter Advising Court of Facts Raising Question of Mootness dated April 16, 2010 ("Mootness Letter").

The State Defendants provide two sets of facts which they allege raise questions of mootness. First they identify the recent promulgation of forms (the "Exemption Forms") by the State Police to be used to apply for the statutory exemptions (the "Exemptions") under the One Gun per Month Law ("One Gun Law"). Second they identify a letter said to be sent to municipal police chiefs (the "Permit Guidance Letter") purporting to provide guidance as to the issuance of multiple Permits to Purchase a Handgun ("Handgun Purchase Permits").

Yet nowhere in the Mootness Letter do the State Defendants provide any legal analysis or argument as to why these facts might raise a question of mootness. Rather, they merely allege facts and summarily conclude:

> This information raises a question of mootness with respect to Counts Three, Four, Five, Six, Seven, and Eight of plaintiffs' amended complaint.

Thus, the Court really has no record before it upon which it could make a determination as to mootness. Any action in this regard would require a motion by State Defendants and the opportunity for Plaintiffs to be fully heard.

The facts the State Defendants allege do not demonstrate mootness, and to assist the Court in this regard, Plaintiffs provide the following informal discussion. This

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page 2

is not intended as a substitute for a full brief of the issue. Rather, it is intended to demonstrate that any dismissal of one or more Counts of the Amended Complaint on the ground of mootness would require a full record with briefs and affidavits.

### Counts One and Two

As an initial matter, Plaintiffs note that the Mootness Letter addresses only Counts 3 through 8. There is nothing in the Mootness Letter as to Counts 1 and 2 (which allege that the One Gun Law is preempted by federal law and therefore must be struck down in its entirety). Plaintiffs' motion seeking injunctive relief is fully briefed and ready for oral argument on May 25, 2010, and there is nothing in the Mootness Letter that should prevent the expeditious disposition of that motion, at least as to Counts 1 and 2.

Further, since there are no issues of fact raised by Defendants in their papers, Counts 1 and 2, at least, are ripe for final disposition. Thus, granting permanent injunctive and declaratory relief as to Counts 1 and 2 would be dispositive of the entire case (except for statutory counsel fee claims). Therefore, the expeditious resolution of Plaintiffs' pending motion as to Counts 1 and 2 would obviate resolution of the mootness allegations.

### The Exemption Forms

Presumably, State Defendants' discussion of the Exemption Forms is intended to raise a question of mootness as to Counts 3 through 6, which allege that the failure of the State Police to have promulgated such forms violated the Due Process provisions of the Fourteenth Amendment and the New Jersey Constitution by depriving Plaintiffs of the ability to enjoy the exemptions specifically provided them by the New Jersey Legislature.

However, the promulgation of the Exemption Forms does not render Counts 3 through 6 moot, because the Exemption Forms, as written, in fact render the Exemptions a nullity. Rather than facilitating the process of obtaining Exemptions for qualified persons, the Exemption Forms act as a block, making it nearly impossible for such persons to obtain and make use of Exemptions except in the rarest possible circumstances. The Exemption Forms accordingly fail to perform the function for which they exist. The Exemption Forms are fatally defective and the promulgation of such forms has actually made Plaintiffs' Due Process claims _stronger._ Instead of having no forms, Plaintiffs now have useless forms. At least before the forms were promulgated, State Defendants could (and did) try to argue that they should have a reasonable period of

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page 3

time to prepare such forms. Now that they have promulgated forms which fail to accomplish the express intent of the Legislature, State Defendants have cemented the Due Process claims in place. To put it simply, fundamentally flawed forms are worse than no forms at all.

Accordingly, Plaintiffs need only (and intend to) seek leave to amend Counts 3 through 6 in order to allege the new facts which support those Counts. The claims remain. The only things that have changed are the facts that give rise to those claims.

### The Permit Guidance Letter

The State Defendants also point to the Permit Guidance Letter as a fact that raises a question of mootness. Presumably (although not articulated) this aspect of the Mootness Letter is directed at Counts 7 and 8, which allege that various municipalities, including but not limited to the municipal defendants herein, are unlawfully restricting Handgun Purchase Permits to one per 30 days. As Plaintiffs have argued, the One Gun Law does not allow this, and in fact, this practice is explicitly prohibited under existing law. Presumably, the State Defendants are suggesting that, because the Permit Guidance Letter advises municipal police chiefs that they may not restrict the number Handgun Purchase Permits issued, therefore Counts 7 and 8 are moot. This is incorrect.

First, the State Defendants have provided the Court with nothing to indicate whether or not municipalities are actually complying with or will comply with the Permit Guidance Letter. And even if most will, that does not guarantee that all will. At least one Defendant in this case, Little Egg Harbor, has given no indication one way or another as to what its intentions are on this issue. Further, Plaintiffs have reason to believe that at least one large municipality may intend to defy or may actually be defying the guidance set forth in the Permit Letter, and the Plaintiffs may be seeking leave to amend on that basis as well.

Accordingly, while it was not inappropriate for the State Defendants to advise the Court and counsel of the information set forth in the Mootness Letter, the informal letter-writing process does not provide an appropriate record for treatment of issues that may be raised, or Court action in that regard. If the State Defendants move to dismiss on the basis of mootness, Plaintiffs will vigorously oppose such a motion and should have an opportunity to fully brief the issue.

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Honorable Joel A. Pisano, U.S.D.J.
April 30, 2010

Page 4

Thank you for your attention in this regard.

Respectfully submitted,

Daniel L. Schmutter
DLS:amh

cc: Larry Etzweiler, Esq. (Via ECF)
    Joseph C. Zisa, Esq. (Via ECF)
    Michael Gilmore, Esq. (Via Fax and Regular Mail)