May 4, 2010

<u>Via ECF</u>

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building
  and U.S. Courthouse
402 E. State Street
Trenton, NJ  08608

Re:  ANJRPC, <u>et</u> <u>al.</u>  v. Christopher J. Christie,
     Governor of New Jersey <u>et</u> <u>al.</u>
     Docket No.: 3:10-cv-00271-JAP-TJB
     Our File No.:  011901

**LETTER MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT CITY OF HACKENSACK'S MOTION TO DISMISS**

Dear Judge Pisano:

Please accept this letter memorandum of law in lieu of a more formal brief in opposition to the Motion to Dismiss filed by Defendant City of Hackensack ("Hackensack") on April 16, 2010 and returnable on May 17, 2010.

**PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF**

Hackensack seeks an Order dismissing Plaintiffs' Amended Complaint as against Hackensack pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(6) and 12(h)(3); however, it also seeks to use its motion papers to file untimely opposition to Plaintiffs' motion for

1

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   2

injunctive relief.   As set forth in the letter to the
Court dated April 29, 2010, this opposition is grossly
untimely, as Hackensack's opposition was due on March 22,
2010 and Plaintiffs' reply has already been filed and oral
argument scheduled.   The Court should not permit such a
late filed opposition.

Nevertheless, should the Court determine to consider
Hackensack's papers, Plaintiffs argue as follows.

### A. Plaintiffs' Motion for Injunctive Relief Applies to Hackensack

Hackensack   attempts   to   claim   that   Plaintiffs'
Preliminary Injunction Motion should not be applied as
against Hackensack because Plaintiffs never refiled and
served it on Hackensack.   This argument is without merit.
First, Hackensack cites no authority for the proposition
that a motion must be refiled in order to be applicable to
a  party  added  to  the  case  by  amendment.   In  fact,
Plaintiffs did timely serve its motion papers along with
the Amended Complaint and the Amended Proposed Form of
Order   which   included   Hackensack   in   the   caption   (see

2

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   3

Certification of Service, DDE#20).   There is no merit to

the proposition that Hackensack did not have notice of

Plaintiffs' pending motion.

**B. Hackensack Has Not Shown That it is Complying or Will Continue to Comply with N.J.A.C. 13:54-1.4(h) once Plaintiffs' Complaint is Dismissed and has Therefore Failed to Prove that Counts VII and VIII of Plaintiffs' Amended Complaint are Moot.**

Hackensack tries to imply (without actually saying

it) that it is in full compliance with N.J.A.C. 13:54-

1.4(h) and thus Plaintiffs' motion (along with the Amended

Complaint) is moot.   However, although Hackensack claims

that it has changed its procedures to allow the

application for multiple Handgun Purchase Permits

("Permits") in one month, Hackensack fails to provide any

evidence to prove that these procedures actually exist,

although it could have easily provided documents to

illustrate the existence of such procedures as an exhibit

to the Certification of Joseph Zisa, Jr.   Instead of

providing the Court with a specific description of its

3

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   4

corrective procedures, Hackensack makes a general
statement that it has changed its application process to
"insure that applications for multiple permits are
accepted." This is hardly a clear showing of new
procedures sufficient to sustain Hackensack's burden in
these motions.

    Further, throughout the brief, Hackensack's argument
only addresses the ability to apply for multiple permits
in one month.    Nowhere in Hackensack's brief does
Hackensack address the issuance of more than one permit
per month.    This is especially suspect in light of
Hackensack's citation to the Application for Multiple
Handgun Purchase Exemption forms that are now online.[1]
These forms are for applicants who qualify under the
exemptions to New Jersey's One Gun Law and have nothing to
do with all other applicants who are entitled pursuant to
N.J.A.C. 13:54-1.4(h) to apply for and obtain multiple

---

[1] In its brief, Hackensack drops a footnote which refers
to the availability of the Application for Multiple
Handgun Purchase Exemption forms online.

