## State of New Jersey

| | | |
|---|---|---|
| CHRIS CHRISTIE<br>Governor | OFFICE OF THE ATTORNEY GENERAL<br>DEPARTMENT OF LAW AND PUBLIC SAFETY<br>DIVISION OF LAW | PAULA T. DOW<br>Attorney General |
| KIM GUADAGNO<br>Lt. Governor | 25 MARKET STREET<br>PO BOX 112<br>TRENTON, NJ 08625-0112 | ROBERT M. HANNA<br>Director |

May 17, 2010

Honorable Joel A. Pisano, U.S.D.J.
Clarkson S. Fisher Federal Building & United States Courthouse
Room 341
402 East State Street
Trenton, N.J. 08608

    Re:  Association of New Jersey Rifle and Pistol
           Clubs, Inc. v. Christie
           Docket No. 3:10-cv-00271-JAP-TJB

           <u>LETTER ADVISING THE COURT OF RECENT DEVELOPMENTS</u>

(NOTE: ORAL ARGUMENT IN THIS MATTER IS SCHEDULED FOR **MAY 25, 2010**)

Dear Judge Pisano:

    I am a Senior Deputy Attorney General employed by the New Jersey Division of Law, Department of Law and Public Safety, and I am assigned to represent the State defendants - the Honorable Christopher J. Christie, Governor of the State of New Jersey; the Honorable Paula T. Dow, Attorney General of the State of New Jersey; and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police - in the above-captioned matter, in which the Court has scheduled oral argument to occur on **May 25, 2010.** By leave of Chambers, I submit this letter with two appended exhibits for the purpose of advising the Court of arguably relevant recently-occurring developments.

    Plaintiffs' initial and amended complaints faulted the State defendants' alleged tardiness in promulgating forms by which persons may seek the exemptions from the One Handgun Per Month Law



May 17, 2010<br>Page 2

that were provided in 2009 <u>N.J. Laws</u> <u>c.</u> 168 and in 2009 <u>N.J. Laws</u> <u>c.</u> 186. As part of its rebuttal, the State defendants, in three documents submitted to this Court during the course of this litigation, have noted that the statutory language of <u>c.</u> 186 clashes in form (although not in substance) with the statutory language of <u>c.</u> 168, as a consequence of which there was (at the time these documents were filed) no official statutory codification of <u>c.</u> 186, which, because of the clashing language, would need to be effected by the harmonization provisions of <u>N.J.S.A.</u> 1:3-1 (prescribing the statutory-codification procedure when the Legislature enacts statutory provisions that clash in form but not in substance with each other). <u>See</u> <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Support of Their Motion Seeking Dismissal of Complaint</u>, filed February 24, 2010, at pp. 4, 26 to 28 (DDE # 10-3 at pp. 11, 33 to 35); <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Opposition to Plaintiffs' Motion for a Preliminary Injunction</u>, filed March 1, 2010, at pp. 25 to 26 (DDE # 11 at pp. 30 to 31); <u>Reply Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Further Support of Their Motion Seeking Dismissal of the Original and the Amended Complaint</u>, filed April 6, 2010, at p. 12 n.8 (DDE # 29 at p. 16 n.8). The State defendants also noted that, despite the absence of an official codification, LexisNexis provided in its database publication of <u>N.J.S.A.</u> 2C:58-3(i) an unofficial codification of <u>c.</u> 186 that resolved the clash, but did so in a manner that the State defendants predicted would not survive the official codification. <u>Brief on Behalf of the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, Defendants in this Action, in Support of Their Motion Seeking Dismissal of Complaint</u>, <u>supra</u> at p. 27 n.5 (DDE # 10-3 at p. 34 n.5).

The purpose of this letter is to apprize the Court that, in accordance with <u>N.J.S.A.</u> 1:3-1, on April 28, 2010, the Legislative Counsel of the Office of Legislative Services proposed a harmonization of <u>c.</u> 168 with <u>c.</u> 186; and that on May 7, 2010, the Attorney General concurred in that proposal. I attach hereto as Exhibit 1 a copy of the <u>Reconciliation of Conflicting Amendments</u> that includes the signatures of the Legislative Counsel and of the Attorney General; and as Exhibit 2 a copy of the official,

May 17, 2010<br>
Page 3

harmonized codification of the statute that the Legislative Counsel proposed and with which the Attorney General concurred.

    I note as well that, as the State defendants predicted, the official codification of N.J.S.A. 2C:58-3(i) differs from the unofficial codification that LexisNexis published in its database. That is, as the State defendants predicted, the official codification places the rule of construction effected by c. 168, § 2, after (rather than before) the c. 186 exemptions, which are placed at the end of all of the N.J.S.A. 2C:58-3(i) exemptions, thus manifesting the Legislature's intent to apply this rule of construction to all of the exemptions in N.J.S.A. 2C:58-3(i).

                                      Sincerely yours,

                                      PAULA T. DOW
                                      ATTORNEY GENERAL OF NEW JERSEY
                                      Attorney for the State defendants

                            By:    /s/ Larry R. Etzweiler
                                      Larry R. Etzweiler
                                      Senior Deputy Attorney General

c:   Daniel L. Schmutter, Esq. (by e-filing)
     Paula J. DeBona, Esq. (by e-filing)
     Michael J. Gilmore, Esq. (by regular mail and e-mail addressed to
         mjg@gm-law.net)
     Craig M. Pogosky, Esq. (by e-filing)