# CHAPTER 186

**An Act** concerning handgun sales and purchases, amending N.J.S.2C:58-2, N.J.S.2C:58-3 and N.J.S.2C:39-10 and supplementing Title 2C of the New Jersey Statutes.

**Be It Enacted** *by the Senate and General Assembly of the State of New Jersey:*

1. N.J.S.2C:58-2 is amended to read as follows:

Retailing of firearms; licensing of dealers and their employees.

2C:58-2. a. Licensing of retail dealers and their employees. No retail dealer of firearms nor any employee of a retail dealer shall sell or expose for sale, or possess with the intent of selling, any firearm unless licensed to do so as hereinafter provided. The superintendent shall prescribe standards and qualifications for retail dealers of firearms and their employees for the protection of the public safety, health and welfare.

Applications shall be made in the form prescribed by the superintendent, accompanied by a fee of $50 payable to the superintendent, and shall be made to a judge of the Superior Court in the county where the applicant maintains his place of business. The judge shall grant a license to an applicant if he finds that the applicant meets the standards and qualifications established by the superintendent and that the applicant can be permitted to engage in business as a retail dealer of firearms or employee thereof without any danger to the public safety, health and welfare. Each license shall be valid for a period of three years from the date of issuance, and shall authorize the holder to sell firearms at retail in a specified municipality.

In addition, every retail dealer shall pay a fee of $5 for each employee actively engaged in the sale or purchase of firearms. The superintendent shall issue a license for each employee for whom said fee has been paid, which license shall be valid for so long as the employee remains in the employ of said retail dealer.

No license shall be granted to any retail dealer under the age of 21 years or to any employee of a retail dealer under the age of 18 or to any person who could not qualify to obtain a permit to purchase a handgun or a firearms purchaser identification card, or to any corporation, partnership or other business organization in which the actual or equitable controlling interest is held or possessed by such an ineligible person.

All licenses shall be granted subject to the following conditions, for breach of any of which the license shall be subject to revocation on the application of any law enforcement officer and after notice and hearing by the issuing court:

(1) The business shall be carried on only in the building or buildings designated in the license, provided that repairs may be made by the dealer or his employees outside of such premises.

(2) The license or a copy certified by the issuing authority shall be displayed at all times in a conspicuous place on the business premises where it can be easily read.

(3) No firearm or imitation thereof shall be placed in any window or in any other part of the

premises where it can be readily seen from the outside.

(4) No rifle or shotgun, except antique rifles or shotguns, shall be delivered to any person unless such person possesses and exhibits a valid firearms purchaser identification card and furnishes the seller, on the form prescribed by the superintendent, a certification signed by him setting forth his name, permanent address, firearms purchaser identification card number and such other information as the superintendent may by rule or regulation require. The certification shall be retained by the dealer and shall be made available for inspection by any law enforcement officer at any reasonable time.

(5) No handgun shall be delivered to any person unless:

(a) Such person possesses and exhibits a valid permit to purchase a firearm and at least seven days have elapsed since the date of application for the permit;

(b) The person is personally known to the seller or presents evidence of his identity;

(c) The handgun is unloaded and securely wrapped;

(d) Except as otherwise provided in subparagraph (e) of this paragraph, the handgun is accompanied by a trigger lock or a locked case, gun box, container or other secure facility; provided, however, this provision shall not apply to antique handguns. The exemption afforded under this subparagraph for antique handguns shall be narrowly construed, limited solely to the requirements set forth herein and shall not be deemed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes; and

(e) On and after the first day of the sixth month following the date on which the list of personalized handguns is prepared and delivered pursuant to section 3 of P.L.2002, c.130 (C.2C:58-2.4), the handgun is identified as a personalized handgun and included on that list or is an antique handgun. The provisions of subparagraph (d) of this section shall not apply to the delivery of a personalized handgun.

(6) The dealer shall keep a true record of every handgun sold, given or otherwise delivered or disposed of, in accordance with the provisions of subsections b. through e. of this section and the record shall note whether a trigger lock, locked case, gun box, container or other secure facility was delivered along with the handgun.

