**ZISA & HITSCHERICH, ESQS.**
77 HUDSON STREET
HACKENSACK, NEW JERSEY 0760l
(201)342-1103
Attorneys for Defendant, City of Hackensack

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

_____
**ASSOCIATION OF NEW JERSEY RIFLE**
**AND PISTOL CLUBS, INC.**, a New Jersey     HONORABLE Joel A. Pisano, U.S.D.J.
Jersey Not for Profit Corporation;
**SCOTT L. BACH; KAARE A. JOHNSON**     Civil Action No.: 10-271 (JAP-TJB)
**VINCENT FURIO; STEVEN YAGIELLO**
**and BOB'S LITTLE SPORT SHOP, INC.**,
a New Jersey Corporation,
Plaintiff,     **CERTIFICATION OF SERVICE**
v.
**CHRISTOPHER J. CHRISTIE, Govenor**
**Of the State of New Jersey; PAULA T.**
**DOW, Attorney General of the State of**
**New Jersey; COLONEL RICK FUENTES,**
**Superintendent, Division of New Jersey**
**State Police; WASHINGTON TOWNSHIP**
**(Morris County); CITY OF HACKENSACK;**
**LITTLE EGG HARBOR TOWNSHIP and**
**XYZ MUNICIPALITIES 1-535,**
**Defendants**
_____

_____
**REPLY LETTER BRIEF IN SUPPORT OF MOTION TO DISMISS**
**PURSUANT TO FED. R. CIV. P. 12(B)(1), 12(b)(6), 12(h)(3)**
_____

On the Brief:
Craig M. Pogosky, Esq.

ARGUMENT

The heart of Plaintiff's complaint against the municipalities is to obtain an award of attorney's fees. Plaintiffs contend at Point C of its letter brief in opposition to the City's motion (DDE#41, p.7), that it is entitled to counsel fees pursuant to 42 U.S.C. § 1988 and N.J.S. 10:6-2 (f), The New Jersey Civil Rights Act. It further refers to a prevailing party in a 42 U.S.C. § 1983 action being entitled to fees under § 1988. Section 1983 provides a remedy for individuals whose Federal Constitutional rights have been violated by persons acting under color of state law. See, e.g., McCullough v. City of Atlantic City, 137 F. Supp. 2d 557, 564 (D.N.J. 2001) (citing McCusker v. City of Atlantic City, 959 F. Supp. 669, 671 (D.N.J. 1996)). To establish a claim under section 1983, a plaintiff must demonstrate that the challenged conduct was committed by (1) a person acting under color of state law and (2) that the conduct deprived him of rights, privileges, or immunities secured by the Constitution or the laws of the United States. See Parratt v. Taylor, 451 U.S. 527, 535 (1981). However, for the reasons argued in the State Defendants motion to dismiss and brief in reply as well as in opposition to injunctive

relief, there is no such federal law violation.  Further, nowhere in its brief in opposition to this motion does it refer otherwise to a specific federal law that Hackensack allegedly violated.

The New Jersey Civil Rights Act provides, in pertinent part:

Any person who has been deprived of any substantive due process or equal protection rights, privileges or immunities secured by the Constitution or laws of the United States, or any substantive rights, privileges or immunities secured by the Constitution or laws of this State,. . . . [N.J.S.A. 10:6-2(c).]

Where the District Court dismissed a § 1983 claim, the same being the sole claim over which it had original jurisdiction, the court declined to exercise supplemental jurisdiction over a claim under the New Jersey Civil Rights Act.  <u>Cunningham v. Lenape Regional High School District Board of Education</u>, 492 F. Supp 2d. 439 (D.N.J. 2007).

3

As previously referred to in our initial brief, the arguments set forth by the state are advanced in support of the City's position to dismiss this matter.

Further, even if the plaintiff were successful in proving the City acted improperly, the constitutional guarantee "does not protect individuals from all governmental actions that infringe liberty or injure property in violation of some law." Rivkin v. Dover Twp. Rent Leveling Bd., 143 N.J. 352, 366 (1996) (quoting PFZ Properties, Inc. v. Rodriguez, 928 F.2d 28, 31 (1st Cir.), cert. granted, 502 U.S. 956 (1991), and cert. dismissed, 503 U.S. 257 (1992)). Rather, substantive due process is reserved for the most egregious governmental abuses against liberty or property rights, abuses that "shock the conscience or otherwise offend . . . judicial notions of fairness . . . [and that are] offensive to human dignity." Rivkin, supra, at 366 (citing Weimer v. Amen, 870 F.2d 1400, 1405 (8th Cir. 1989)).

