FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello,
and Bob's Little Sport Shop, Inc.

<div align="center">

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

</div>

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>        Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP; and XYZ MUNICIPALITIES 1-563<br><br>        Defendants. | Civil Action No.:<br>10-cv-00271-JAP-TJB<br><br>**SECOND AMENDED COMPLAINT** |

Plaintiffs Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson, Vincent Furio, Steven Yagiello, and Bob's Little Sport Shop, Inc. (collectively

"Plaintiffs") by way of Second Amended Complaint against Defendants Christopher J. Christie[1], Governor of the State of New Jersey, Paula T. Dow, Attorney General of the State of New Jersey, Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police, Washington Township (Morris County), City of Hackensack, Little Egg Harbor Township, and XYZ Municipalities 1-563 (collectively, "Defendants"), say:

**INTRODUCTION**

1.    This action concerns the State of New Jersey's unlawful amendments to N.J.S. 2C:58-2 and 2C:58-3 to restrict handgun sales to one every 30 days ("One Gun Law") in violation of an explicit federal preemption contained in 15 U.S.C. §5001(g)(ii).

2.    Additionally, the One Gun Law contains exemptions for collectors, competitors and heirs ("Exempted Individuals") but the statute and forms promulgated to permit Exempted Individuals to qualify for such exemptions actually make it virtually impossible for all but a select sub-class of the entire class of Exempted Individuals to so qualify. Accordingly, most Exempted Individuals are unable to engage in lawful transactions of more than one handgun per month.

---

[1] Originally, Governor Jon S. Corzine and Attorney General Anne Milgrim were named as defendants.  However, due to the recent change in administrations, the Complaint has been amended to correctly reflect the proper parties.

3.   Finally, certain New Jersey municipalities are restricting the issuance of permits to purchase handguns to one per month in violation of State law.

4.   Accordingly, Plaintiffs seek prospective injunctive and declaratory relief.

**<u>PARTIES</u>**

5.   The Association of New Jersey Rifle and Pistol Clubs (the "Association") is a not for profit membership corporation, incorporated in the State of New Jersey in 1936 and represents its members.  Its address is P.O. Box 353, Pompton Plains, New Jersey 07444.  The Association represents the interests of target shooters, hunters, competitors, outdoors people and other law abiding firearms owners.  Among the Association's purposes is aiding such persons in every way within its power and supporting and defending the people's right to keep and bear arms, including the right of its members and the public to purchase and possess firearms.  The Association brings this action on behalf of its members who have been and will be injured by the invalid One Gun Law and unlawful conduct at issue.

6.   Plaintiff Scott L. Bach ("Bach") is President of the Association and a practicing attorney with prior public service experience, including service with the United States Court of

Appeals for the Second Circuit, the United States Attorney for the Southern District of New York, and a United States Congressman.  Bach resides in Rockaway Township, Morris County, New Jersey.

7.   Plaintiff Kaare A. Johnson ("Johnson") is a retired middle school teacher and a World War II veteran who resides in Washington Township, Morris County, New Jersey.

8.   Plaintiff Vincent Furio ("Furio") is a competitive shooter and hunter who resides in the City of Hackensack, New Jersey.

9.   Plaintiff Steven Yagiello ("Yagiello") is a crew supervisor for the New Jersey Division of Fish and Wildlife and a resident of Little Egg Harbor Township, New Jersey.

10.  Plaintiff Bob's Little Sport Shop ("Bob's") is a federally and State licensed retail dealer of firearms incorporated in the State of New Jersey in 1986 with its principal place of business in the Borough of Glassboro, Gloucester County, New Jersey.

11.  Defendant Christopher J. Christie ("Christie") is the current Governor of the State of New Jersey.

12.  Defendant Paula T. Dow ("Dow") is the current Attorney General of the State of New Jersey.

13.  Defendant Colonel Rick Fuentes ("Fuentes") is Superintendent of the Division of New Jersey State Police.

14.  Defendant Washington Township ("Washington") is a municipality located in Morris County, New Jersey and was incorporated in 1798.

15.  Defendant City of Hackensack ("Hackensack") is a municipality located in Bergen County, New Jersey and was established in 1921.

16.  Defendant Little Egg Harbor Township ("Little Egg Harbor") is a municipality located in Ocean County, New Jersey and was first formed in 1740.

