UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack
_____

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | Honorable Joel A. Pisano, U.S.D.J.  Civil Action No.: 3:10-cv-271 (JAP-TJB) |

                        Plaintiffs,

v.

CHRISTOPHER J. CHRISTIE, Governor
of the State of New Jersey; PAULA T.
DOW, Attorney General of the State of
New Jersey; COLONEL RICK FUENTES,
Superintendent, Division of New Jersey
State Police; WASHINGTON TOWNSHIP
(Morris County); CITY OF HACKENSACK;
LITTLE EGG HARBOR TOWNSHIP and
XYZ MUNICIPALITIES 1-535,

                        Defendants.

_____

_____

### LETTER BRIEF IN SUPPORT OF MOTION TO DISMISS PURSUANT TO <u>FED. R. CIV. P.</u> 12(B)(1), 12(b)(6), 12(h)(3), AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR INJUNCTIVE RELIEF
_____

On the Brief:
Craig M. Pogosky, Esq.

## Statement of Facts & Procedural History

Plaintiffs, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson, and Bob's Little Sport Shop's (collectively referred to as "Plaintiffs"), filed a complaint on or about January 17, 2010 challenging portions of N.J.S.A. 2C:58-2 and 2C:58-3, commonly referred to as the "One Gun Law".  Recent Amendments to the law became effective within two weeks of the filing of the suit.  The original complaint did not name the City of Hackensack as a party. On February 3, 2010, the plaintiffs filed a Motion for a Preliminary Injunction seeking to enjoin the restricting of permits issued for the purchase, sale or transfer of handguns within a thirty day period, the number of permits that may be applied for and received at one time and other relief.

On or about February 27, 2010, Defendants, Governor of the State of New Jersey, the Attorney General of the State of New Jersey and the Superintendant of the New Jersey Division of the State Police (collectively the "State Defendants"), filed a Motion to Dismiss the complaint pursuant to Fed. R. Civ.P. 12(b)(1) and 12(b)(6).

On or about March 10, 2010, Plaintiffs filed an Amended Complaint adding additional plaintiffs and naming the City of Hackensack as a Defendant. The Amended Complaint only referred to the City of Hackensack in Counts 7 and 8.  These counts alleged violations of N.J.A.C. 13:54-1.4(h). Count 7 sought a preliminary and permanent injunction enjoining Defendant from

2

restricting the number of handgun purchase permits an applicant may apply for at one time and the number of handgun purchase permits a licensing authority may issue at one time (Count 7, ¶ 95). Count 8 sought declaratory relief, declaring that a restriction on the number of handgun purchase permits an applicant may apply for, or restricting the number a licensing authority may issue at one time, violates N.J.A.C. 13:54-1.4(h) and is unlawful. (Count 7, ¶ 97).

In Count 8, Plaintiffs additionally requested that the court declare the One Gun Law unlawful, enjoin its enforcement, enjoin defendants from restricting the number of permits an applicant may apply for and restricting the number of permits a licensing authority will issue at one time, and award a reasonable attorneys fee and costs pursuant to 42 U.S.C § 1988 and N.J.S.A. 10:6-2(f) (Count 7, ¶ 97 to end). Specifically, plaintiffs alleged that on February 23, 2010, plaintiff Furio applied for three handgun purchase permits at the Hackensack Police Department (¶ 81). He was informed that the Department had conflicting information from the State Police regarding the issuance of more that one permit per month and that it would not issue more than one per month and that it would not issue more than one permit per month until it received direction from that State Police. (¶ 83-84).

On or about April 15, 2010, the City of Hackensack filed a motion to dismiss the Complaint pursuant to F. R. Civ. P. 12(b)(1), 12(b)(6), and 12(h)(3), and opposed the Plaintiff's motion for injunctive relief.  On April 16, 2010, the Attorney General's office advised the court (DDE #32) that on April 6, 2010, the

New Jersey Division of State Police ("State Police") had promulgated forms by which applicants could apply for exemptions from 2009 N.J. Laws c. 168 (approved January 3, 2010) and c. 186 (approved January 12, 2010) and that the State Police had sent to all municipalities having a Chief of Police, a letter dated March 30, 2010, advising, in part, as follows:

> Please note, regardless of an applicant's submission or declination of submission for exemption to the recently enacted legislation, your agency is not authorized to, and cannot limit the number of permits to Purchase a Handgun to an applicant. Those applicants issued multiple permits without exemption are required to comply with the current law, more specifically the purchase of no more than one handgun in a thirty day period. (DDE# 32-1)

On or about May 17, 2010, the Attorney General's office apprised the court (DDE# 44) that on April 28, 2010, Legislative Counsel of the Office of Legislative Services proposed a harmonization of conflicting amendments, as there were clashes between 2009 N.J. Laws c. 168 and 186 and no formal codification had theretofore been achieved.

