```
FARER FERSKO, a Professional Association
600 South Avenue
P.O. Box 580
Westfield, NJ  07091-0580
(908) 789-8550
Attorneys for Plaintiffs
Association of New Jersey Rifle and
Pistol Clubs, Inc., Scott L. Bach,
Kaare A. Johnson, Vincent Furio, Steven Yagiello
and Bob's Little Sport Shop, Inc.
```

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation<br><br>Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563;<br><br>Defendants. | Civil Action No.:<br>10-cv-271 (JAP)(TJB)<br><br>**SUPPLEMENTAL CERTIFICATION OF SCOTT BACH** |

SCOTT L. BACH, hereby certify as follows:

1. I am both an individual Plaintiff in this action and the President of the Association of New Jersey Rifle

and Pistol Clubs, Inc. (the "Association"), another Plaintiff in this action. I am fully familiar with facts stated herein, and I submit this supplemental certification in support of Plaintiffs' motion for summary judgment and in opposition to Defendants' motions to dismiss the Second Amended Complaint.

    2.  On February 2, 2010, I submitted a certification in support of Plaintiffs' motion for a preliminary injunction. I submit this supplemental certification to advise the Court of certain additional facts which are relevant to Plaintiffs' current motion for summary judgment and Defendants' motions to dismiss.

    3.  As I indicated in my previous certification, on or about August 6, 2009, Governor Corzine signed into law the One Gun Law which prohibits the delivery or purchase of more than one handgun within a 30 day period.

    4.  On or about January 12, 2010, Governor Corzine signed into law amendments to the One Gun Law which created extremely limited exemptions to the 30 day prohibition on transfer of a more than one handgun (the "Exemptions"), including an exemption for collectors that I described more fully in my previous certification (the "Collector Exemption").

5.   In accordance with this legislation, to obtain any of the Exemptions, a person must make an application to the Superintendent of the New Jersey State Police (the "Superintendent").

6.   As of the time this action was commenced, in January 2010, there were no regulations or forms promulgated that enabled a person to apply for any of the Exemptions.

7.   In or about April of 2010, the Superintendent promulgated forms to be used in applying for the Exemptions.  Attached hereto as **Exhibit "A"** are forms S.P. 015 and S.P. 016 which are, respectively, the **Application for Multiple Handgun Purchase Exemption** (S.P. 015) and the **Seller/Transferor Certification** (S.P. 016).

8.   As indicated on the forms, themselves, S.P. 015 must be completed by the applicant and S.P. 016 must be completed by the seller.  Both forms must then be submitted to the Superintendent as part of the application for an Exemption.

9.   Further, both forms require that the applicant and the seller identify in advance the multiple handguns sought to be purchased.

10.  In other words, the only way to even apply for an Exemption an applicant must first identify in advance of

the application which handguns he wishes to purchase and the seller from which he wishes to purchase them. He must then convince the seller to (1) not sell the handguns to anyone else, (2) fill out the S.P. 016 and (3) wait an indeterminate period of time until the applicant receives a disposition from the Superintendent. Based on experience with other firearms permit applications in the State of New Jersey, this waiting period could be many months.

11. Conceptually, the process appears designed to frustrate most legitimate attempts to qualify for the Exemptions. This is because, except under unusual circumstances, a licensed dealer is unlikely to be willing to hold multiple handguns off the market while the applicant waits many months to obtain a disposition from the Superintendent. The process requires licensed dealers to agree not to sell the handguns to another purchaser for an extended period of time, something patently unreasonable.

12. So, by way of example, if a decedent's estate in Pennsylvania included a rare collection of ten Colt single action revolvers, a New Jersey collector would be at a dramatic disadvantage in attempting to purchase that collection. The seller would be extremely unlikely to wait for the New Jersey collector to wade through the months-

4

long bureaucratic morass of the Exemption application, without any certainty about whether an Exemption will be granted at the end of the wait. He would, instead, sell it to someone not from New Jersey.

13. Prior to the One Gun Law, such a New Jersey collector could, and likely would, have multiple Purchase Permits already in hand waiting for such an opportunity. This was a common practice and, in fact, the Certification of Kaare Johnson confirms that he regularly did that very thing so that he could immediately acquire collectable handguns as soon as he came across them.

14. Thus, the Exemptions, as enacted, make it exceptionally difficult for a qualified purchaser to make legitimate multiple purchases as intended by the Legislature.

15. And, in fact, this was exactly my experience when I attempted to make use of the new forms. Since the forms were promulgated, I have made several attempts to convince sellers to hold multiple handguns for me so that I could apply for and obtain a Collector Exemption. Such sellers either flat out refused (reacting as if the request to wait an indeterminate period of time while I applied for a Collector Exemption was unreasonable and unacceptable) or never bothered to respond at all.

16. Accordingly, although the Legislature explicitly intended that collectors and competitors be able engage in the same multiple handgun purchases they could prior to the One Gun Law, the manner in which the Exemptions have been enacted makes the Exemptions purely illusory. The Exemptions create only the appearance of exemptions which in reality do not exist for most collectors, because the way they are crafted makes their exercise nearly impossible.

17. In view of the foregoing, and for the other reasons cited in the accompanying documents, the Court should grant plaintiffs' motion for summary judgment.

I certify under penalty of perjury that the foregoing is true and correct.

Executed on March 10, 2011

*[signature]*

_____
Scott L. Bach