```
            UNITED STATES DISTRICT COURT
               DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation,<br><br>    Plaintiffs,<br><br>           v.<br><br>CHRIS CHRISTIE Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); and XYZ MUNICIPALITIES 1-565;<br><br>    Defendants. | CIVIL ACTION No. 10-cv-271-JAP-TJB<br><br>On Defendants' Motion for Dismissal of Second Amended Complaint Pursuant to Fed.R.Civ.P. 12(b)(1) and Fed.R.Civ.P. 12(b)(6) and On Plaintiffs' Motion for Summary Judgment<br><br>Return Date:<br>May 2, 2011 |

**BRIEF ON BEHALF OF STATE DEFENDANTS IN REPLY TO PLAINTIFFS' OPPOSITION TO THEIR MOTION TO DISMISS PLAINTIFFS' SECOND AMENDED COMPLAINT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

                    PAULA T. DOW
                    ATTORNEY GENERAL OF NEW JERSEY
                    Attorney for Defendants-Movants (the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police)
                    R.J. Hughes Justice Complex
                    25 Market Street
                    P.O. Box 112
                    Trenton, New Jersey 08625-0112

GREGORY A. SPELLMEYER
gregory.spellmeyer@dol.lps.state.nj.us
Deputy Attorney General, Division of Law
(609) 984-9504
    On the Brief

**TABLE OF CONTENTS**

PAGE

PRELIMINARY STATEMENT.. . . . . . . . . . . . . . . . . . . . . . . . 1

PROCEDURAL HISTORY AND STATEMENT OF THE MATTER INVOLVED . . . . 2

LEGAL ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

    POINT I

    THE AVAILABILITY OF STATE COURT REMEDIES SATISFIES ANY REQUIREMENTS OF PROCEDURAL DUE PROCESS, AND PLAINTIFFS' ALLEGATION THAT THE EXEMPTION PROCESS DOES NOT FULFILL THE NEW JERSEY LEGISLATURE'S INTENT FAILS TO STATE A COGNIZABLE FEDERAL CLAIM.. . . . . . . . . . . . . . . . . . 4

    POINT II

    PLAINTIFFS' CLAIM THAT MUNICIPALITIES ARE VIOLATING STATE LAW BY REFUSING TO PROCESS MULTIPLE APPLICATIONS FOR A PERMIT TO PURCHASE A HANDGUN IN ANY THIRTY (30) DAY PERIOD SHOULD BE DISMISSED BECAUSE IT FAILS TO PRESENT A COGNIZABLE FEDERAL CLAIM.. . . . . . . . . . . . . . . . . . . 11

CONCLUSION .. . . . . . . . . . . . . . . . . . . . . . . . . . . . 13

**TABLE OF AUTHORITIES**

CASES CITED

Alvin v. Suzuki, 227 F.3d 107 (3d Cir. 2000). . . . . . . . . . . . 6

Anderson v. Liberty Lobby, Inc., 477 U.S. 242 (1986). . . . . . 3

Bell Atl. Corp. v. Twombly, 550 U.S. 544 (2007).. . . . . . . . . 3

Celotex Corp. v. Catrett, 477 U.S. 317 (1986).. . . . . . . . . . 3

Chiropractic America v. LaVecchia,
180 F.3d 99 (3d Cir. 1999). . . . . . . . . . . . . . . . . . . . 9

Hain v. Deleo, 2010 U.S. Dist. LEXIS 116393
(M.D. Pa. Nov. 2, 2010).. . . . . . . . . . . . . . . . . . . . . 6

Pennhurst State School & Hospital v. Halderman,
465 U.S. 89 (1983). . . . . . . . . . . . . . . . . . . . 6,10,12,13

Reilly v. City of Atlantic City, 532 F.3d 216
(3d Cir. 2008), cert. denied, 129 S. Ct. 1316 (2009). . . . . . . 7

Revell v. Port Auth., 598 F.3d 128 (3d Cir. 2010).. . . . . . . 7,8

Swarthout v. Cooke, 131 S. Ct. 859 (2011).. . . . . . . . . . . 12

Taylor Inv. Ltd. v. Upper Darby Twp.,
983 F.2d 1285 (3d Cir.).. . . . . . . . . . . . . . . . . . . . . 9

**TABLE OF AUTHORITIES**

STATUTES CITED

42 U.S.C. § 1983. . . . . . . . . . . . . . . . . . . . . . . . 8

N.J.S.A. 2C:58-3d.. . . . . . . . . . . . . . . . . . . . . . 13

N.J.S.A. 2C:58-3.4a.. . . . . . . . . . . . . . . . . . . . . . 7

N.J.S.A. 2C:58-3.4b.. . . . . . . . . . . . . . . . . . . . . . 7

N.J.S.A. 2C:58-3.4c.. . . . . . . . . . . . . . . . . . . . . . 7

RULES CITED

Fed.R.Civ.P. 12(b)(6).. . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 56(c).. . . . . . . . . . . . . . . . . . . . . 3

Fed. R. Civ. P. 56(d).. . . . . . . . . . . . . . . . . . . . . 3

R. 2:2-3(a).. . . . . . . . . . . . . . . . . . . . . . . . . . 7

**PRELIMINARY STATEMENT**

The One Handgun Per Month Law is not encompassed within the Fourteenth Amendment's protection of property for purposes of procedural due process. Therefore, due process does not require that the exemption process provide any procedural protections. Even if due process were triggered, the State court remedies available to any applicant seeking an exemption from the One Handgun Per Month Law satisfy its procedural requirements. Plaintiffs present no contention as to how the State court remedies are constitutionally inadequate.

