PAULA T. DOW
Attorney General of New Jersey
R. J. Hughes Justice Complex
P.O. Box 112
Trenton, New Jersey 08625-0112
Attorney for the Governor of the State of New Jersey, the Attorney
    General of the State of New Jersey, and the Superintendent of
    the New Jersey Division of State Police, Defendants

By:   Gregory A. Spellmeyer
      Deputy Attorney General
      (609) 984-9504
      Gregory.Spellmeyer@dol.lps.state.nj.us
_____

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation,<br><br>    Plaintiffs,<br><br>v.<br><br>CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563;<br><br>    Defendants. | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY<br><br>VICINAGE OF TRENTON<br><br>Honorable Joel A. Pisano, U.S.D.J.<br><br>CIVIL ACTION No. 10-cv-271-JAP-TJB<br><br>DEFENDANTS' RESPONSE TO PLAINTIFFS' STATEMENT OF UNDISPUTED MATERIAL FACTS |

Defendants the Governor of the State of New Jersey, the Attorney General of the State of New Jersey, and the Superintendent of the New Jersey Division of State Police, by and through their attorney, Paula T. Dow, Attorney General of New Jersey, Gregory A. Spellmeyer, Deputy Attorney General, appearing, submit the

following response to plaintiffs' statement of material facts pursuant to L.Civ.R. 56.1(a).

1. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting schemes may be material, New Jersey law and regulations speak for themselves.

2. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves. Defendants also assert that the remainder of the paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

3. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

    Defendants also assert that the remainder of the paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

4. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

5. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

6. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact.

7. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants object to the characterization of the Executive Order 145 which speaks for itself.

8. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

9. New Jersey law and regulations speak for themselves.

10. This paragraph's reference to the Superintendent's designee on the Task Force is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, New Jersey law and regulations speak for themselves.

11. New Jersey law and regulations speak for themselves.

12. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

13. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

14. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

15. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

16. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

17. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

18. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact.

19. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

20. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.  Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.  Without waiving these objections, New Jersey law and regulations speak for themselves.

21. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

22. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Without waiving this objection, New Jersey law and regulations speak for themselves.

23. Defendants object to this paragraph to the extent that it presents a legal argument rather than a purported statement of fact.  Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See

Declaration of Gregory A. Spellmeyer, ¶9.  Defendants object to this paragraph to the extent that it seeks to incorporate by reference purported facts rather than include them in the Statement of Material Facts in accordance with L. Civ. R. 56.1(a).

24. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

25. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

26. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  See Declaration of Gregory A. Spellmeyer, ¶9.

27. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.  Without waiving these objections, New Jersey law and regulations speak for themselves.

28. Defendants dispute that Exhibit A to the Supplemental Bach Certification is the most recently promulgated S.P. form 015, Application for Multiple Handgun Purchase Exemption.  Also, New Jersey law and regulations speak for themselves.

29. New Jersey law and regulations speak for themselves.

30. New Jersey law and regulations speak for themselves.

31. New Jersey law and regulations speak for themselves. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

32. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time.  <u>See</u>

Declaration of Gregory A. Spellmeyer, ¶9.  Without waiving these objections, New Jersey law and regulations speak for themselves.

33. Defendants object to this paragraph because it presents a hypothetical scenario and legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

34. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

35. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.  Without waiving these objections, New Jersey law and regulations speak for themselves.

36. Defendants assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition

are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

37. Defendants object to this paragraph because it presents a legal argument rather than a purported statement of fact. Without waiving this objection, New Jersey law and regulations speak for themselves.

38. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9. Without waiving this objection, to the extent that New Jersey's general handgun permitting process may be material, New Jersey law and regulations speak for themselves.

39. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

40. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

41. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

42. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

43. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

44. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

45. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

46. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

47. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. <u>See</u> Declaration of Gregory A. Spellmeyer, ¶9.

48. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

49. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5.

50. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

51. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert

that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

52. This paragraph is not material to plaintiffs' due process challenge and so should not be considered in resolving plaintiffs' motion. See Declaration of Gregory A. Spellmeyer, ¶¶4,5. Without waiving this objection, defendants also assert that this paragraph is genuinely disputed on the ground that facts essential to justify their opposition are unavailable to them at this time. See Declaration of Gregory A. Spellmeyer, ¶9.

                                          PAULA T. DOW
                                          ATTORNEY GENERAL OF NEW JERSEY

Dated: April 5, 2011        BY:   /s/ Gregory A. Spellmeyer
                                          Gregory A. Spellmeyer
                                          Deputy Attorney General