PAULA T. DOW  
Attorney General of New Jersey  
R. J. Hughes Justice Complex  
P.O. Box 112  
Trenton, New Jersey 08625-0112  
Attorney for the Governor of the State of New Jersey, the Attorney
General of the State of New Jersey, and the Superintendent of
the New Jersey Division of State Police, Defendants

By:   Gregory A. Spellmeyer  
      Deputy Attorney General  
      (609) 984-9504  
      Gregory.Spellmeyer@dol.lps.state.nj.us  

_____

| | |
|---|---|
| ASSOCIATION Of NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON; VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | UNITED STATES DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY |
| Plaintiffs, | VICINAGE OF TRENTON |
| v. | Honorable Joel A. Pisano, U.S.D.J. |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-563; | CIVIL ACTION No. 10-cv-271-JAP-TJB  DECLARATION OF GREGORY A. SPELLMEYER |
| Defendants. | |

_____

I, Gregory A. Spellmeyer, declare as follows:

1. I am a Deputy Attorney General employed by the Division of Law within the New Jersey Department of Law and Public Safety.

2. I am assigned to represent defendants the Governor of the State of New Jersey, the Attorney General of the State of New

      Jersey, and the Superintendent of the New Jersey Division of State Police in the above-captioned matter.

3. I make this declaration in support of these defendants' opposition to plaintiffs' motion for summary judgment and in particular in support of these defendants' response to plaintiffs' statement of undisputed material facts.

4. In counts three and four, plaintiffs allege that, prior to April 6, 2010, there was no procedure in place by which an individual could apply for one or more of the exemptions to New Jersey's One Handgun Per Month Law so that the Superintendent could grant any of the exemptions and he/she could purchase multiple handguns within a thirty (30) day period. See Docket Entry #59, Second Amended Complaint ¶ 45. See also Docket Entry #59, Second Amended Complaint ¶¶ 39,41,43,70,71,74.

5. Plaintiffs allege that, as to those plaintiffs who would qualify for one or more exemptions and therefore be entitled under the One Handgun Per Month Law to purchase multiple handguns within a thirty (30) day period, the lack of a procedure deprived them of liberty and/or property without due process of law in violation of the Fourteenth Amendment. See Docket Entry #59, Second Amended Complaint ¶¶ 46,47.

-2-

6. Plaintiffs' allegation presents an issue of law subject to judicial disposition on its pleading as to whether it states a claim upon which relief can be granted.

7. For purposes of these defendants' motion to dismiss plaintiffs' second amended complaint pursuant to Fed. R. Civ. P. 12(b)(6) only, defendants must accept the allegations within plaintiffs' complaint as true.

8. For purposes of plaintiffs' motion for summary judgment, these defendants do not accept the allegations within plaintiffs' complaint or their supporting brief as true.

9. Further as to plaintiffs' motion for summary judgment, these defendants dispute certain of plaintiffs' statement of material facts pursuant to Fed. R. Civ. P. 56(d) because facts are unavailable to these defendants at this time. No discovery has yet been undertaken.

```
                                        PAULA T. DOW
                                        ATTORNEY GENERAL OF NEW JERSEY

Dated: April 5, 2011          BY:   /s/ Gregory A. Spellmeyer
                                    Gregory A. Spellmeyer
                                    Deputy Attorney General
```