UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| **ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., et al.,** | : : : : : : | Civil Action No. 10-271 (JAP) |
| **Plaintiffs,** | : : : | **ORDER** |
| v. | : : | |
| **GOVERNOR CHRISTOPHER J. CHRISTIE, et al.,** | : : : | |
| **Defendants.** | : : | |

 This matter having been opened to the Court through a Motion [Docket Entry No. 82] by Defendant City of Hackensack ("Defendant") for an Order sealing: (1) a brief and certification in opposition to Plaintiffs' Motion for Summary Judgment and in further support of its Motion to Dismiss (the "Confidential Materials") [Docket Entry No. 81]; and the Court noting that Plaintiffs have not filed an opposition to the instant motion; and the Court finding that the Third Circuit recognizes "a common law public right of access to judicial proceedings and records" (*In re Cendant Corp.*, 260 F.3d 183, 192 (3d Cir. 2001)); and the Court finding that the right of access is "not absolute" and must be weighed against the litigants' interest in secrecy ((*Leucadia, Inc. v. Applied Extrusion Techs., Inc.*, 998 F.2d 157, 165 (3d Cir. 1993)); and the Court further finding that the analysis outlined by the Third Circuit has been codified as L.Civ.R. 5.3; and the Court finding that under L.Civ.R. 5.3(c) a party seeking an Order to seal materials must describe "(a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available" (L.Civ.R. 5.3 (c)(2)); and Defendant arguing that the Confidential Materials describe applications for handgun purchase permits of one of the plaintiffs and annexed copies of the same; and Defendant further arguing that N.J.A.C. 13:54-1.15 provides in pertinent part as follows: "[a]ny application for a permit, firearms identification card, or license, and any

document reflecting the issuance or denial of such permit . . . is not a public record and shall not be disclosed to any person not authorized by law . . .'"; and the Court noting that it appears as though no brief was filed with the Motion as required by L.Civ.R. 7.1(d)(1), nor a statement that no brief is necessary and the reasons therefor as required by L.Civ.R. 7.1(d)(4); and the Court further noting that all Motions to Seal or Otherwise Restrict Public Access under L.Civ.R. 5.3 shall be made by formal motion pursuant to L.Civ.R. 7.1; and the Court holding that Defendants' description of the legitimate private interest which warrants the relief sought, the clearly defined or serious injury that would result if the Confidential Materials were made public, and the reasons why any less restrictive alternatives are unavailable are grossly inadequate; and the Court further holding that while Defendants' Motion to Seal does not meet the sealing standards set forth in L.Civ.R. 5.3(c)(2), the Court shall nevertheless seal the Confidential Materials on a temporary basis pursuant to L.Civ.R. 5.3(c)(6) because of the alleged sensitive subject matter of the documents; and the Court having considered this matter pursuant to FED.R.CIV.P. 78, and for good cause shown,

IT IS on this 22nd day of June, 2011,

ORDERED that supplemental material addressing the foregoing in accordance with L.Civ.R. 5.3 must be submitted no later than **July 5, 2011** or the Confidential Materials shall be unsealed; and it is further

ORDERED that the Confidential Materials remain under Seal until a decision on the supplemental briefing is rendered; and it is further

ORDERED that the Clerk of the Court terminate this Motion [Docket Entry No. 82] accordingly.

        s/ Tonianne J. Bongiovanni
        **HONORABLE TONIANNE J. BONGIOVANNI**
        **UNITED STATES MAGISTRATE JUDGE**