**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

**ZISA & HITSCHERICH**
77 HUDSON STREET
HACKENSACK, NJ 07601
(201) 342-1103
Attorneys for Defendant, City of Hackensack

_____

| | |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., a New Jersey Jersey Not for Profit Corporation; SCOTT L. BACH; KAARE A. JOHNSON VINCENT FURIO; STEVEN YAGIELLO and BOB'S LITTLE SPORT SHOP, INC., a New Jersey Corporation, | Civil Action No.: 3:10-cv-271 (JAP-TJB) |
| Plaintiffs, | |
| v. | |
| CHRISTOPHER J. CHRISTIE, Governor of the State of New Jersey; PAULA T. DOW, Attorney General of the State of New Jersey; COLONEL RICK FUENTES, Superintendent, Division of New Jersey State Police; WASHINGTON TOWNSHIP (Morris County); CITY OF HACKENSACK; LITTLE EGG HARBOR TOWNSHIP and XYZ MUNICIPALITIES 1-535, | |
| Defendants. | |

_____

_____

**LETTER BRIEF IN FURTHER SUPPORT OF MOTION TO SEAL PURSUANT TO <u>L. CIV. R. 5.3</u>**

_____

On the Brief:
Craig M. Pogosky, Esq.

Statement of Facts & Procedural History

Initial Plaintiffs, Association of New Jersey Rifle and Pistol Clubs, Inc., Scott L. Bach, Kaare A. Johnson and Bob's Little Sport Shop's (collectively refined to as "Plaintiffs"), filed a complaint on or about January 17, 2010. The complaint did not originally name the City of Hackensack as a party. On February 3, 2010, the plaintiff filed a Motion for a Preliminary Injunction seeking to enjoin the restricting of permits issued for the purchase, sale or transfer of handguns within a thirty day period, the number of permits that may be applied for and received at one time.

Plaintiffs have since filed a Second Amended Complaint which includes additional plaintiffs and names the City of Hackensack as a Defendant. It alleges violations by the City of Hackensack of N.J.A.C. 13:54-1.4(h) and seeks a preliminary and permanent injunction enjoining Defendant from restricting the number of handgun purchase permits an applicant may apply for at one time and the number of handgun purchase permits a licensing authority may issue at one time and declaratory relief, declaring the City's actions are violative of N.J.A.C. 13:54-1.4(h).  Plaintiffs ask the court to enjoin defendants from restricting the number of permits an applicant may apply for and restricting the number of permits a licensing authority will issue at one time, and award reasonable attorneys fees and costs pursuant to U.S.C § 1988 and N.J.S.A. 10:6-2(f). Plaintiffs alleged that a certain applicant applied for multiple handgun purchase permits at the Hackensack Police Department and was informed that the Department had conflicting information from the State Police

regarding the issuance of more that one permit per month and that it would not issue more than one per month and that it would not issue more than one permit per month until it received direction from that State Police.

Plaintiffs filed a motion for summary judgment wherein it alleges that one of the applicnts was subsequently deterred from applying for multiple permits. This defendant filed its brief and certification in opposition to plaintiffs' motion for summary judgment and in further support of its motion to dismiss the second amended complaint on or about April 12, 2011. (Docket Entry 81). The certification filed therewith in support of defendant's papers described applications for handgun purchase permits of one of the applicants and annexed copies of the same. The brief described the same and referenced dates of applications and the results thereof. When filed electronically with the court, a request was made to maintain said documents under seal. A motion to seal the same was then filed with this court [Docket Entry 82].

ARGUMENT

While our courts have recognized a right of access to judicial proceedings and records, the public's right of access to judicial records is "not absolute" and must be weighed against a litigant's interest in secrecy. Lecaudia, Inc. v. Applied Extrusion Technologies., Inc., 998 F.2d 157, 164, 165 (3d Cir. 1993); In re Cendant Corp., 260 F.3d 183, 192, 194 (3d Cir. 2001). A party seeking to restrict the right of access to records must demonstrate that the material contains the type of information that courts will protect and that there is good cause for continued application of an existing order. Publicker Industries, Inc. v. Cohen, 733 F.2d. 1059, 1070-71 (3d. Cir. 1984).

Local Civil Rule 5.3 "govern[s] any request by a party to seal, or otherwise restrict public access to, any materials filed with the Court." L. Civ. R. 5.3(a)(1). Before restricting public access to judicial documents, the court must look at: (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available. L.Civ.R.5.3 (c)(2).

