# FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Henry Farer
Jack Fersko
David B. Farer
Richard J. Ericsson
Ann M. Waeger
Jay A. Jaffe
John J. Reilly*
Daniel L. Schmutter
Susan C. Karp
Marcie R. Horowitz
John H. Hague
Regina E. Schneller

Counsel
Anthony Giountikos
Maura E. Blau

Marjan F. Disler
Jill B. Richardson

*Certified by the Supreme
Court of New Jersey
as a Civil Trial Attorney

July 6, 2011

<u>Via ECF and Fax  609.989.0435</u>

Magistrate Judge Torianne J. Bongiovanni
Clarkson S. Fisher Federal Building
 and U.S. Courthouse
402 East State Street
Trenton, NJ  08608

Re:   ANJRPC, et al. v. Christopher J. Christie, Governor of New Jersey et al.
      Docket No.: 3:10-cv-00271-JAP-TJB
      Our File No.:  011901

Dear Judge Bongiovanni:

We represent the Plaintiffs in the above-referenced matter.

We submit this letter in connection with the City of Hackensack's seal motion and the Order entered by the Court on June 22, 2011 (the "Temporary Seal Order").

When the Court entered the Temporary Seal Order, the Court erroneously stated that the motion was unopposed. Although Plaintiffs did not oppose the motion as a matter of substance, Plaintiffs did submit a competing form of Order objecting to the form of Order submitted by Hackensack. This is because Hackensack's Order was deficient in certain important respects.

One such deficiency was that Hackensack's proposed order did not account for the fact that disclosure of the State Defendants of the confidential information contained in Hackensack's submission on Plaintiffs' summary judgment motion may not be lawful under the applicable State regulations.

Hackensack cited to N.J.A.C. 13:54-1.15, which sets forth the basis for disclosure of the confidential information contained in the handgun permit application materials of Plaintiff Vincent Furio. While a proper seal order would prevent improper disclosure of Mr. Furio's confidential information to the general public, because the State Defendants are a party and are entitled to service of Hackensack's materials, Plaintiffs' proposed order included language requiring redaction of certain personal information of Mr. Furio from the papers to be served on the State Defendants. The State Defendants consented to this language.

FARER FERSKO

A PROFESSIONAL ASSOCIATION ATTORNEYS AT LAW

Magistrate Judge Torianne J. Bongiovanni
July 6, 2011

Page 2

The language that was proposed in Plaintiffs' alternative proposed form of order read as follows:

> 3. The City of Hackensack shall serve on all other parties in the case a copy of the Certification of Mart Kobin with exhibits with the following information redacted:
>
>    a. Social Security Number;
>    b. Home telephone number;
>    c. Date of Birth;
>    d. Distinguishing characteristics.
>
> 4. The State Defendants reserve any right they may have to seek to compel disclosure of the redacted information in the future.

This language was not objected to by Hackensack and was explicitly consented to by the State Defendants.

Accordingly, Plaintiffs request that when a final seal order is entered, such order should include the foregoing language to preserve the confidentiality of that information vis a vis the State Defendants, as there is nothing in the record to indicate that the State Defendants are entitled to receive that information under N.J.A.C. 13:54-1.15.


Respectfully submitted,

/s/ Daniel L. Schmutter

Daniel L. Schmutter
DLS:amh

cc: Gregory Spellmeyer, Esq. (Via ECF)
Craig Pogosky, Esq. (Via ECF)