UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASSOCIATION OF NEW JERSEY RIFLE AND PISTOL CLUBS, INC., et al.<br><br>Plaintiffs,<br>v.<br><br>CHRISTOPHER CHRISTIE, Governor of the State of New Jersey, et al.<br><br>Defendants. | Civil Action No. 10-271 (JAP)<br><br>**OPINION** |

PISANO, District Judge.

In this action, Plaintiffs Association of New Jersey Rifle and Pistol Clubs, Inc., Scott Bach, Kaare Johnson, Vincent Furio, Steven Yagiello and Bob's Little Sport Shop, Inc. (collectively, "Plaintiffs") have challenged certain amendments to N.J.S.A. 2C:58-2 and 2C:58-3, referred to as the "One Gun Law" or the "One Handgun Per Month Law" (hereinafter, the "One Gun Law"). The One Gun Law provides, subject to certain exceptions, that no person may purchase more than one handgun in any thirty day period. Presently before the Court are motions by the State of New Jersey defendants[1] (the "State") and the City of Hackensack ("Hackensack") to dismiss the complaint pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). Plaintiffs have opposed the motions and have moved for summary judgment. For the reasons below, the Court denies Plaintiffs' motion for summary

---

[1] The named state defendants are Chris Christie, Governor of the State of New Jersey, Paula T. Dow, Attorney General of the State of New Jersey, and Colonel Rick Fuentes, Superintendent, Division of New Jersey State Police.

judgment, grants Defendants' motions as to the Plaintiffs' federal claims, and declines to exercise supplemental jurisdiction over the remaining state law claims.

**I. Background**

The One Gun Law, effective as of January 1, 2010, amended New Jersey's law regarding the purchase of firearms to provide that "no more than one handgun shall be purchased within any 30-day period." N.J.S.A. 2C:58-3(i). This one-gun-per-month limitation, however, is subject to certain exceptions, which are enumerated in the statute. For example, the limitation does not apply to law enforcement officers purchasing firearms for use in their duties or to transfers among licensed dealers. *See* N.J.S.A. 2C:58-3(i)(1) and (3). As relevant to this case, the statute contains an exception for "any transaction where the superintendent [of the State Police] issues an exemption from the prohibition in this subsection pursuant to the provisions [N.J.S.A. 2C:58-3.4]. N.J.S.A. 2C:58-3(i)(6).

As codified in N.J.S.A. 2C:58-3.4, New Jersey's legislature provided a mechanism for the Superintendent of the State Police to grant a purchaser an exemption to the One Gun Law in limited circumstances. Under section 2C:58-3.4,

> "[t]he superintendent may grant an exemption from the restriction on the purchase of handguns set forth in subsection i. of N.J.S.2C:58-3 if the applicant demonstrates to the satisfaction of the superintendent that the applicant's request meets one of the following conditions:
>
> (1) The application is to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy;
>
> (2) The applicant is a collector of handguns and has a need to purchase or otherwise receive multiple handguns in the same transaction or within a 30-day period in furtherance of the applicant's collecting activities. …;[2] or

---

[2] That statute notes that

> as used in this paragraph, "need" shall include, but not be limited to, situations where there is a reasonable likelihood that the additional handguns sought to be purchased would not be readily available after the 30-day period, that it would not be feasible or practical to purchase the

>    (3) The applicant participates in sanctioned handgun shooting competitions and needs to purchase or otherwise receive multiple handguns in a single transaction or within a 30-day period, and the need is related to the applicant's competitive shooting activities, including use in or training for sanctioned competitions.

N.J.S.A. 2C:58-3.4(a).

To apply for the inheritance, collector or competitive shooting exemption (hereinafter, an "Exemption" or the "Exemptions") to the One Gun Law, a prospective purchaser must submit an application to the Superintendent, certifying

> on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased. This form shall be submitted to the superintendent at the same time as the permit to purchase a handgun, along with any pertinent documentation supporting the need for an exemption. If the information concerning the particular handguns to be purchased is not available when the form is submitted, that information shall be provided to the superintendent as soon as practicable thereafter.

N.J.S.A. 2C:58-3.4(b). The Superintendent of the State Police promulgated forms ("Exemption Forms") for applicants to use to apply for an Exemption on April 6, 2010, approximately 4 months after the law took effect.

Plaintiff originally filed their complaint on January 17, 2010 and filed an amended complaint on March 10, 2010. Among other things, Plaintiffs alleged in their original complaint that that the One Gun Law was void as being preempted by federal law. Specifically, Plaintiffs alleged that the One Gun Law was void because it was preempted by

---

handguns separately, or that prohibiting the purchase of more than one handgun within a 30-day period would have a materially adverse impact on the applicant's ability to enhance his collection.