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   5

permits at one time.  Thus, Hackensack has left it
entirely ambiguous in the record as to whether it intends
to issue multiple permits only to those applicants who
obtain one of the Exemptions or to every applicant as
required by N.J.A.C. 13:54-1.4(h).

Further, Hackensack has refused to enter into any
binding resolution of these claims, by way of consent
order or otherwise.[2]  This reluctance raises the question
if the claims were truly moot, why would Hackensack refuse
to proceed with a consent judgment and instead file a
motion to dismiss?

Indeed, Hackensack could have followed the actions
taken by Washington Township, another named defendant who
changed its procedures after Plaintiffs filed suit.
Washington Township acknowledged its correction through a
Stipulation and Order.  It is suspicious that Hackensack
refuses to submit to a similar stipulation when, by its

---

[2] This stands in stark contrast to Washington Township,
which entered into a Stipulation of Settlement which was
"So Ordered" by the Court.  (See DDE#31.)

5

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   6

own suggestion in its papers, it claims to have acquiesced
to Plaintiffs' position.

Hackensack's oddly ambiguous statements cry out for a
more in-depth look.  Plaintiffs' motion for injunctive
relief is not moot as to Hackensack and should be granted.


### HACKENSACK'S MOTION TO DISMISS

#### A. Hackensack    Relies    on    the    State Defendants' Motion

Initially,  in  its  motion  to  dismiss,  Hackensack
incorporates  by  reference  the  arguments  of  the  State
Defendants  in  their  motion  to  dismiss.   Accordingly,
Plaintiffs   incorporate   the   arguments   asserted   in
Plaintiffs' Brief in Opposition to the State Defendants'
Motion to Dismiss as well as Plaintiffs' brief in Reply to
State Defendants' opposition to Plaintiffs' preliminary
injunction motion.  Plaintiffs supplement the arguments
contained in the above-mentioned briefs with the arguments
set forth below.

6

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   7

### B. Counts VII and VIII are not Moot on the Substantive Claims

Hackensack asserts the same mootness argument in its motion to dismiss as in its untimely opposition to Plaintiffs' motion for injunctive relief.  Accordingly, Plaintiffs incorporate their arguments set forth above herein in their entirety.

### C. Plaintiffs' Amended Complaint Cannot Be Dismissed as to Hackensack Because Plaintiffs Have a Statutory Claim for Counsel Fees

Even if the Court concludes that the substantive claims in Counts VII and VIII of the Amended Complaint are moot, those counts also seek from Hackensack counsel fees and costs pursuant to 42 U.S.C. §1988 and N.J.S. 10:6-2(f), and therefore dismissal in not warranted.  42 U.S.C. §1988, the Civil Rights Attorney's Fees Awards Act of 1976, provides that in a federal civil rights action brought under §1983, "the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs."

7

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   8

Similarly, the New Jersey counterpart of §1988, Section 10:6-2(f) of the New Jersey Civil Rights Act, provides: "In addition to any damages, civil penalty, injunction or other appropriate relief awarded in an action brought pursuant to subsection c. of this section, the court may award the prevailing party reasonable attorney's fees and costs."

The United States Supreme Court has held that "a prevailing plaintiff 'should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust.'" Hensley v. Eckerhart, 461 U.S. 424 citing S.Rep. No. 94-1011, p. 4 (1976).

Under applicable law and precedent, Plaintiffs should be deemed a statutory "prevailing party" because it was the filing of their Complaint that compelled Hackensack to allegedly comply with N.J.A.C. 13:54-1.4(h).  It does not matter that Hackensack's concession is not a result of formal adjudication.

In Stanford Daily v. Zurcher, 64 F.R.D. 680, 684 (ND Cal. 1974), aff'd, 550 F.2d 464 (CA.9. 1977), rev'd on

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   9

other grounds, 436 U.S. 547 (1978), the plaintiffs
obtained a declaratory judgment and moved for a
preliminary injunction to prevent defendants from
violating the judgment.   Defendants promised not to
violate the judgment and the court denied plaintiffs'
motion.   The District Court, however, awarded plaintiffs
attorneys fees for time spent pursuing the preliminary
injunction motion because the plaintiffs obtained "a
significant concession from defendants as a result of
their motion" and therefore "substantially advanced their
clients' interests."