(7) A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period. This limitation shall not apply to:

(a) a federal, State, or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

(b) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921 (a) (13) who has in his possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

(c) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers;

(d) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

(e) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

b. Records. Every person engaged in the retail business of selling, leasing or otherwise transferring a handgun, as a retail dealer or otherwise, shall keep a register in which shall be entered the time of the sale, lease or other transfer, the date thereof, the name, age, date of birth, complexion, occupation, residence and a physical description including distinguishing physical characteristics, if any, of the purchaser, lessee or transferee, the name and permanent home address of the person making the sale, lease or transfer, the place of the transaction, and the make, model, manufacturer's number, caliber and other marks of identification on such handgun and such other information as the superintendent shall deem necessary for the proper enforcement of this chapter. The register shall be retained by the dealer and shall be made available at all reasonable hours for inspection by any law enforcement officer.

c. Forms of register. The superintendent shall prepare the form of the register as described in subsection b. of this section and furnish the same in triplicate to each person licensed to be engaged in the business of selling, leasing or otherwise transferring firearms.

d. Signatures in register. The purchaser, lessee or transferee of any handgun shall sign, and the dealer shall require him to sign his name to the register, in triplicate, and the person making the sale, lease or transfer shall affix his name, in triplicate, as a witness to the signature. The signatures shall constitute a representation of the accuracy of the information contained in the register.

e. Copies of register entries; delivery to chief of police or county clerk. Within five days of the date of the sale, assignment or transfer, the dealer shall deliver or mail by certified mail, return receipt requested, legible copies of the register forms to the office of the chief of police of the municipality in which the purchaser resides, or to the office of the captain of the precinct of the municipality in which the purchaser resides, and to the superintendent. If hand delivered a receipt shall be given to the dealer therefor.

Where a sale, assignment or transfer is made to a purchaser who resides in a municipality having no chief of police, the dealer shall, within five days of the transaction, mail a duplicate copy of the register sheet to the clerk of the county within which the purchaser resides.

2. N.J.S.2C:58-3 is amended to read as follows:

Purchase of firearms.

2C:58-3. a. Permit to purchase a handgun. No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

b. Firearms purchaser identification card. No person shall sell, give, transfer, assign or otherwise dispose of nor receive, purchase or otherwise acquire an antique cannon or a rifle or shotgun, other than an antique rifle or shotgun, unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or possesses a valid firearms purchaser identification card, and first exhibits said card to the seller, donor, transferor or assignor, and unless the purchaser, assignee, donee, receiver or holder signs a written certification, on a form prescribed by the superintendent, which shall indicate that he presently complies with the requirements of subsection c. of this section and shall contain his name, address and firearms purchaser identification card number or dealer's registration number. The said certification shall be retained by the seller, as provided in paragraph (4) of subsection a. of N.J.S.2C:58-2, or, in the case of a person who is not a dealer, it may be filed with the chief of police of the municipality in which he resides or with the superintendent.

c. Who may obtain. No person of good character and good repute in the community in which he lives, and who is not subject to any of the disabilities set forth in this section or other sections of this chapter, shall be denied a permit to purchase a handgun or a firearms purchaser identification card, except as hereinafter set forth. No handgun purchase permit or firearms purchaser identification card shall be issued:

(1) To any person who has been convicted of any crime, or a disorderly persons offense involving an act of domestic violence as defined in section 3 of P.L.1991, c.261 (C.2C:25-19), whether or not armed with or possessing a weapon at the time of such offense;

(2) To any drug dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), to any person who is confined for a mental disorder to a hospital, mental institution or sanitarium, or to any person who is presently an habitual drunkard;

(3) To any person who suffers from a physical defect or disease which would make it unsafe for him to handle firearms, to any person who has ever been confined for a mental disorder, or to any alcoholic unless any of the foregoing persons produces a certificate of a medical doctor or psychiatrist licensed in New Jersey, or other satisfactory proof, that he is no longer suffering from that particular disability in such a manner that would interfere with or handicap him in the handling of firearms; to any person who knowingly falsifies any information on the application form for a handgun purchase permit or firearms purchaser identification card;

(4) To any person under the age of 18 years for a firearms purchaser identification card and to any person under the age of 21 years for a permit to purchase a handgun;

(5) To any person where the issuance would not be in the interest of the public health, safety or welfare;

(6) To any person who is subject to a restraining order issued pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm;

(7) To any person who as a juvenile was adjudicated delinquent for an offense which, if committed by an adult, would constitute a crime and the offense involved the unlawful use or possession of a weapon, explosive or destructive device or is enumerated in subsection d. of section 2 of P.L.1997, c.117 (C.2C:43-7.2); or

(8) To any person whose firearm is seized pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) and whose firearm has not been returned.

d. Issuance. The chief of police of an organized full-time police department of the municipality where the applicant resides or the superintendent, in all other cases, shall upon application, issue to any person qualified under the provisions of subsection c. of this section a permit to purchase a handgun or a firearms purchaser identification card.