Instead, to prevail, Plaintiff must first establish the existence of a right or interest of special or fundamental significance before restrictions on governmental choice will be imposed. Hobby v. United States, 468 U.S. 339, 346, 104 S. Ct. 3093, 3097, 82 L. Ed.2d 260, 267 (1984). He must then establish either that the means chosen unduly

4

interfere with the special right or interest so as to render invalid the contemplated reach of governmental action, Roe v. Wade, 410 U.S. 113, 155, 93 S. Ct. 705, 728, 35 L. Ed.2d 147, 178 (1973); Greenberg v. Kimmelman, 99 N.J. 552, 564 (1985), or that there is an effective lack of a rational relationship between the means chosen and the end to be achieved. Hutton Park Gardens, supra, 68 N.J. at 562; IMO Order of the Comm'r of Ins., supra, 273 N.J. Super. at 187.

Even assuming some delay to this date in implementing the procedures of handling multiple applications for multiple permits, as alleged by plaintiffs, defendants failure in light of the failure of the Attorney General to issue an advisory on the subject does not shock the conscience and meet the requisites to constitute a constitutional deprivation of a right. Accordingly, plaintiff would not have met the threshold to obtain the requested relief.

At best, Plaintiff can assert that he was prevented from obtaining as many firearms as desired in as prompt a fashion as possible.

Plaintiff contends that it "should be deemed a statutory 'prevailing party' because it was the filing of

5

their Complaint that compelled Hackensack to allegedly comply with N.J.A.C. 13:54-1.4(h)." Id. at 8.  The alleged state administrative code violation does not constitute a violation under Federal law permitting the award of counsel fees under § 1988.

Even if 42 U.S.C. § 1988 is viable to allow attorney's fees, To be the prevailing party, a party must be "'successful' in the sense that it has been awarded some relief by a court." P.N. v. Clementon Bd. of Educ., 442 F.3d 848, 853 (3d Cir. 2006) (quoting Buckhannon Bd. v. West Virginia D.H.H.R., 532 U.S. 598, 603 (2001)).

Not every violation of a right results in an award of fees.  For example, a party is not considered a prevailing party where a claim can be characterized as technical or de minimus.  Texas State Teachers Assn v. Garland Independent School District, 489 U.S. 782 (1989).  As Plaintiff noted, in reference to Hensley v. Eckerhart, 461 U.S. 424 (1976), if special circumstances render an award unjust, attorney's fees should not be granted.  An award in this case would not be merited.

Notwithstanding, plaintiff's allegation that that it compelled Hackensack to meet the standards of N.J.A.C. 13:54-1.4(h), if true, does not give rise to allowance of a

6

fee.  The Superintendent of State Police is authorized under 2C:58-1 to adopt rules governing firearms.  The importance of a "guidance document", from the State was recognized by Plaintiffs inasmuch as Plaintiffs seek its issuance in the requested preliminary injunctive relief.(Proposed order, paragraph 4).  Plaintiff Furio indicates he was told there was no procedure yet in place for anyone to apply for an exemption under the One Gun Law (Furio Certification, paragraph 6).  He was further allegedly advised that the State Police had provided conflicting information relative to the issuance of more than one permit per month. Id. at paragraph 12.  There is no indication that Plaintiff took any action as an attempt to willfully deprive a defendant of applying for more than one permit.  The absence of any clear directive from the State police is an issue that arises from the brief time period between effective date of the provision and when Plaintiffs brought their action.  Plaintiffs claim that Hackensack stubbornly ignored the law is simply wide of the mark.

    Even if not moot, Count 7 & 8 should be dismissed for the reasons set forth by the State Defendants. Plaintiffs' claims for relief are solely redressable in State Courts.

7

For the foregoing reasons, the matter must be dismissed pursuant to FRCP 12(b)(1), 12(b)(6) and 12(h)(3).

                     Respectfully Submitted,

                     ZISA & HITSCHERICH, ESQS.

                     /s Craig M. Pogosky

                     By_____

                     CRAIG M. POGOSKY, ESQ.

Dated May 10, 2010