17.  Defendants XYZ Municipalities 1-563 are fictitiously named municipalities of the State of New Jersey, whose identities are unknown at this time, that are engaging in the unlawful acts alleged herein.  Plaintiffs reserve the right to amend the Complaint to name specific municipalities as knowledge of such municipalities' unlawful activity becomes known.

## JURISDICTION AND VENUE

18.  Jurisdiction is founded on 28 U.S.C. §1331 in that this action arises under the Constitution and laws of the United States and under 28 U.S.C. §1343(3) in that the action seeks to redress the deprivation, under color of the laws, statutes, ordinances, regulations, customs and usages of the State of New Jersey and political subdivisions thereof, of rights, privileges or immunities secured by the United States Constitution and by

Acts of Congress.  Supplemental jurisdiction exists pursuant to 28 U.S.C. §1367.

19.  This action seeks relief pursuant to 28 U.S.C. §§2201 and 2202, 42 U.S.C. §1983 and N.J.S. 10:6-2.  Venue lies in this district by way of 28 U.S.C. §1391(b).

## PRE-EXISTING LAWS GOVERNING PURCHASE OF A HANDGUN IN NEW JERSEY

20.  Prior to the enactment of the One Gun Law, New Jersey already had, and still has, among the most restrictive handgun permitting schemes in the United States.

21.  Purchasing a handgun in New Jersey requires: (1) undergoing an extensive background investigation to obtain a permit from the police; (2) submitting federal and State forms to the retail dealer; and 3) undergoing a second, federal, background check, after which the dealer enters the purchaser's detailed identifying information in a bound book pursuant to both federal and State law.

22.  N.J.S. 2C:58-3(a) already required and still requires a handgun permit for each handgun purchased, which is only issued after an extensive background investigation that in practice already takes months to complete.  N.J.S. 2C:58-3(a) provides as follows:

> No person shall sell, give, transfer, assign or otherwise dispose of, nor receive, purchase, or otherwise acquire a handgun

> unless the purchaser, assignee, donee, receiver or holder is licensed as a dealer under this chapter or has first secured a permit to purchase a handgun as provided by this section.

23. N.J.S. 2C:58-3(c) already provided and still provides that no permit to purchase a handgun ("Handgun Purchase Permit") shall be issued to any person who is subject to any of a long list of disabilities, including, but not limited to, conviction of any crime, conviction of an offense of domestic violence, drug dependency, mental illness, habitual drunkenness or alcoholism, and certain physical disabilities and authorizes the issuing authority to deny a Handgun Purchase Permit to "any person where the issuance would not be in the interest of the public health, safety or welfare."

24. Accordingly, the applicant was previously required and still is required to provide a broad variety of personal identifying information including, but not limited to name, residence, place of business, age, date of birth, occupation, sex, and physical description, including distinguishing physical characteristics.

25. The applicant was previously required and still is required to provide fingerprints and the names and addresses of two references and also to answer numerous questions, including, but not limited to, questions relating to the potential disqualifying disabilities of N.J.S. 2C:58-3(c).

7

26.   The   chief   of   police   of   the   municipality   where   the
applicant   resides,   or   Superintendent   of   the   New   Jersey   State
Police,   as   the   case   may   be,   receives   the   application   and   is
required   by   law   to   conduct   an   extensive   investigation   and   to
issue   the   Handgun   Purchase   Permits   unless   there   is   good   cause   to
deny   the   application.

27.   Both   federal   and   State   law   previously   required   and
still   require   strict   and   extensive   record   keeping   in   connection
with   the   purchase   of   handguns   in   New   Jersey.   Each   purchase   is
registered   by   the   retailer   on   Form   SP-671.   The   registration
form   must   include   all   of   the   transferee's   and   dealer's
identifying   information,   as   well   as   complete   identifying
information   for   the   handgun   transferred.   A   copy   is   forwarded   to
the   applicant's   local   police   and   the   Superintendent   of   the   New
Jersey   State   Police,   and   the   dealer   must   retain   a   copy.

28.   Both   federal   and   State   law   previously   required   and
still   require   each   handgun   purchase   to   be   recorded   in   a   bound
book   maintained   at   the   dealer's   retail   premises.   The   bound   book
must   contain   the   name   and   address   of   the   transferee,   the   date   of
transfer   and   complete   identifying   information   regarding   the
handgun.