The Court heard oral argument on all the above referenced motions on May 25, 2010. The Court issued its opinion and order on June 14, 2010. The court declined to issue any preliminary injunctions against either the State Defendants or the City of Hackensack, and dismissed Counts One and Two of the Amended Complaint.  The court noted with regard to the remaining motions to dismiss that there appeared to be questions of mootness (DDE #50, p.10).  It did not rule with regard to the City of Hackensack's motion.  The Court noted that this case was one that was continuing to develop during the litigation, and consequently requested additional briefs on recent

4

developments.  Shortly thereafter, counsel for plaintiff indicated that he wished to file an amended complaint to address developments *vis a vis* the State defendants, in lieu of further briefing on the prior complaint. (See July 22, 2010 letter of Daniel Schmutter, Esq. (DDR 54).  The State defendants consented, and on behalf of the City of Hackensack, whose role in this matter is of secondary importance relative to the State defendants, we agreed, provided that we were not prejudiced to pursue our motion to dismiss.  We were advised that the allegations against the City would remain the same.  Accordingly, on July 23, 2010, the court dismissed the motions without prejudice to being re-filed. (order, DDR #55).

A second amended complaint was filed on or about October 1, 2010, and the allegations against the City in the most recent complaint have been carried over from the prior complaint, where they are now contained in Counts Five and Six, (Hackensack appears to be referenced specifically in paragraphs 100-104).  Plaintiffs request both "prospective injunctive and declaratory relief". (¶ 4).  Count Five prays for injunctive relief (both preliminary and permanent) under State law only, and Count Six seeks Declaratory relief under 28 U.S.C. § 2201 and 2202 for violations of the New Jersey Administrative Code, an injunction,  and attorneys fees and costs under 42 U.S.C. 1988,  and N.J.S.A. 10:6-2(f).

## ARGUMENT

<u>The Second Amended Complaint against the City of Hackensack should be dismissed for lack of jurisdiction and failure to state a claim pursuant to F.R.Civ.P 12(b)(1), 12(b)(6) and 12(h)(3).</u>

Legal standard:

<u>F.R.Civ.P. 12(b)(6)</u>, provides that a court may dismiss a complaint "for failure to state a claim upon which relief can be granted." In order to survive a motion to dismiss under <u>F.R.Civ.P. 12(b)(6)</u>, a complaint must allege facts that raise a right to relief above the speculative level. <u>Bell Atlantic Corp. v. Twombly</u>, 550 U.S. 544, 127 S.Ct. 1955, 1965, 167 L.Ed.2d 929 (2007); *see also* <u>Fed.R.Civ.P. 8(a)(2)</u>. While a court must accept as true all allegations in the plaintiff's complaint, and view them in the light most favorable to the plaintiff, <u>Phillips v. County of Allegheny,</u> 515 F.3d 224, 231 (3d Cir.2008), a court is not required to accept sweeping legal conclusions cast in the form of factual allegations, unwarranted inferences, or unsupported conclusions. <u>Morse v. Lower Merion Sch. Dist.,</u> 132 F.3d 902, 906 (3d Cir.1997). The complaint must state sufficient facts to show that the legal allegations are not simply possible, but plausible. <u>Phillips,</u> 515 F.3d at 234. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." <u>Iqbal</u>, 129 S.Ct. at 1949 (citing <u>Twombly</u>, 550 U.S. at 556).

6

In Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), the Court summarized Twombly's standard as based on "two working principles." *Id.* at 1949. First, district courts need not accept a complaint's "legal conclusions" as true. *Id.* Second, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* To determine whether a complaint states a plausible claim, a judge may draw on his or her "judicial experience and common sense." *Id.*[1]

That Courts applying *Iqbal* and *Twombly* over the course of the last year have viewed the two decisions as creating—at a minimum—a new, two-step method for adjudicating motions to dismiss: (1) identify "conclusory" allegations; and (2) assess plausibility in light of a complaint's non-conclusory

---

[1]The plaintiff in Iqbal was a Pakistani citizen and Muslim detained in the United States after September 11, 2001. He alleged that he was deprived of various constitutional protections while in federal custody and sued a number of federal officials, including John Ashcroft and Robert Mueller. See 129 S. Ct. at 1942. He alleged that Ashcroft and Mueller "adopted an unconstitutional policy that subjected [him] to harsh conditions of confinement on account of his race, religion or national origin." *Id.*