Notwithstanding the availability of State court remedies, the exemption process itself provides an applicant sufficient procedural due process because it provides a fair process to qualify for an exemption. There is no dispute that plaintiffs are able to apply for and may receive an exemption in order to be able to purchase multiple handguns within a thirty (30) day period. The process achieves the law's objectives and fulfills the Legislature's intent. Even if it did not do so, plaintiffs' invitation to this Court to resolve their State law claim that the process does not satisfy the New Jersey Legislature's intent is an invitation to violate the State's Eleventh Amendment sovereignty. This claim should be resolved by the State courts, not this Court.

**PROCEDURAL HISTORY AND STATEMENT OF THE CASE**

Defendants rely upon the Statement of the Case and Procedural History as set forth in their initial brief. See Docket Entry #64-1. Defendants submit this brief in reply to plaintiffs' opposition to defendants' motion to dismiss plaintiffs' second amended complaint for its failure to state a claim upon which relief can be granted. See District Docket Entry #64. This brief is also submitted in opposition to plaintiffs' motion for summary judgment. See District Docket Entry #72. Because plaintiffs acknowledge that this Court previously dismissed counts one and two, defendants do not address those counts in this brief. See District Docket Entry #73, Plaintiffs' Brief pp. 25.[1]

For purposes of plaintiffs' motion for summary judgment, these defendants do not accept the allegations within plaintiffs' second amended complaint or supporting brief as true. See Declaration of Gregory A. Spellmeyer, ¶8. Also, certain paragraphs within plaintiffs' statement of material facts are, in fact, not material to plaintiffs' due process challenge and so should not be considered in resolving their motion. See Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts. Further as to plaintiffs' motion for summary judgment, these defendants dispute certain paragraphs of plaintiffs' statement of material facts

---

[1] The references to the page numbers of briefs are to the page numbers imposed at the top of each document entry by the court's ECF system.

pursuant to Fed. R. Civ. P. 56(d) because facts are unavailable to these defendants at this time. See Defendants' Response to Plaintiffs' Statement of Undisputed Material Facts; see also Declaration of Gregory A. Spellmeyer, ¶9.

## LEGAL ARGUMENT

Summary judgment is appropriate where the court is satisfied that "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law." Celotex Corp. v. Catrett, 477 U.S. 317, 330 (1986); Fed. R. Civ. P. 56(c). An issue is genuine if it is supported by evidence such that a reasonable jury could return a verdict in the nonmoving party's favor. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material if, under the governing substantive law, a dispute about the fact might affect the outcome of the suit. Id.

As to defendants' motion to dismiss plaintiffs' second amended complaint, plaintiffs cite outdated case law concerning the applicable standard under Fed. R. Civ. P. 12(b)(6). District Docket Entry #73, Plaintiffs' Brief pp. 28-29. The standard is not whether "it appears to a certainty that no relief could be granted under any set of facts which could be proved." District Docket Entry #73, Plaintiffs' Brief p. 28. This description of the standard was abrogated four years ago in Bell Atl. Corp. v.

Twombly, 550 U.S. 544, 555 (2007).  The standard has been clarified to require that a plaintiff present sufficient factual grounds supporting a right to relief which rise above the speculative level such that the claim to relief is plausible on its face.  See District Docket Entry #64-1, Defendants' Brief p. 7.