The materials sought to be kept confidential are applications for handgun purchase permits including their disposition, the certification to which they were attached and the Brief in opposition to summary judgment which referenced the materials.

N.J.A.C. 13:54-1.15 provides in pertinent part as follows:

> **…**Any application for a permit, firearms identification card, or license, and any document reflecting the issuance or denial of such permit, firearms identification card, or license, and any permit, firearms identification card, license, certification, certificate, form of register, or registration statement, maintained by any State or municipal governmental agency, is not a public record and shall not be disclosed to any person not authorized by law or this chapter to have access to such documentation, including the applicant, except on the request of persons acting in their governmental capacities for purposes of the administration of justice.

There is a legitimate public interest justifying the relief sought in the present application. Those interests include maintaining the confidentiality of personal information in an applicant's application, which includes such information as name, residence, place of business, age, date of birth, occupation, sex and physical description, including distinguishing physical characteristics, if any, whether he has ever been adjudged a juvenile delinquent, convicted of domestic violence or are the subject of an order relating to the same, whether he is an alcoholic, drug dependent person, whether he has even been confined or committed to a mental institution or hospital for treatment or observation, whether he has been attended, treated or observed by any doctor or psychiatrist or at any hospital or mental institution on an inpatient or outpatient basis for any mental or psychiatric condition, giving the name and location of the doctor, psychiatrist, hospital or institution and the dates of such occurrence, whether he presently or ever has been a member of any organization which advocates or approves the commission of acts of force and violence to overthrow the Government of the United States or of this State, or which seeks to deny others their rights under the Constitution

of either the United States or the State of New Jersey, whether he has ever been convicted of a crime or disorderly persons offense.

Additionally, as the Superintendent of the State Police indicated in his summary of the proposed amendments to N.J.A.C. 13:54-1.15, which includes handgun purchaser permits and firearms purchaser identification cards as documents to be maintained as confidential,

> The proposed amendment will serve to protect the privacy of persons who obtain firearms by virtue of licenses, firearms identification cards, permits and registrations. Their names and addresses will not be subject to public disclosure absent legitimate need or legal requirement. More importantly, however, exempting permits, licenses, firearms identification cards and registrations from being classified as public records will deny the criminal elements of our society the opportunity of obtaining "shopping lists" of names and addresses of persons who own firearms. As a result, these persons will not be targets for burglaries or thefts. In 1991 and 1992, the total number of firearms reported stolen in this State was approximately 2,800. Should the names and addresses of persons who obtain permits, licenses, firearms identification cards and registrations now be made public, that number could dramatically increase. The dangers inherent in such publication are not only applicable to those who may be victimized by burglaries and/or thefts, but are equally shared by the members of the public at large, who could also be victimized by persons who illegally obtain firearms from their rightful owners. [24 N.J.R. 3022]

The Superintendent further noted that "[t]his amendment reaffirms the long standing policy of the State Police and municipal police departments that such documents are not public records." Id.

The movant herein has a legitimate interest in having the documents sealed. The movant does not wish to run afoul of the regulations, which apply to it. Without a seal order, the City, its officers, and the undersigned would be

in violation of the law regarding the dissemination of such information as is regulated by the aforementioned provision of the code.  This would subject the same to possible penalty for the violation of the law or suit by the applicant who is referenced in the confidential documents.

Less restrictive alternatives are not available to this defendant.  The regulation does not permit the defendant to publish selected portions of the documents.  The certification and attachments relate solely or extensively to an individual applicant.  Furthermore, the brief also sufficiently references individual(s) so that redaction would be impracticable.

The court will note that since the filing of the motion to seal on or about April 15, 2011, and the time for such intervention or opposition having long since expired, no member of the public or news media, interested person, or party herein has filed an objection to the motion to seal as permitted by L. Civ. R. 5.3 (c)(4).  As the motion is unopposed, there is nothing in the record before the court that sets forth the public purpose or interest to be advanced by access to the documents proposed to be sealed. The lack of intervention should further weigh in favor of sealing the documents.

## CONCLUSION

Good cause exists to maintain the confidential documents under seal in the within matter. The documents are not public. Further there is no asserted public interest in the within matter to make the same public, and the defendant would violate the administrative regulation by publishing the documents. For the foregoing reasons, the undersigned requests that the court maintain the documents under seal.

                                 Respectfully submitted,

                                 /s Craig M. Pogosky

                                 CRAIG M. POGOSKY, ESQ. (5849)