N.J.S.A. 2C:58-3.4. Further, the statute provides that a

> "collector" shall include any person who devotes time and attention to acquiring firearms for the enhancement of the person's collection: as curios; for inheritance; for historical, investment, training and competitive, recreational, educational, scientific, or defensive purposes; or any or other lawful related purpose. *Id.*

3

15 U.S.C. § 5001(g)(ii), which provides that "[n]o State shall ... prohibit the sale ... of traditional B-B, paint-ball, or pellet-firing air guns that expel a projectile through the force of air pressure." Plaintiffs moved for a preliminary injunction enjoining enforcement of the One Gun Law, and various defendants moved to dismiss the complaint. On June 14, 2010, this Court, finding the One Gun Law not to be preempted, entered an Opinion and Order denying Plaintiffs' motion for an injunction. The Court also granted in part defendants' motions to dismiss and dismissed those counts alleging federal preemption. *See* docket entry nos. 50 and 51.

Plaintiffs filed a Second Amended Complaint ("SAC") on October 1, 2010. In light of the Court's earlier Opinion and Order, the only claims in the SAC that remain in this case are contained in Counts Three through Six. Counts Three and Four are claims under 42 U.S.C. § 1983 that challenge the requirements for obtaining an Exemption. Plaintiffs contend that "the Legislature intended that there be specific exemptions to the restrictions of the One Gun a Month Law for collectors, competitors and inheritance …[, but] the manner in which the Exemptions have been implemented render them illusory and therefore they [violate the due process clause of the 14th Amendment]." Pl. Reply at 3. Plaintiffs specifically take issue with the requirement that, in order to obtain the Exemption, an applicant must identify by serial number the specific handguns he wishes to purchase. As a result of this requirement, an applicant must wait until he finds handguns he wishes to purchase before he can obtain an Exemption. Plaintiffs contend that, consequently, an applicant, upon finding a set of handguns he wishes to purchase, must seek the cooperation of a vendor to hold the weapons off of the market while the applicant seeks approval for the purchase, which he may or may not obtain. According to Plaintiffs, such a scenario is "unworkable and unreasonable" and

4

"[w]hile sometimes this process may work," in other instances it will "render it impossible for otherwise qualified applicants to take advantage of the Exemptions as the Legislature intended," because the vendor will not wait while a potential customer applies for an Exemption. Pl. Reply at 4.

According to the SAC, this was the experience of Plaintiff Bach. The SAC alleges Bach contacted "multiple sellers to purchase more than one handgun pursuant to the Collector Exemption." SAC ¶ 80. Bach requested these sellers "hold such multiple handguns for him" to allow him to obtain the necessary exemption. *Id.* at ¶ 81. Bach was unable to advise the sellers whether he would qualify for the exemption or how long it would take to obtain it, and the sellers were unwilling to reserve the desired handguns. *Id.* ¶¶ 82-83.

In Counts Five and Six, Plaintiffs allege that defendant City of Hackensack is violating state regulations (specifically, N.J.A.C. 13:54-1.4(h))[3] by refusing to process multiple applications for handgun purchase permits in a 30-day period. The Complaint alleges that Plaintiff Vincent Furio was denied the right by Hackensack to apply for three handgun purchase permits simultaneously. SAC ¶¶ 103-104.

Apparently to clear up any confusion by municipalities as to the effect that the One Gun Law had on a their ability to issue multiple handgun purchase permits within a 30-day period, the New Jersey State Police issued guidance after the One Gun Law was enacted advising municipalities that the One Gun Law does not restrict individuals from obtaining more than one permit in a 30-day period. Despite this guidance, Plaintiffs allege that Hackensack continues a "practice of … playing fast and loose with the New Jersey State

---

[3] N.J.A.C. 13:54-1.4(h) provides as follows: "Applicants for a permit to purchase a handgun may apply for more than one permit per application. The number of permits requested, and each permit number shall be entered in the spaces provided on the application."

5

permit law," and "cannot be trusted to comply with State regulations" regarding the issuances of multiple permits within a 30-day window.  Pl. Reply at 8.

**II. Analysis**

A.  Legal Standards

1.  Federal Rule of Civil Procedure 12(b)(6)

Under Federal Rule of Civil Procedure 12(b)(6), a court may grant a motion to dismiss if the complaint fails to state a claim upon which relief can be granted.  The Supreme Court set forth the standard for addressing a motion to dismiss under Rule 12(b)(6) in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 562, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007).  The *Twombly* Court stated that, "[w]hile a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, ... a plaintiff's obligation to provide the grounds of his entitle[ment] to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.]"  *Id.* at 555 (internal citations omitted); *see also Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007) (stating that standard of review for motion to dismiss does not require courts to accept as true "unsupported conclusions and unwarranted inferences" or "legal conclusion[s] couched as factual allegation[s]." (internal quotation marks omitted)).  Therefore, for a complaint to withstand a motion to dismiss under Rule 12(b)(6), the "[f]actual allegations must be enough to raise a right to relief above the speculative level, ... on the assumption that all the allegations in the complaint are true (even if doubtful in fact) ..." *Twombly*, 550 U.S. at 555 (internal citations and footnote omitted).