    Moreover, the Court of Appeals for the Ninth Circuit
has held that "final adjudication on the merits is not a
prerequisite to recovery of attorney fees . . . if the
totality of the litigation reveals that one party
prevailed." All American Distributing Co., Inc. v. Miller
Brewing Co., 736 F.2d 530, 531 (9th Cir. 1984).   In All
American Distributing, the court defined "prevailing
party" as it was used in the Arizona Spiritious Liquor
Franchises Act.   Similar to 10:6-2(f), the Arizona statute

9

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   10

made no reference to adjudication on the merits being a prerequisite to recovering attorney fees, although, as the Ninth Circuit pointed out, "[t]he legislature easily could have so provided." Id.   The Supreme Court has held similarly, stating "nothing in the language of §1988 conditions the District Court's power to award fees on full litigation on the issues or on a judicial determination that the plaintiff's rights have been violated." Maher v. Gagne, 448 U.S. 122, 129 (1980).

Although Hackensack now contends that it will no longer deprive Plaintiffs of their rights under N.J.A.C. 13:54-1.4(h), Hackensack did not take this position until it was forced to do so by the filing of Plaintiffs' Complaint.  Moreover, the Certification of Vincent Furio confirms that Plaintiff Furio made more than one attempt to convince Hackensack to comply with the law prior to joining Hackensack in the within action, but Hackensack stubbornly refused to do so until it was served with the Amended Complaint.

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   11

    In its brief, Hackensack claims that it is in the
same position as Clinton and Rockaway Township in that it
"took corrective action to permit applications for
multiple permits."   However, Hackensack ignores the
critical distinction that these other townships took
corrective action before Plaintiffs filed suit.
Hackensack, on the other hand, continued to deny
applications for multiple permits until after it was sued
by Plaintiffs.   Hackensack takes a particularly
unreasonable position, suggesting, in essence, that it may
violate clear and unambiguous law with impunity, force
Plaintiffs to incur counsel fees to compel it to comply
with the law, and then when sued it may suddenly reverse
course without consequence.  Such a position in untenable
and is wholly inconsistent with the purpose and function
of §1988 and §10:6-2(f).

    Hackensack's position, that it need not pay counsel
fees, if given credence by this Court, would mean that
Plaintiffs could potentially have to sue each of the 566
municipalities in New Jersey to compel them to comply with

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   12

the law, and in each instance a municipality could simply
change course the day it is served.  Yet, the cost to
Plaintiff would be massive and potentially prohibitive.
This is precisely what these fee shifting statutes are
designed to prevent.

In this instance, Plaintiffs respectfully submit that
the Court should give effect to the counsel fee provisions
of §1988 and §10:6-2(f).  The very essence of these
provisions "is to ensure 'effective access to the judicial
process' for persons with civil rights grievances."
Hensley, 461 U.S. 424 citing H.R. Rep. No. 94-1558, p. 1
(1976).  Denying counsel fees would diminish the effect of
§1983 and The New Jersey Civil Rights Act because it would
permit violators such as Hackensack to ignore the law and
correct its action only after being sued, all at the
expense of plaintiffs who dare to file suit.

Honorable Joel A. Pisano, U.S.D.J.
May 4, 2010

Page   13


    For  the  foregoing  reasons,  Hackensack's  motion  to

dismiss should be denied.


Respectfully submitted,

/s/ Daniel L. Schmutter


Daniel L. Schmutter
DLS:amh


cc:  Larry Etzweiler, Esq. (Via ECF)
     Joseph C. Zisa, Esq. (Via ECF)
     Michael Gilmore, Esq. (Via Fax and Regular Mail)