Any person aggrieved by the denial of a permit or identification card may request a hearing in the Superior Court of the county in which he resides if he is a resident of New Jersey or in the Superior Court of the county in which his application was filed if he is a nonresident. The request for a hearing shall be made in writing within 30 days of the denial of the application for a permit or identification card. The applicant shall serve a copy of his request for a hearing upon the chief of police of the municipality in which he resides, if he is a resident of New Jersey, and upon the superintendent in all cases. The hearing shall be held and a record made thereof within 30 days of the receipt of the application for such hearing by the judge of the Superior Court. No formal pleading and no filing fee shall be required as a preliminary to such hearing. Appeals from the results of such hearing shall be in accordance with law.

e. Applications. Applications for permits to purchase a handgun and for firearms purchaser identification cards shall be in the form prescribed by the superintendent and shall set forth the name, residence, place of business, age, date of birth, occupation, sex and physical description, including distinguishing physical characteristics, if any, of the applicant, and shall state whether the applicant is a citizen, whether he is an alcoholic, habitual drunkard, drug dependent person as defined in section 2 of P.L.1970, c.226 (C.24:21-2), whether he has ever been confined or committed to a mental institution or hospital for treatment or observation of a mental or psychiatric condition on a temporary, interim or permanent basis, giving the name and location of the institution or hospital and the dates of such confinement or commitment, whether he has been attended, treated or observed by any doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition, giving the name and location of the doctor, psychiatrist, hospital or institution and the dates of such occurrence, whether he presently or ever has been a member of any organization which advocates or approves the commission of acts of force and violence to overthrow the Government of the United States or of this State, or which seeks to deny others their rights under the Constitution of either the United States or the State of New Jersey, whether he has ever been convicted of a crime or disorderly persons offense, whether the person is subject to a restraining order issued

pursuant to the "Prevention of Domestic Violence Act of 1991," P.L.1991, c.261 (C.2C:25-17 et seq.) prohibiting the person from possessing any firearm, and such other information as the superintendent shall deem necessary for the proper enforcement of this chapter. For the purpose of complying with this subsection, the applicant shall waive any statutory or other right of confidentiality relating to institutional confinement. The application shall be signed by the applicant and shall contain as references the names and addresses of two reputable citizens personally acquainted with him.

Application blanks shall be obtainable from the superintendent, from any other officer authorized to grant such permit or identification card, and from licensed retail dealers.

The chief police officer or the superintendent shall obtain the fingerprints of the applicant and shall have them compared with any and all records of fingerprints in the municipality and county in which the applicant resides and also the records of the State Bureau of Identification and the Federal Bureau of Investigation, provided that an applicant for a handgun purchase permit who possesses a valid firearms purchaser identification card, or who has previously obtained a handgun purchase permit from the same licensing authority for which he was previously fingerprinted, and who provides other reasonably satisfactory proof of his identity, need not be fingerprinted again; however, the chief police officer or the superintendent shall proceed to investigate the application to determine whether or not the applicant has become subject to any of the disabilities set forth in this chapter.

f. Granting of permit or identification card; fee; term; renewal; revocation. The application for the permit to purchase a handgun together with a fee of $2, or the application for the firearms purchaser identification card together with a fee of $5, shall be delivered or forwarded to the licensing authority who shall investigate the same and, unless good cause for the denial thereof appears, shall grant the permit or the identification card, or both, if application has been made therefor, within 30 days from the date of receipt of the application for residents of this State and within 45 days for nonresident applicants. A permit to purchase a handgun shall be valid for a period of 90 days from the date of issuance and may be renewed by the issuing authority for good cause for an additional 90 days. A firearms purchaser identification card shall be valid until such time as the holder becomes subject to any of the disabilities set forth in subsection c. of this section, whereupon the card shall be void and shall be returned within five days by the holder to the superintendent, who shall then advise the licensing authority. Failure of the holder to return the firearms purchaser identification card to the superintendent within the said five days shall be an offense under subsection a. of N.J.S.2C:39-10. Any firearms purchaser identification card may be revoked by the Superior Court of the county wherein the card was issued, after hearing upon notice, upon a finding that the holder thereof no longer qualifies for the issuance of such permit. The county prosecutor of any county, the chief police officer of any municipality or any citizen may apply to such court at any time for the revocation of such card.