29.   Federal   law   further   requires   that   a   retail   dealer
perform   a   background   check   (a/k/a   "Brady"   check)   pursuant   to   the
National   Instant   Criminal   Background   Check   System   ("NICS")   that,

in New Jersey, is administered by the State Police, and the purchaser must also must complete a Firearms Transaction Record (Bureau of Alcohol Tobacco and Firearms and Explosives ("ATF") Form 4473) and present government issued identification to confirm the purchaser's identity.

30. Form 4473 specifically and prominently asks the purchaser – who must swear under threat of criminal prosecution to the truthfulness of his answers – whether he is the "actual buyer" of the firearm.

31. Pursuant to 27 C.F.R. 478.126a, if a transaction involves the transfer of multiple handguns to the same purchaser in a five day period, the retail dealer must further record the transaction on ATF Form 3310.4 and forward a copy of the multiple sales form immediately to both ATF and to the chief of police in the community in which their business is located.

32. Thus, prior to the enactment of the One Gun Law, the purchase of a handgun in New Jersey was already subject to extraordinary scrutiny, tracking and recordkeeping - easily among the most restrictive and comprehensive regulatory schemes in the nation. The extensive background investigation process frequently did and still does result in permit issuance delays of two to six months or longer.

## THE ONE GUN LAW

33.  On or about August 6, 2009, then Governor Jon Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period, even for holders of Handgun Purchase Permits.

34.  The One Gun Law amended N.J.S. 2C:58-2(a) to provide:

> (7)  A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period.

35.  Similarly, the One Gun Law amended N.J.S. 2C:58-3(i) to provide:

> Restriction on number of firearms person may purchase.  Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . .

36.  On or about January 12, 2010, then Governor Corzine signed into law amendments to the One Gun Law which created certain exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions").  The Exemptions, set forth in section 4 of Senate Bill S3104 (not yet codified), provide as follows:

4. (New section)
a. The superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:

(1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy **[the "Inheritance Exemption"];**

(2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. As used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection . . . **[the "Collector Exemption"];** or

(3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's

competitive shooting activities, including use in or training for sanctioned competitions **[the "Competitor Exemption"]**.

b. The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. . . .

d. Notwithstanding the provisions of the "Administrative Procedure Act," P.L.1968, c.410 (C.52:14B-1 et seq.), the superintendent may adopt, immediately upon filing with the Office of Administrative Law, such temporary regulations as the superintendent deems necessary to implement the provisions of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations so adopted shall be effective for a period not to exceed 270 days from the date of the filing, but in no case shall those regulations be in effect one year after the effective date of P.L. , c. (C. ) (pending before the Legislature as this bill). The regulations may thereafter be amended, adopted or readopted by the superintendent as the superintendent deems necessary in accordance with the requirements of the "Administrative Procedure Act."

37. Section 5 of Senate Bill S3104, provides as follows:

5. This act shall take effect immediately; provided however, the Superintendent of State Police may take any anticipatory administrative action prior to the effective

12

date necessary for its timely implementation.

38. Thus, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police.

39. Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

40. On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

41. Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

42. On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions. The State Police told him that there was none at that time.

43. Plaintiff Furio wishes to apply for the Competitor Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Competitor Exemption.

44. In or about February 2010, Furio inquired of the State Police as to what procedure is available to apply for the

Exemptions.    The State Police told him that there was none at that time.

45.    Upon information and belief, prior to April 6, 2010, there was no procedure in place by which an applicant could apply for and the Superintendent could grant any of the Exemptions.

46.    Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one handgun in a 30 day period were being unlawfully constrained by the One Gun Law, were unable to purchase more than one handgun in a 30 day period, and were unlawfully subject to prosecution if they did so.

47.    Therefore, Plaintiffs were being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

48.    On or about January 17, 2010, Plaintiffs commenced the within action seeking, inter alia, injunctive and declaratory relief enjoining the enforcement and effect of the One Gun Law until such time as Plaintiffs could apply for and obtain the Exemptions.

49.    On or about April 6, 2010, after the commencement of the within action, but prior to the time the Court heard Plaintiff's application for injunctive relief, the State Police

promulgated forms (the "Forms") to be used to qualify for the Exemptions.