The Supreme Court held, that Iqbal's complaint should have been dismissed.. In Iqbal's case, the Court identified the following allegations as conclusory: that Ashcroft and Mueller "knew of, condoned, and willfully and maliciously agreed to subject [*Iqbal*] to harsh conditions of confinement, solely on account of [his] religion, race and/or national origin and for no legitimate penological interest," *id.* at 1951 (internal quotation marks omitted, first alteration added); that Ashcroft was the "principal architect" of this policy, *id.*; and that Mueller was "instrumental" in adopting and executing it. *Id.*

The Court then held that *Iqbal*'s factual allegations failed to state a plausible claim that Ashcroft and Mueller adopted a policy of harsh confinement for a discriminatory reason—in large part because the facts alleged in the complaint, i.e., the detention of thousands of Arab and Muslim men, could be explained by an "obvious alternative [and lawful] explanation." *Id.* at 1952 (internal quotation marks omitted).

allegations. *See, e.g.*, Fowler v. UPMC Shadyside, 578 F.3d 203, 210 (3d. Cir. 2009) (explaining two-part test).

Challenges to subject matter jurisdiction under Rule 12(b)(1) may be "facial" or "factual." Facial attacks challenge the sufficiency of the Complaint's allegations, so a court adjudicating a facial attack must accept those allegations as true. Emerson Elec. Co. v. Le Carbone Lorraine, 500 F.Supp.2d 437, 443 (D.N.J.2007). Like a motion brought pursuant to F.R. Civ. P. 12(b)(6), the Court ruling on a facial 12(b)(1) challenge "must accept as true all of the factual allegations contained in the complaint," Erickson v. Pardus, --- U.S. ---, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), and must determine whether they "state a legal claim," Markowitz v. Northeast Land Co., 906 F.2d 100, 103 (3d Cir.1990). The Court must "'determine whether, under any reasonable reading of the complaint, the plaintiff may be entitled to relief.'" Phillips v. County of Allegheny, 515 F.3d 224, 231 (3d Cir.2008) (quoting Pinker v. Roche Holdings Ltd., 292 F.3d 361, 374 n. 7 (3d Cir.2002)).

Factual attacks, on the other hand, allow the Court to look beyond the allegations of the Complaint and do not require the Court to presume Plaintiffs' allegations are true. In "factual" Rule 12(b)(1) attacks on jurisdiction, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims. It is to be presumed that a cause lies outside this limited jurisdiction, Turner v. Bank of North America, 4 U.S. 8, 4

8

Dall. 8, 1 L.Ed. 718 (1799)  Moreover, the plaintiff will have the burden of proof that jurisdiction does in fact exist." Mortensen v. First Fed. Sav. and Loan, 549 F.2d 884, 891 (3d Cir.1977), McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 182-183, 56 S.Ct. 780, 80 L.Ed. 1135 (1936).

Plaintiff has failed to Plead a violation of Federal Rights Against The City of Hackensack and Its complaint should be dismissed.

Plaintiff indicates that it is entitled to relief under 42 U.S.C. § 1983. (¶ 19 Second Amended Complaint, DDE # 59).   In pertinent part, a claim under 42 U.S.C. § 1983 provides that,

> Every person who, under color of any statute, ordinance, regulation, custom or usage, of any State or Territory or District of Columbia, subjects or causes to be subjected, any citizen of the Unites States or other person within the jurisdiction thereof to the deprivation of any rights, privileges or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit or equity or other property proceeding for redress.

This section does not create substantive rights, but instead provides a remedy for the violation of rights created by federal laws. Kneipp v. Tedder, 95 F.3d. 1199, 1204 (3d Cir. 1996).  Thus, a plaintiff must demonstrate: (1) that he was deprived of rights, privileges or immunities secured by the Constitution or laws of the United States; and (2) that the challenged conduct was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988), and Baker v. McCollan, 443 U.S. 137 (1979). Section 1983 is not itself a source of substantive rights, it merely provides a method for vindication of rights elsewhere conferred in the United States Constitution and Laws. Baker at 144, n.3. Therefore, a plaintiff may prevail only if he can

9

demonstrate that he was deprived of rights secured by the United States Constitution or federal statutes. "When evaluating a claim under Section 1983, [the court] must first 'identify the exact contours of the underlying right said to have been violated' in order to determine 'whether [plaintiff] has alleged a deprivation of a constitutional right at all.'" Natale v. Camden County Correctional Facility, 318 F.3d 575, 581 (3d. Cir 2003), quoting Nicini v. Morra, 212 F.3d 798, 806 (3d. Cir. 2000).