## POINT I

**THE AVAILABILITY OF STATE COURT REMEDIES SATISFIES ANY REQUIREMENTS OF PROCEDURAL DUE PROCESS, AND PLAINTIFFS' ALLEGATION THAT THE EXEMPTION PROCESS DOES NOT FULFILL THE NEW JERSEY LEGISLATURE'S INTENT FAILS TO STATE A COGNIZABLE FEDERAL CLAIM.**

The One Handgun Per Month Law was enacted to deter the "straw purchases" of multiple handguns for the illegal and dangerous purpose of selling handguns to felons and others unable to lawfully obtain them.  It was enacted to further the pubic safety, and it does not deprive plaintiffs of any right.  Plaintiffs' second amended complaint should be dismissed for its failure to state a claim.

Defendants have argued that this Court should dismiss as moot and as failing to state a federal claim any attack on the alleged tardiness of the Division of State Police in promulgating the procedures and forms to implement the exemptions.  See District Docket Entry #64-1, Defendants' Brief, Point II(A),(B), pp. 15-23.  Plaintiffs respond that they do not present any claim deriving or arising from the timing of the promulgation of the exemption process.  District Docket Entry #73, Plaintiffs' Brief pp. 26, 36.

Defendants also have argued that the exemption process does not effect a violation of due process, either substantive or procedural. See District Docket Entry #64-1, Defendants' Brief, Point II(C), pp. 23-27. Plaintiffs respond that they "do not argue that the amount of time it takes to apply for the Exemptions violates Due Process. Plaintiffs also do not argue that requiring an applicant to identify the multiple handguns being purchased pursuant to the Exemptions violated Due Process." District Docket Entry #73, Plaintiffs' Brief p. 30. Finally, they do not argue that the process violates any right to substantive due process. District Docket Entry #73, Plaintiffs' Brief pp. 29-35.

Instead, plaintiffs argue that the exemption process violates procedural due process because it allegedly does not provide a procedural means to obtain the statutory right to an exemption. District Docket Entry #73, Plaintiffs' Brief pp. 30, 31, 33. They argue that the exemption process "violate[s] Due Process because [it] result[s] in illusory Exemptions contrary to the express intent of the Legislature." District Docket Entry #73, Plaintiffs' Brief p. 29.[2] This argument should be rejected.

The exemption process achieves the law's objectives and fulfills the New Jersey Legislature's intent by permitting an

---

[2]Plaintiffs later state, and specifically as to counts three and four, that "there are no state law claims directed against the State Defendants." District Docket Entry #73, Plaintiffs' Brief p. 40 (emphasis in original).

individual to qualify to purchase multiple handguns within a thirty (30) day period. There is no dispute that Plaintiffs are able to apply for and may receive an exemption in order to be able to purchase multiple handguns within a thirty (30) day period. Further, plaintiffs' claim that the process does not satisfy the New Jersey Legislature's intent does not present a federal cause of action. Plaintiffs' invitation to this Court to resolve this State law claim is an invitation to violate the State's Eleventh Amendment sovereignty as construed in Pennhurst State School & Hospital v. Halderman, 465 U.S. 89 (1983), which deprives federal courts of jurisdiction over equitable and declaratory State-law claims brought against State officials. Pennhurst deprives this Court of jurisdiction to "instruct state officials on how to conform their conduct to state law." Pennhurst, 465 U.S. at 106. This claim should be resolved by the State courts.

Further, plaintiffs do not have a legitimate claim of an entitlement to an exemption under the One Handgun Per Month Law such that the federal constitution requires any due process protection. See Hain v. Deleo, 2010 U.S. Dist. LEXIS 116393, at *15-20 (M.D. Pa. Nov. 2, 2010) (because firearm carry licensing statute invested official with discretion to deny license, statute was not encompassed within "Fourteenth Amendment's protection of property for purposes of procedural due process"); Alvin v. Suzuki, 227 F.3d 107, 116 (3d Cir. 2000). The discretion provided to the

6

Superintendent in determining whether to grant an exemption is sufficiently broad that plaintiffs cannot claim to have an entitlement to it.  See N.J.S.A. 2C:58-3.4a (Superintendent may grant an exemption); N.J.S.A. 2C:58-3.4b (Superintendent shall not grant "exemption if he finds a reasonable likelihood that the public safety would be endangered by granting the exemption"). Therefore, the One Handgun Per Month Law is not encompassed within the Fourteenth Amendment's protection of property for purposes of procedural due process and the exemption process is not required to provide any procedural protections.