2.  Summary Judgment Standard

A court shall grant summary judgment under Rule 56 of the Federal Rules of Civil Procedure "if the movant shows that there is no genuine dispute as to any material fact and the

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The substantive law identifies which facts are critical or "material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A material fact raises a "genuine" issue "if the evidence is such that a reasonable jury could return a verdict" for the non-moving party. *Healy v. N.Y. Life Ins. Co.*, 860 F.2d 1209, 1219 n.3 (3d Cir. 1988).

On a summary judgment motion, the moving party must show, first, that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). If the moving party makes this showing, the burden shifts to the non-moving party to present evidence that a genuine fact issue compels a trial. *Id.* at 324. The non-moving party must then offer admissible evidence that establishes a genuine issue of material fact, *id.*, not just "some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).

The Court must consider all facts and their logical inferences in the light most favorable to the non-moving party. *Pollock v. American Tel. & Tel. Long Lines*, 794 F.2d 860, 864 (3d Cir. 1986). The Court shall not "weigh the evidence and determine the truth of the matter," but need determine only whether a genuine issue necessitates a trial. *Anderson*, 477 U.S. at 249. If the non-moving party fails to demonstrate proof beyond a "mere scintilla" of evidence that a genuine issue of material fact exists, then the Court must grant summary judgment. *Big Apple BMW v. BMW of North America*, 974 F.2d 1358, 1363 (3d Cir. 1992).

B. Counts Three and Four

As noted above, Counts Three and Four of the SAC allege that the Exemptions promulgated pursuant to the One Gun Law and implemented via the Exemption Forms violate Plaintiff's procedural due process rights "because they result in illusory Exemptions contrary

to the express intent of the Legislature." Pl. Brf. at 25. As stated in their brief, "Plaintiffs argue that the Legislature and the Superintendent may not, consistent with Due Process, provide a statutory right without a means to obtain the right." *Id.* at 26.

The Due Process Clause of the Fourteenth Amendment holds that no state shall "deprive any person of life, liberty or property, without due process of law." U.S. Const. amend. XIV, § 1. To state a claim for a violation of procedural due process rights, "a plaintiff must allege that (1) he was deprived of an individual interest that is encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,' and (2) the procedures available to him did not provide 'due process of law.'" *Hill v. Borough of Kutztown*, 455 F.3d 225, 234 (3d Cir. 2006). Thus, the threshold issue with respect to Plaintiffs' procedural due process claim is whether there exists here a "cognizable liberty or property interest" protected by the Due Process Clause. *Mudric v. Attorney General*, 469 F.3d 94, 98 (3d Cir. 1995) (noting that "[i]t is axiomatic that a cognizable liberty or property interest must exist in the first instance for a procedural due process claim to lie").

Property interests are not created by the Constitution, but rather are "created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement to those benefits." *Board of Regents of State Coll. v. Roth*, 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Plaintiffs here assert that the constitutionally-protected interest at issue in this case is "a right" to an Exemption "expressly provided them in the One Gun Law." Pl. Brf. at 31. Thus, the Court must look to New Jersey state law to determine whether Plaintiffs have a legitimate claim of entitlement to an Exemption.

A factor for the Court to consider in determining whether an applicant has a "legitimate claim of entitlement" to an Exemption is the discretion invested in state official overseeing the exemption decision. *See Hain v. DeLeo*, 2010 WL 4514315, *6 (M.D. Pa. 2010) (*quoting Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 679 (3d Cir. 1991). In *Hain*, for example, because a state's firearm licensing statute invested the licensing official with discretion in granting or denying a license to carry a firearm, the court found that such a license was not a protected property interest for the purposes of procedural due process. *Id.*

Here, New Jersey's law vests the Superintendent with similar discretion regarding the Exemptions. This is underscored by the language of the statute which indicates that the superintendent "may" grant the exemption if the applicant meets one of the only three conditions for exemption. N.J.S.A. 2C:58-3.4 (a). To determine whether an applicant meets the first condition, the superintendent must evaluate whether the applicant plans to purchase multiple handguns from a person who obtained the handguns through inheritance or intestacy. N.J.S.A. 2C:58-3.4 (a)(1). To determine whether an applicant meets the second condition, the superintendent must evaluate whether the applicant is "collector" of handguns who has the "need" to purchase or receive multiple handguns within a 30-day period. N.J.S.A. 2C:58-3.4 (a)(2). To determine whether the applicant meets the third exemption, the superintendent must evaluate whether the applicant "participates in sanctioned handgun shooting competitions" and, as relating to such competitive shooting activity, "needs" to purchase or receive multiple handguns within a 30-day period. N.J.S.A. 2C:58-3.4 (a)(3). However, even if the superintendent finds that an applicant meets one of the three enumerated exemption criteria, the superintendent is nevertheless vested with the discretion to deny the application if