There shall be no conditions or requirements added to the form or content of the application, or required by the licensing authority for the issuance of a permit or identification card, other than those that are specifically set forth in this chapter.

g. Disposition of fees. All fees for permits shall be paid to the State Treasury if the permit is issued by the superintendent, to the municipality if issued by the chief of police, and to the county treasurer if issued by the judge of the Superior Court.

h. Form of permit; quadruplicate; disposition of copies. The permit shall be in the form prescribed by the superintendent and shall be issued to the applicant in quadruplicate. Prior to the time he receives the handgun from the seller, the applicant shall deliver to the seller the permit in quadruplicate and the seller shall complete all of the information required on the form. Within five days of the date of the sale, the seller shall forward the original copy to the superintendent and the second copy to the chief of police of the municipality in which the purchaser resides, except that in a municipality having no chief of police, such copy shall be forwarded to the superintendent. The third copy shall then be returned to the purchaser with the pistol or revolver and the fourth copy shall be kept by the seller as a permanent record.

i. Restriction on number of firearms person may purchase. Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period, but this limitation shall not apply to:

(1) a federal, State or local law enforcement officer or agency purchasing handguns for use by officers in the actual performance of their law enforcement duties;

(2) a collector of handguns as curios or relics as defined in Title 18, United States Code, section 921 (a) (13) who has in his possession a valid Collector of Curios and Relics License issued by the federal Bureau of Alcohol, Tobacco, Firearms and Explosives;

(3) transfers of handguns among licensed retail dealers, registered wholesale dealers and registered manufacturers

(4) transfers of handguns from any person to a licensed retail dealer or a registered wholesale dealer or registered manufacturer.

(5) any transaction where the person has purchased a handgun from a licensed retail dealer and has returned that handgun to the dealer in exchange for another handgun within 30 days of the original transaction, provided the retail dealer reports the exchange transaction to the superintendent; or

(6) any transaction where the superintendent issues an exemption from the prohibition in this subsection pursuant to the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4).

The provisions of this subsection shall not be construed to afford or authorize any other exemption from the regulatory provisions governing firearms set forth in chapter 39 and chapter 58 of Title 2C of the New Jersey Statutes;

A person shall not be restricted as to the number of rifles or shotguns he may purchase, provided he possesses a valid firearms purchaser identification card and provided further that he signs the certification required in subsection b. of this section for each transaction.

j. Firearms passing to heirs or legatees. Notwithstanding any other provision of this section concerning the transfer, receipt or acquisition of a firearm, a permit to purchase or a firearms purchaser identification card shall not be required for the passing of a firearm upon the death of an owner thereof to his heir or legatee, whether the same be by testamentary bequest or by the laws of intestacy. The person who shall so receive, or acquire said firearm shall, however, be subject to all other provisions of this chapter. If the heir or legatee of such firearm does not qualify to possess or carry it, he may retain ownership of the firearm for the purpose of sale for a period not exceeding 180 days, or for such further limited period as may be approved by the chief law enforcement officer of the municipality in which the heir or legatee resides or the superintendent, provided that such firearm is in the custody of the chief law enforcement officer of the municipality or the superintendent during such period.

k. Sawed-off shotguns. Nothing in this section shall be construed to authorize the purchase or possession of any sawed-off shotgun.

l. Nothing in this section and in N.J.S.2C:58-2 shall apply to the sale or purchase of a visual distress signalling device approved by the United States Coast Guard, solely for possession on a private or commercial aircraft or any boat; provided, however, that no person under the age of 18 years shall purchase nor shall any person sell to a person under the age of 18 years such a visual distress signalling device.

3. N.J.S.2C:39-10 is amended to read as follows:

Violation of the regulatory provisions relating to firearms; false representation in applications.

2C:39-10. Violation of the regulatory provisions relating to firearms; false representation in applications.

a. (1) Except as otherwise provided in paragraph (2) of this subsection, any person who knowingly violates the regulatory provisions relating to manufacturing or wholesaling of firearms (section 2C:58-1), retailing of firearms (section 2C:58-2), permits to purchase certain firearms (section 2C:58-3), permits to carry certain firearms (section 2C:58-4), licenses to procure machine guns or assault firearms (section 2C:58-5), or incendiary or tracer ammunition (section 2C:58-10), except acts which are punishable under section 2C:39-5 or section 2C:39-9, is guilty of a crime of the fourth degree.