50. However, the Forms do not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

51. Further, the One Gun Law, as drafted and interpreted by the State Police does not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

**UNDER NEW JERSEY LAW, TRADITIONAL B-B, PELLET AND AIR PISTOLS ARE INCLUDED IN THE DEFINITION OF HANDGUNS**

52. N.J.S. 2C:39-1(f) provides as follows:

> "Firearm" means any handgun, rifle, shotgun, machine gun, automatic or semi-automatic rifle, or any gun, device or instrument in the nature of a weapon from which may be fired or ejected any solid projectable ball, slug, pellet, missile or bullet, or any gas, vapor or other noxious thing, by means of a cartridge or shell or by the action of an explosive or the igniting of flammable or explosive substances. It shall also include, without limitation, any firearm which is in the nature of an air gun, spring gun or pistol or other weapon of a similar nature in which the propelling force is a spring, elastic band, carbon dioxide, compressed or other gas or vapor, air or compressed air, or is ignited by compressed air, and ejecting a bullet or missile smaller than three-eighths of an inch in diameter, with sufficient force to injure a person. [Emphasis added.]

53.  N.J.S. 2C:39-1(k) provides as follows:

"Handgun" means any pistol, revolver or other firearm originally designed or manufactured to be fired by the use of a single hand.

54.  Courts in this District and New Jersey state courts have held that pursuant the foregoing definitions and New Jersey law, traditional B-B, pellet and air pistols fall within the definition of "handgun."

**COUNT ONE**
**(INJUNCTIVE RELIEF - 42 U.S.C. §1983; N.J.S. 10:6-2;**
**PREEMPTION – 15 U.S.C. §5001(g)(ii))**

55.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 54 as if fully set forth herein at length.

56.  15 U.S.C. §5001(g)(ii) provides as follows:

(g) Preemption of State or local laws or ordinances; exceptions

The provisions of this section shall supersede any provision of State or local laws or ordinances which provide for markings or identification inconsistent with provisions of this section provided that no State shall-- . . .

(ii) prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-

16

firing air guns that expel a projectile through the force of air pressure.

57. Because New Jersey law defines traditional B-B, pellet and air pistols as handguns, the One Gun Law prohibits the sale of traditional B-B, pellet and air guns in violation of 15 U.S.C. §5001(g)(ii).

58. Accordingly, the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void.

59. Members of Plaintiff Association wish to purchase more than one handgun within a 30 day period including, but not limited to, traditional B-B, pellet and/or air pistols, and some have applied for Handgun Purchase Permits to do so, but are prohibited from doing so by the One Gun Law and face prosecution if they do so.

60. Plaintiff Bach has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

61. Plaintiff Johnson has applied for two Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

62.   Plaintiff Furio has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

63.   Plaintiff Yagiello has applied for three Handgun Purchase Permits and wishes to purchase more than one handgun within a 30 day period but is prohibited from doing so by the One Gun Law and faces prosecution if he does so.

64.   Plaintiff Bob's wishes to sell handguns to customers such as Bach, Johnson, Furio and Yagiello, who wish to purchase more than one handgun within a 30 day period, including one or more traditional B-B, pellet and/or air pistols, but is prohibited from doing so by the One Gun Law and faces prosecution if it does so.

65.   By virtue of the foregoing, Defendants Christie, Dow, and Fuentes have deprived, are depriving and will continue to deprive Plaintiffs of their rights, privileges, and/or immunities secured by the United States Constitution and laws of the United States in violation of 15 U.S.C. §5001(g)(ii).

66.   Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

## COUNT TWO
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202;
### PREEMPTION – 15 U.S.C. §5001(g)(ii))

67.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 66 as if fully set forth herein at length.

68.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law is preempted by 15 U.S.C. §5001(g)(ii) and the Supremacy Clause of the United States Constitution and is therefore void and of no effect.


## COUNT THREE
### (INJUNCTIVE RELIEF – 42 U.S.C. §1983; N.J.S. 10:6-2;
### UNITED STATES CONSTITUTION - AMENDMENT XIV)

69.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 68 as if fully set forth herein at length.

70.  Members of Plaintiff Association wish to qualify for one or more of the Exemptions.

71.  On or about January 13, 2010, Plaintiff Bach applied for three Handgun Purchase Permits.

72.  Plaintiff Bach wishes to apply for the Collector Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Collector Exemption.

73.   On or about January 14, 2010, Plaintiff Bach inquired of the State Police as to what procedure is available to apply for the Exemptions.   The State Police told him that there was none at the time.

74.   Plaintiff Furio wishes to apply for the Competitor Exemption so he can purchase more than one handgun within a 30 day period, which purchase would satisfy the statutory criteria for the Competitor Exemption.