Count Five indicates that "By virtue of the foregoing, Plaintiffs are being deprived of substantive rights, privileges and/or immunities secured by the Constitution and/or laws of the State of New Jersey in violation of N.J.A.C. 13:54-1.4(h)." (Second Amended Complaint, Count Five, paragraph 113).[2] On its face, this relates to violations of New Jersey State law, and does not implicate a federal Constitutional or statutory violation. Similarly, Count Six similarly asserts that conduct enumerated previously in the complaint violates the same state regulation and plaintiff seeks relief "pursuant to 28 U.S.C. 2201 and 2202", the declaratory and further relief provisions. Those provisions, as well as 42 U.S.C. 1988, do not provide the basis of a substantive federal violation. Accordingly, plaintiff has failed to assert a federal violation against the City of Hackensack.

---

[2] In Count Five, Plaintiff Furio alleges that he applied for three handgun purchase permits on February 23, 2010 at the Hackensack Police Department (¶ 100 Second Amended Complaint, DDE # 59). Plaintiff does not allege that he was denied the ability to apply for three permits. Even if same was the case, the conduct of the Police is alleged to have violated N.J.A.C. 13:54-1.4(h), which is a state law claim.

As the Court of Appeals has made clear, a plaintiff "must assert a specific federal constitutional or statutory right in order to maintain a claim under the civil rights laws." Brown v. Borough of Mahaffey, Pa., 35 F.3d 846, 850 (3d Cir.1994); *see also* Ramirez v. United States, 998 F.Supp. 425, 431 (D.N.J.1998) (noting that "the claimant must set forth sufficient information to outline the elements of his claims or to permit inferences to be drawn that these elements exist"); 5 Wright, Miller & Kane, Federal Practice and Procedure: Civil 3d § 1216 ("a statement of facts that merely creates a suspicion that the pleader might have a legally cognizable right of action" is insufficient to state a claim).

Plaintiff's most recent complaint is devoid of any alleged Constitutional violation or federal substantive statutory violation by the City and it should therefore be dismissed as against it.

Even if Plaintiff's complaint against the City can be read to infer that there is an alleged violation of the Fourteenth Amendment, "Privileges and Immunities Clause", (which we should not be required to do under the Twombly/Iqbal standard, the claim must nevertheless fail.  As far back as the Slaughterhouse Cases 83 U.S. (16 Wall) 36 (1873), the Supreme Court indicated that the clause merely forbade infringements of the rights of national citizenship, which it enumerated as a few limited rights, such as free access to seaports.  See also Twining v. New Jersey, 211 U.S. 78 (1908).  No such rights are implicated here.

Further, violations of state law generally do not give rise to substantive due process claims. See Richmond Boro Gun Club v. City of New York, 896 F.Supp. 276 (E.D.N.Y. 1995), affirmed 97 F.3d. 681 (2d Cir. 1996). Only the most egregious official conduct will be deemed arbitrary in the constitutional sense. County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998). Furthermore, to rise to a level of a substantive due process claim, the alleged government conduct must be said to be so far beyond the pale that it is said to "shock the contemporary conscience," and the behavior deprives the plaintiff of an interest so significant that the protections apply. Desi's Pizza, Inc. v. City of Wilkes-Barre, 321 F. 3d. 411, 426-7 (3d Cir. 2003). Even if the City of Hackensack, declined to accept or issue as many permits as sought by a plaintiff, prior to any guidance by the state and in light of the new implementation of the statutes, can not be said to shock the conscience nor deprive plaintiff of an interest of such significance as to triggering Constitutional protection.

To the extent that Plaintiffs' complaint against the City could be interpreted to allege procedural due process claims, it must also fail. The City of Hackensack did not deprive plaintiff Furio of life, liberty or property without due process of law. Plaintiff must show he possessed a constitutionally protected interest and that he was deprived of same without due process of law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). First, plaintiff was not deprived of life, liberty, or property. The Court has previously indicated that the One Gun Law is not preempted by the Federal Toy

Gun Act and that it "permissibly regulates, rather than prohibits, the sale of [certain handguns]". (DDE # 50, opinion, p.6). (See also, p.9). No deprivation of a property interest has occurred by the City.

There is no suggestion that plaintiff was unable to apply for any handgun, nor that he was wrongfully denied a permit. Thus, if there was no requisite interest being taken, there is no procedural due process claim. Further, any alleged procedural irregularities do not implicate the clause. If the court believes that a requisite deprivation is plead on its face, mere negligence by a governmental actor is insufficient to effect a deprivation for purposes of Due Process and impose government liability. Daniels v. Williams, 474 U.S. 327 (1986). Random and unauthorized conduct of a governmental actor, even if intentional, does not implicate the clause if the state provides a meaningful post-deprivation remedy, Hudson v. Palmer, 468 U.S. 517, 533 (1984) and Daniels, supra. Here, plaintiff is not without a procedure available to vindicate the alleged interest. New Jersey courts are open to plaintiff to correct any municipal action if a violation of state law is implicated.