 Notwithstanding that the One Handgun Per Month Law does not trigger the application of constitutional due process, the availability of State-court remedies defeats plaintiffs' procedural due process claim.  See N.J.S.A. 2C:58-3.4c (hearing in Superior Court to be provided upon request from denial of exemption); R. 2:2-3(a)(1) (providing an appeal as of right from final judgments of Superior Court).  Adequate State court post-deprivation remedies generally satisfy the requirements of procedural due process. Revell v. Port Auth., 598 F.3d 128, 138-39  (3d Cir. 2010). Because plaintiffs may obtain relief in the State courts from the denial of or failure to act upon any application for an exemption, their procedural due process claim lacks merit and does not state a federal claim upon which relief can be granted.  Reilly v. City of Atlantic City, 532 F.3d 216, 235-36 (3d Cir. 2008), cert. denied

7

sub nom. Flipping v. Reilly, 129 S. Ct. 1316 (2009). Importantly, plaintiffs present no contention as to how the available State court remedies are constitutionally inadequate.

Plaintiffs respond to the availability of State court remedies only by arguing that they have no obligation to exhaust their state court remedies before pursuing a claim under 42 U.S.C. § 1983 that their federal due process rights have been violated. District Docket Entry #73, Plaintiffs' Brief p. 32. Plaintiffs' response confuses the requirements of procedural due process with the doctrine of exhaustion. Plaintiffs have no obligation to exhaust their State court remedies before bringing a federal court action seeking to correct alleged constitutional procedural due-process violations. But in their federal action, they must nevertheless be able to explain how the State court remedies are inadequate and fail to afford the process due under the federal constitution. Revell, 598 F.3d at 133. Again, plaintiffs present no contention as to how the available State court remedies are constitutionally inadequate.

Even if there were no post-deprivation State court remedies available, plaintiffs still fail to present a viable argument that the exemption process itself is "illusory" and deprives them of procedural due process. "Plaintiffs . . . do not argue that requiring an applicant to identify the multiple handguns being purchased pursuant to the Exemptions violated Due Process."

8

District Docket Entry #73, Plaintiffs' Brief p. 30. Even so, the requirement to provide information regarding the handgun(s) sought to be purchased pursuant to the exemption does not deprive an applicant of any property or any opportunity to seek to qualify to purchase a handgun(s). See Chiropractic America v. LaVecchia, 180 F.3d 99, 113 (3d Cir. 1999)(procedural due process claim that provision in arbitration process denied any practical right to contest medical treatment judgments to be determined by whether process in fact provided fair opportunity to contest judgments).

Indeed, plaintiffs do not identify any circumstance wherein an application for an exemption was denied, much less was denied on the basis of the information provided regarding the handgun(s) sought to be purchased. (Nor, again, do they identify how the available State court remedies would not afford sufficient post-deprivation due process in such circumstance.) The opportunity for a fair process and determination as to whether the exemption should be granted is not diminished. See Taylor Inv. Ltd. v. Upper Darby Twp., 983 F.2d 1285, 1290 (3d Cir. 1993)(to prevail on procedural due process claim, plaintiffs must have been deprived of property interest by denial of fair legal process). That a plaintiff is allegedly unable to purchase a specific handgun from a specific dealer, not because he was denied an exemption but because the dealer sold it to another person, is immaterial to whether that plaintiff had a fair process to qualify for an exemption to

9

purchase that handgun. This simply is not an argument that a plaintiff was denied a fair process to qualify for an exemption.

Plaintiffs err in contending (notably without any supporting statutory language) that the One Handgun Per Month Law provides an applicant more than the right to seek to qualify for an exemption in order to be able (to attempt) to purchase more than one handgun within a thirty (30) day period. District Docket Entry #73, Plaintiffs' Brief p. 35. The law speaks for itself and is clear that it provides no more and no less. There is no "express" or other Legislative intent that the law create a right beyond the issuance or the denial of a request for an exemption. Further, again, plaintiffs' invitation to this Court to resolve their claim that the exemption process violates the State law in this regard is an invitation to violate the State's Eleventh Amendment sovereignty as construed in Pennhurst, 465 U.S. 89 (1983). To the extent that a viable claim is presented, it should be resolved by the State courts.

In sum, the One Handgun Per Month Law is not encompassed within the Fourteenth Amendment's protection of property for purposes of procedural due process and the exemption process is not required to provide any procedural protections. Notwithstanding this, the availability of State court remedies provides sufficient procedural due process. Similarly, the exemption process itself provides an applicant sufficient procedural due process. The

process achieves the law's objectives and fulfills the Legislature's intent by permitting an individual to qualify to purchase multiple handguns within a thirty (30) day period.  Even if it did not do so, such claim does not present a federal cause of action and should be resolved by the State courts.