"if he finds a reasonable likelihood that the public safety would be endangered by granting the exemption." This broad discretion precludes a finding that an applicant has a "legitimate claim of interest" in an Exemption for procedural due process purposes. *See Midnight Sessions, Ltd. v. City of Philadelphia*, 945 F.2d 667, 679 (3d Cir. 1991) (finding plaintiffs did not have a cognizable property interest in receiving a potential license to operate a dance hall where statute prohibited issuance of licenses pending review to determine that "the facility complies with 'all laws, ordinances, health and fire regulations, applicable thereto, and is a safe and proper place for the purpose for which it shall be used;" implicit discretion in the "safe and proper place" language precluded legitimate claim of entitlement to issuance of the license.) (*overruled on other grounds by United Artists Theatre Circuit, Inc. v. Township of Warrington*, 316 F.3d 392, 400 (3d Cir. 2003).

Moreover, to satisfy the procedural due process analysis, Plaintiffs must not only establish the existence of a protected interest, but also that they have been deprived of that interest. As discussed above, the purported deprivation here allegedly arises out of the requirement that applicants identify the handguns they wish to purchase. Plaintiffs claim that this requirement, as found on the Exemption Forms promulgated by the Superintendent (which require identification of by serial number the specific handguns to be purchased), make it "impossible" for "most qualified applicants" to obtain the Exemptions "intended" by the Legislature. Pl. Brf. at 31. However, Plaintiffs overlook that the plain language of the statute makes clear that the Legislature intended that the Exemptions be available only to those applicants who are able to identify "the particular handguns to be purchased." N.J.S.A. 2C:58-3.4(b) (requiring that "[t]he applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought *and the particular handguns to be*

10

*purchased.*)(emphasis added). The forms promulgated by the Superintendant, therefore, are not inconsistent with the Legislature's intent.

In sum, the Court finds that Counts Three and Four fail to state a claim upon which relief can be granted, and these claims shall be dismissed. While Plaintiffs are clearly unhappy with New Jersey's procedure for obtaining an Exemption to the one-handgun-per-month purchase limitation, the procedural due process protections of the 14th Amendment do not provide Plaintiffs with a remedy. If, as Plaintiffs allege, New Jersey's statutory/regulatory scheme for obtaining an Exemption is "unreasonable and unworkable" because it does not allow as many individuals to take advantage of the Exceptions as Plaintiffs would like, Plaintiffs' remedy lies with New Jersey's Legislature, not the federal courts.

B.  Counts Five and Six

Counts Five and Six of the SAC contain only state law claims. In these counts, Plaintiffs contend that Hackensack has violated and continues to violate N.J.A.C. 13:54-1.4(h) because the municipality allegedly has refused to process multiple applications for handgun purchase permits in a 30-day period. N.J.A.C. 13:54-1.4(h) expressly permits applicants for a permit to purchase a handgun to apply for more than one permit per application.

Under 28 U.S.C. § 1367(c)(3), a district court has discretion to decline to exercise supplemental jurisdiction over state law claims if it has dismissed all claims over which it had original jurisdiction. Where the claims over which the district court had original jurisdiction are dismissed before trial, "the district court must decline to decide the pendent state claims unless considerations of judicial economy, convenience, and fairness to the parties provide an affirmative justification for doing so." *Borough of West Miflin v. Lancaster*, 45 F.3d 780, 788

(3d Cir.1995); *see also United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 16 L.Ed.2d 218 (1966).

Here, the Court concludes that no affirmative justification is present for retaining jurisdiction over Plaintiffs' state law claims. The dispute with Hackensack is a local one, well outside of the jurisdiction of this Court, and of the kind that is best resolved in a state forum. Because the Court is granting Defendants' motions to dismiss as to the federal claims in this action, the Court declines to exercise supplemental jurisdiction over the remaining state law claims.

### III.  Conclusion

For the reasons above, the Court denies Plaintiffs motion for summary judgment, grants Defendants' motions as to the federal claims contained in Plaintiff's third and fourth causes of action, and declines to exercise supplemental jurisdiction over the remaining state law claims.  An appropriate Order accompanies this Opinion.

/s/ Joel A. Pisano
JOEL A. PISANO, U.S.D.J.

Dated:  February 2, 2012