(2) A licensed dealer who knowingly violates the provisions of subparagraph (d) of paragraph (5) of subsection a. of N.J.S.2C:58-2 is a disorderly person.

b. Any person who knowingly violates the regulatory provisions relating to notifying the authorities of possessing certain items of explosives (section 2C:58-7), or of certain wounds (section 2C:58-8) is a disorderly person.

c. Any person who gives or causes to be given any false information, or signs a fictitious name or address, in applying for a firearms purchaser identification card, a permit to purchase a handgun, a permit to carry a handgun, a permit to possess a machine gun, a permit to possess an assault

firearm, or in completing the certificate or any other instrument required by law in purchasing or otherwise acquiring delivery of any rifle, shotgun, handgun, machine gun, or assault firearm or any other firearm, is guilty of a crime of the third degree.

d. Any person who gives or causes to be given any false information in registering an assault firearm pursuant to section 11 of P.L.1990, c.32 (C.2C:58-12) or in certifying that an assault firearm was rendered inoperable pursuant to section 12 of P.L.1990, c.32 (C.2C:58-13) commits a crime of the fourth degree.

e. Any person who knowingly sells, gives, transfers, assigns or otherwise disposes of a firearm to a person who is under the age of 18 years, except as permitted in section 14 of P.L.1979, c.179 (C.2C:58-6.1), is guilty of a crime of the third degree. Notwithstanding any other provision of law to the contrary, the sentence imposed for a conviction under this subsection shall include a mandatory minimum three-year term of imprisonment, during which the defendant shall be ineligible for parole.

f. Unless the recipient is authorized to possess the handgun in connection with the performance of official duties under the provisions of N.J.S.2C:39-6, any person who knowingly sells, gives, transfers, assigns or otherwise disposes of a handgun to a person who is under the age of 21 years, except as permitted in section 14 of P.L.1979, c.179 (C.2C:58-6.1), is guilty of a crime of the third degree.

g. Any person who knowingly gives or causes to be given any false information or knowingly engages in any other fraudulent conduct in applying for an exemption to purchase more than one handgun in a 30-day period in violation of the provisions of section 4 of P.L.2009, c.186 (C.2C:58-3.4) shall be guilty of a crime of the third degree. The presumption of nonimprisonment set forth in N.J.S.2C:44-1 shall not apply to persons convicted under the provisions of this subsection.

C.2C:58-3.4 Exemption on restriction of purchase of handguns.

4. a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy;

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the

applicant's ability to enhance his collection. As used in this paragraph, "collector" shall include any person who devotes time and attention to acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; or any or other lawful related purpose. If an applicant is a member of an organized gun club; firearms competitors organization; firearms collectors organization; or any other organization dedicated to the acquisition, preservation, or use of firearms for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes, or any other lawful related purpose, such membership shall be considered in determining whether the applicant qualifies as a collector; or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. If the information concerning the particular handguns to be purchased is not available when the form is submitted, that information shall be provided to the superintendent as soon as practicable thereafter. The superintendent shall consider the veracity, accuracy, and completeness of the information provided in determining whether the applicant meets the requirements for an exemption pursuant to this section. In considering whether an applicant qualifies as a collector under paragraph (2) of subsection a. of this section, the superintendent shall not consider the number of guns in the applicant's collection. In considering an exemption sought under paragraph (2) of subsection a. of this section, the superintendent shall not consider the merit or validity of the applicant's collecting activities.

The superintendent shall not grant an exemption if he finds a reasonable likelihood that the public safety would be endangered by granting the exemption, including but not limited to instances where the applicant may be purchasing a handgun to give, sell or distribute to a person who would not qualify to purchase or otherwise acquire a handgun under the provisions of this chapter.

The exemptions set forth in this section shall not be construed and are not intended to authorize multiple handgun purchases where the sole justification set forth by the applicant is that the seller offers a discount for the purchase of more than one handgun.

c. Any person aggrieved by the denial of a request for an exemption pursuant to this paragraph may request a hearing in the Superior Court. The request for a hearing shall be made within 30 days of the denial of the application for an exemption. The applicant shall serve a copy of his request for a hearing upon the superintendent. The hearing shall be held and a record made thereof within 30 days of the receipt for the application for such a hearing by the judge of the

Superior Court. The judge shall grant the request for the exemption if the judge finds that the denial of the applicant's request was an abuse of discretion, arbitrary or capricious, or a misapplication of the requirements for an exemption as a matter of law.

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L.2009, c.186 (C.2C:58-3.4 et al.). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L.2009, c.186 (C.2C:58-3.4 et al.). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective date necessary for its timely implementation.

Approved January 12, 2010.