75.   In or about February 2010, Furio inquired of the State Police as to what procedure is available to apply for the Exemptions.   The State Police told him that there was none at the time.

76.   On or about April 6, 2010, the State Police promulgated forms (the "Forms") to be used to qualify for the Exemptions.

77.   However, the Forms do not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

78.   Further, the One Gun Law, as drafted and interpreted by the State Police does not enable anyone other than a select sub-class of the entire class of Exempted Individuals to qualify for the Exemption.

79.  The  Form  requires  an  applicant  to  identify,  in advance, the specific hand guns an applicant wishes to purchase pursuant to an Exemption.

80.  Since  in  or  about  April  2010,  Plaintiff  Bach  has contacted  multiple  sellers  to  purchase  more  than  one  handgun pursuant to the Collector Exemption.

81.  In doing so, Plaintiff Bach has requested such sellers to hold such multiple handguns for him to enable him to qualify for the Collector Exemption.

82.  Plaintiff  Bach  has  been  and  is  unable  to  advise  such sellers  as  to  whether  he  will  qualify  for  the  Collector Exemption or, if he does, how long it will take.

83.  Accordingly,  these  sellers  have  been  unwilling  to reserve the handguns for Plaintiff Bach for the unknown duration of  time  it  will  take  for  Bach  to  apply  for  and  obtain  the Collector Exemption, if it is even granted.

84.  Under  a  strict  reading  of  the  One  Gun  Law,  if  any purchaser pays for more than one handgun within 30 days, even without  taking  delivery,  it  may  constitute  an  unlawful "purchase" under the One Gun Law and subject such purchaser to criminal liability.

85.  As  such,  the  requirement  on  the  Forms  to  identify  in advance the specific handguns being purchased pursuant to the Exemptions, makes it virtually impossible for all but a select

21

sub-class of the entire class of Exempted Individuals to qualify for the Exemptions.

86.  Accordingly, certain Plaintiffs and/or Members of Plaintiffs who would qualify for one or more Exemptions, and who would therefore be entitled by law to purchase more than one handgun in a 30 day period are being unlawfully constrained by the One Gun Law, are unable to purchase more than one handgun in a 30 day period, and are unlawfully subject to prosecution if they do so.

87.  Therefore, Plaintiffs are being deprived of their liberty and/or property without due process of law in violation of Amendment XIV of the United States Constitution.

88.  Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining the enforcement of the One Gun Law.

## COUNT FOUR
### (DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202; UNITED STATES CONSTITUTION – AMENDMENT XIV)

89.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 88 as if fully set forth herein at length.

90.  The State Police have interpreted the One Gun Law to require that an applicant identify in advance the specific

handguns such applicant wishes to purchase in order to qualify for the Exemptions.

91.  If so, the One Gun Law provides false Exemptions that are virtually impossible for all but a select sub-class of the entire class of Exempted Individuals to qualify for.

92.  By virtue of the foregoing, pursuant to 28 U.S.C. §§2201 and 2202, Plaintiffs are entitled to declaratory relief holding that the One Gun Law violates the Due Process Clause of Amendment XIV of the United States Constitution and is therefore void and of no effect.

## COUNT FIVE
### (INJUNCTIVE RELIEF – N.J.S. 10:6-2;<br>N.J.A.C. 13:54-1.4(h))

93.  Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 92 as if fully set forth herein at length.

94.  N.J.A.C. 13:54-1.4(h) provides as follows:

> Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application.

95.  On or about January 7, 2010, Plaintiff Johnson applied for two Handgun Purchase Permits at the Washington Township (Morris County) Police Department.

96.   Notwithstanding the One Gun Law, Plaintiff Johnson can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

97.   On or about January 8, 2010, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that as of January 1, 2010 the New Jersey State Police are only permitting one application for a Handgun Purchase Permit per month and returned the fee for his second Handgun Purchase Permit.

98.   By denying Plaintiff Johnson's right to apply for two Handgun Purchase Permits simultaneously, Defendant Washington violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

99.   On or about January 25, 2010, subsequent to the filing of the original Complaint herein, the Chief of Police of Washington Township notified Plaintiff Johnson by letter that its denial of Johnson's right to apply for more than one permit per month was erroneous under New Jersey law and offered Johnson the opportunity to increase the number of permits applied for by Johnson.