Defendant, City of Hackensack is entitled to have the Second Amended Complaint dismissed as it is entitled to the protections afforded by Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1983).

Plaintiffs in their Second Amended Complaint against the City seek an injunction enjoining Defendants from restricting the number of permits one may apply for or restricting the number a licensing authority may issue at one time and a declaration that the defendants may not limit the same. (Count Six). As plaintiff acknowledged in its original motion for an injunction, (p.33-34),

which the court denied, and as previously indicated, at best, these are state law claims, which should be dismissed.  Further, while it is the general rule that local governments are not afforded, Eleventh Amendment immunity, Board of Trustees of the University of Alabama v. Garrett, 531 U.S. 356 (2001), the City is entitled to the same in this instance. In Pennhurst, the court recognized an exception where there is a suit against officials of a local government entity, where the relief runs against the State.  Pennhurst, supra, 465 U.S. at 124, n.34.  Injunctive relief against local entities must be denied if it is clear that without the injunction against the state such an injunction would be "limited".  Id at 123.  Should the court not enjoin the conduct of the State defendant, which to date it has not done, then an injunction against the City would be "limited".  As plaintiff has indicated in its complaint, the gun permitting process involves an interplay between local and state officials that would require both to process permits in a similar fashion.  To do otherwise, would potentially require the local authority to do something that required the State to do, yet it might not agree to.  Accordingly, Eleventh Amendment immunity should be afforded to the City.

<u>The claims against the City are moot.</u>

A case is ordinarily considered "moot" and hence non-justiciable if issues presented are no longer "live" or parties lack a legally cognizable interest in the outcome. Praxis Properties, Inc. v. Colonial Savings Bank, S.L.A., 947 F.2d. 49 (3rd Cir. 1991).  Article III extends federal court jurisdiction only to "cases" or "controversies," and federal courts have no power to proceed at all where it has

14

no jurisdiction. See <u>Unalachtigo Band of the Nanticoke Lenni Lenape Nation v. Corzine</u>, 606 F.3d 126, 129 (3d. Cir. 2010). As the Supreme Court indicated in <u>Aetna Life Ins. Co. v. Haworth,</u> 57 S.Ct 461, 300 US 227, 239, 81 L.Ed. 617(1937), a Court may not "sit to decide questions in a vacuum".

  As indicated earlier, the State has provided a detailed guidance letter to the municipality advising it that the One Gun Law does not restrict individuals from obtaining more than one permit in a 30-day period, and has promulgated forms for municipalities to rely upon in processing applications under the One Gun Law.  Further, it has specifically commented on how multiple applications should be handled.  Clearly, the time lapse between the initial few weeks following the effectiveness of the latest provisions has afforded time for clarification and advice to the municipality so that an injunction is not warranted.  If Plaintiffs have concerns about the nature of the forms, these are more appropriately directed to the State defendants as local governments do not generate these documents, and should not be subjected to liability based on the same.

  To the extent that Plaintiff alleges that the matter is not moot because it seeks counsel fees and costs under 42 U.S.C. 1988, the court should not hesitate to dismiss the claim as this section provides for a discretionary award of fees where there has been an alleged violation under 42 U.S.C. 1983.  For the reasons set forth previously, plaintiff has failed to allege a federal claim for which it could obtain relief under this provision, such that it would be entitled to fees.  The City of Hackensack has not violated a Constitutional right so that

15

plaintiff would be entitled to prevail on a federal claim. Accordingly, the assertion of a remedy of fees under this provision can not save this federally deficient complaint, and should not prevent the court from dismissing the same.

To the extent that any cognizable claims may exist, plaintiffs' claims for relief are solely state court claims, for which it can seek redress in State Court.

## **CONCLUSION**

Plaintiff's proposed amended complaint is futile because none of the asserted claims states a claim for which relief can be granted by this court. To the extent that there may be any, they are moot, Accordingly the court has no jurisdiction to entertain the matter.

For the foregoing reasons, the matter must be dismissed pursuant to FRCP 12(b)(1), 12(b)(6) and 12(h)(3).

Respectfully Submitted,
ZISA & HITSCHERICH, ESQS.

/s Craig M. Pogosky
By: _____
CRAIG M. POGOSKY, ESQ. (5849)

Dated January 11, 2011