## POINT II

**PLAINTIFFS' CLAIM THAT MUNICIPALITIES ARE VIOLATING STATE LAW BY REFUSING TO PROCESS MULTIPLE APPLICATIONS FOR A PERMIT TO PURCHASE A HANDGUN IN ANY THIRTY (30) DAY PERIOD SHOULD BE DISMISSED BECAUSE IT FAILS TO PRESENT A COGNIZABLE FEDERAL CLAIM.**

Plaintiffs argue that the alleged refusal of Hackensack to process, in any thirty (30) day period, more than one application for a permit to purchase a handgun or any application for more than one permit to purchase violates State law.[3]  See Docket Entry #73, Plaintiff's Brief, pp. 22-26, 36-40.  The State Police has issued guidance advising municipalities that the One Handgun Per Month Law does not restrict individuals from obtaining more than one permit in a 30-day period.  See Docket Entry #50, Opinion Filed June 14, 2010, p.3 n.2, p.10.  See also Docket Entry #32.  As this Court has already determined, "all parties appear to be in accord" regarding this issue.  See Docket Entry #50, Opinion Filed June 14, 2010, p.9.  Should this claim not be moot, these alleged violations

---

[3] Plaintiffs also identify Harrison as not complying with the State law, but Harrison is not a defendant.  See Docket Entry #73, Plaintiff's Brief, pp. 25-26.

nevertheless do not present a viable federal claim. An error of state law is not a denial of due process. Swarthout v. Cooke, 131 S. Ct. 859, 863 (2011) (citations omitted). It is, at most, a State-law claim. Plaintiffs admit such. See Docket Entry #73, Plaintiff's Brief, p. 37 n.5. Their invitation to this Court to resolve the State-law claim is an invitation to violate the State's Eleventh Amendment sovereignty as construed in Pennhurst, 465 U.S. 89 (1983). This claim should be resolved by the State courts.

Plaintiffs respond that Pennhurst does not apply to municipalities and so does not apply to their claims against Hackensack. District Docket Entry #73, Plaintiffs' Brief p. 40. First, although this claim is not brought as to the State defendants, the State has an interest in this issue because plaintiffs seek injunctive relief as to State law and the law is relevant and applicable to the Division of State Police. The interpretation of this federal court as to the State law and the imposition of any federal court injunction as to Hackensack regarding that law is of interest to the State. Second, as argued in the State's initial brief, Pennhurst recognized an exception that grants the protections of Eleventh Amendment sovereign immunity to local entities in certain circumstances:

> a suit against officials of a county or other [local] governmental entity is barred if the relief obtained runs against the State.
>
> [Pennhurst, 465 U.S. at 124 n.34.]

12

Injunctive relief against local entities must be denied if

> it is clear that without the injunction against the state . . . officials in this case, an order entered on state-law grounds [against only local defendants] necessarily would be limited.

[Id. at 123-23.]

An injunction directing Hackensack to process permits to purchase more than one handgun or to process more than one permit in a single month would be "limited" under New Jersey law without an injunction compelling the Superintendent of the Division of State Police to do likewise because, in many situations, the Superintendent is the issuer. N.J.S.A. 2C:58-3d. Eleventh Amendment jurisprudence does not tolerate this type of piecemeal relief, and the municipalities also enjoy Pennhurst protection. Plaintiffs should bring their State-law claims in State courts, which have jurisdiction to resolve these claims.

Counts five and six raise claims that only present claims under State law, not viable federal claims. The Pennhurst doctrine deprives this Court of jurisdiction to effect a resolution of these State-law claims. This Court must dismiss these claims.

## CONCLUSION

For the foregoing reasons, this Court must dismiss plaintiffs' second amended complaint as against all defendants. None of plaintiffs' federal claims has merit, and all should be dismissed for their failure to state a claim. Further, this Court lacks

13

jurisdiction to resolve the second amended complaint's State-law claims.

                                              Respectfully submitted,

                                              PAULA T. DOW
                                              ATTORNEY GENERAL OF NEW JERSEY
                                              ATTORNEY FOR THE STATE DEFENDANTS

                                              BY:   /s/ Gregory A. Spellmeyer
                                                    Gregory A. Spellmeyer
                                                    Deputy Attorney General

Dated: April 5, 2011