100. On or about February 23, 2010, Plaintiff Furio applied for three Handgun Purchase Permits at the Hackensack Police Department.

101. Notwithstanding the One Gun Law, Plaintiff Furio can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

102. Sergeant Richard Levis informed Plaintiff Furio that the Hackensack Police Department had received conflicting information from the New Jersey State Police regarding the issuance of more than one Handgun Purchase Permit per month.

103. Sergeant Levis further informed Plaintiff Furio that the Hackensack Police Department will not issue more than one permit per month until they receive clear direction from the State police allowing them to do so.

104. By denying Plaintiff Furio's right to apply for three Handgun Purchase Permits simultaneously, Defendant Hackensack violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

105. On or about December 1, 2009, Plaintiff Yagiello applied for three Handgun Purchase Permits at the Little Egg Harbor Township Police Department.

106. Notwithstanding the One Gun Law, Plaintiff Yagiello can save time, effort, and expense by applying for multiple Handgun Purchase Permits simultaneously and lawfully using only one Handgun Purchase Permit with any given 30 day period.

107. Detective Malaga from the Little Egg Harbor Township Police Department informed Plaintiff Yagiello that if the permits were issued before January 1, 2010, the Township police department could issue all three permits.

108. Detective Malaga stated, however, that if the permits were issued after January 1, 2010, after the One Gun Law went into effect, the police department would not be able to issue more than one permit.

109. Detective Malaga further informed Plaintiff Yagiello that the Little Egg Harbor Township Police Department had been instructed to issue only one permit at a time after January 1, 2010 and that 30 days after Plaintiff Yagiello purchased his handgun and used his permit, he could then apply for another permit.

110. By denying Plaintiff Yagiello's right to apply for three Handgun Purchase Permits simultaneously, Defendant Little Egg Harbor violated N.J.A.C. 13:54-1.4(h), which explicitly authorizes such application.

111. Members of Plaintiff Association have applied for multiple Handgun Purchase Permits and been denied the right to apply for and/or receive more than one Handgun Purchase Permit in a 30 day period.

112. Upon information and belief, some or all of fictitiously named Defendants XYZ Municipalities 1-563 are

engaging in the same unlawful rationing of Handgun Purchase Permits.

113. By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h).

114. Plaintiffs are therefore entitled to preliminary and permanent injunctive relief, including, but not limited to, relief enjoining Defendants from (1) restricting the number of Handgun Purchase Permits the applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

<u>**COUNT SIX**</u>
**(DECLARATORY RELIEF – 28 U.S.C. §§2201 and 2202;
N.J.A.C. 13:54-1.4(h))**

115. Plaintiffs repeat and reassert each of the allegations in paragraphs 1 through 114 as if fully set forth herein at length.

116. By virtue of the foregoing, pursuant to 28 U.S.C. §2201 and 2202, Plaintiffs are entitled to declaratory relief holding that restricting an applicant in the number of Handgun Purchase Permits the applicant may apply for or restricting the number of Handgun Purchase Permits a licensing authority will

issue at one time violates N.J.A.C. 13:54-1.4(h) and is unlawful.

**WHEREFORE,** Plaintiffs demand judgment against Defendants:

A.   Enjoining enforcement of the One Gun Law.

B.   Declaring the One Gun Law void and of no force and effect.

C.   Enjoining Defendants from (1) restricting the number of Handgun Purchase Permits an applicant may apply for or (2) restricting the number of Handgun Purchase Permits a licensing authority will issue at one time.

D.   Declaring that Defendants may not (1) restrict the number of Handgun Purchase Permits an applicant may apply for or (2) restrict the number of Handgun Purchase Permits a licensing authority will issue at one time.

E.   Awarding reasonable attorney's fees and costs pursuant to 42 U.S.C. §1988, N.J.S. 10:6-2(f) and any other applicable law.

F.   Awarding such other and further relief as the Court deems equitable, just and proper.

<div style="margin-left:40%">

FARER FERSKO,
A Professional Association
Attorneys for Plaintiffs


By: /s/ Daniel L. Schmutter
    Daniel L. Schmutter

</div>

Dated: October 1, 2010

## CERTIFICATION PURSUANT TO L. CIV. R. 11.2

I hereby certify, on information and belief, that the matter in controversy is not the subject of any other action pending in any court or any pending arbitration or administrative proceeding.

/s/ Daniel L. Schmutter
Daniel L. Schmutter

Dated: October 1, 2010