**PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1624
_____

ASSOCIATION NEW JERSEY RIFLE AND PISTOL
CLUBS,
a New Jersey Not for Profit Corporation;
SCOTT L. BACH; KAARE A. JOHNSON; BOBS LITTLE
SPORT SHOP,
a New Jersey Corporation; VINCENT FURIO; STEVEN
YAGIELLO,

                                              Appellants

v.

GOVERNOR OF THE STATE OF NEW JERSEY;
ATTORNEY GENERAL NEW JERSEY; COLONEL RICK
FUENTES,
Superintendent, Division of New Jersey State Police;
WASHINGTON TOWNSHIP, (Morris County;  XYZ
MUNICIPALITIES 1-565;
CITY OF HACKENSACK; LITTLE EGG HARBOR
TOWNSHIP;
XYZ MUNICIPALITIES1-563
_____

On Appeal from the United States District Court
for the District of New Jersey

(D.C. No. 3-10-cv-00271)
United States District Judge: Honorable Joel A. Pisano
_____

Submitted Under Third Circuit LAR 34.1(a)
December 18, 2012

Before: MCKEE, Chief Judge, SLOVITER, and
VANASKIE, Circuit Judges

(Filed: January 29, 2013)

Daniel L. Schmutter
Greenbaum Rowe, Smith & Davis, LLP
P.O. Box 5600
Metro Corporate Campus One, Suite 4
Woodbridge, NJ  07095

  *Attorneys for Appellants*

Craig M. Pogosky
Zisa & Hitscherich
77 Hudson Street
Hackensack, NJ  07601

  *Attorney for Appellee City of Hackensack*

Gregory A. Spellmeyer
Robert T. Lougy
Roshan D. Shah
Office of Attorney General of New Jersey
25 Market Street
Richard J. Hughes Justice Complex

2

Trenton, New Jersey 08625

    *Attorney for Appellees*

_____

OPINION

_____

SLOVITER, Circuit Judge.

    The Association of New Jersey Rifle and Pistol Clubs, Inc., Bob's Little Sport Shop, and several individuals ("Appellants") appeal the District Court's dismissal of their claims against Appellees — the Governor of New Jersey, the Attorney General of New Jersey, the Superintendent of the New Jersey State Police, and the City of Hackensack [1] — and the District Court's denial of Appellants' motion for a preliminary injunction. We will affirm.[2]

---

[1] Washington Township and Little Egg Harbor Township were named as defendants to the original action. However, they settled with Appellants shortly after the action commenced.

[2] The District Court had jurisdiction under 28 U.S.C. §§ 1331 and 1343 and we have jurisdiction under 28 U.S.C. § 1291. We review *de novo* a district court's grant of a motion to dismiss. *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 230 (3d Cir. 2008). We review *de novo* a denial of injunctive relief

I.

Appellants seek to enjoin the enforcement of N.J. STAT. ANN. 2 §§ 2C:58-2(a)(7) and 2C:58-3(i) (West 2005 & Supp. 2012) ("One Gun Law").[3]  First, Appellants allege that these statutes are preempted by 15 U.S.C. § 5001(g)(ii) (2006).  Section 5001(g)(ii) provides in relevant part: "no State shall — prohibit the sale (other than prohibiting the sale to minors) of traditional B-B, paint ball, or pellet-firing air guns that expel a projectile through the force of air pressure."  Appellants argue that because the One Gun Law prohibits the purchase or sale of more than one handgun per person per month, including B-B and air guns,[4] it is preempted by § 5001(g)(ii).

Second, Appellants allege that the implementation of the One Gun Law violates the Due Process Clause of the Fourteenth Amendment.  The One Gun Law provides exemptions from its restrictions for certain groups of people,

---

based on statutory interpretation.  *Tanimura & Antle, Inc. v. Packed Fresh Produce, Inc.*, 222 F.3d 132, 137 (3d Cir. 2000).

[3] "A dealer shall not knowingly deliver more than one handgun to any person within any 30-day period."  N.J. STAT. ANN. § 2C:58-2(a)(7).  "Only one handgun shall be purchased or delivered on each permit and no more than one handgun shall be purchased within any 30-day period . . . ."  N.J. STAT. ANN. § 2C:58-3(i).

[4] B-B and air guns fall within New Jersey's definition of "handgun," *see* N.J. STAT. ANN. §§ 2C:39-1(f) and (k), an issue Appellees did not contest.

4

such as collectors of handguns and competitive shooters. N.J. STAT. ANN. § 2C:58-3.4. Appellants argue that the One Gun Law's exemptions, as implemented, violate the Due Process Clause because the exemptions are essentially illusory. In order to purchase more than one handgun per month under an exemption, the applicant must list, on a state-provided application form, the particular handguns, by serial number, that s/he wishes to purchase. Appellants state that this provision makes it "difficult or impossible for the average collector to obtain an exemption" as the collector must convince the seller of the gun to take it off the market while the application is processed, "with no certainty about whether approval will even be granted months later." Appellants' Br. at 14.

The District Court denied the Appellants' motion for a preliminary injunction and granted the state Defendants' motion to dismiss Appellants' federal claims. The District Court then declined to exercise supplemental jurisdiction over Appellants' state-law claims.[5] Appellants appeal the District Court's orders and contend that if their federal claims are reinstated, the District Court should resume jurisdiction over their state-law claims as well.

## II.

A state law is preempted when it conflicts with federal law. *Pac. Gas & Elec. Co. v. State Energy Res. Conservation & Dev. Comm'n*, 461 U.S. 190, 204 (1983). Courts "start with the assumption that the historic police powers of the

---

[5] Appellants' state-law claims challenged the implementation of the One Gun Law by certain municipalities.

5

States were not to be superseded by the Federal Act unless that was the clear and manifest purpose of Congress." *Rice v. Santa Fe Elevator Corp.*, 331 U.S. 218, 230 (1947).  Section 5001(g)(ii) provides that states cannot prohibit the sale of B-B and air guns.  However, it does not bar states from regulating the sale of B-B and air guns in any way.  The One Gun Law restricts the sale of these guns to one per person per month, and allows applications for exemptions from this restriction.  It is evident that this is not a complete prohibition.  Nor is this restriction so onerous as to be a *de facto* prohibition.  *Cf. Coal. of N.J. Sportsmen v. Florio,* 744 F. Supp. 602, 608 (D.N.J. 1990) (holding that regulation created a *de facto* prohibition when a "person must go through the extremely rigorous qualification process required for receiving a license," including having a court refer the application to a prosecutor for investigation, and then granting the license "only upon an express finding that the public safety and welfare so require").  Because the One Gun Law regulates but does not prohibit the sale of B-B and air guns, it is not preempted by § 5001(g)(ii).

### III.

To state a deprivation of procedural due process, Appellants must allege that they were deprived of an interest "encompassed within the Fourteenth Amendment's protection of 'life, liberty, or property,'" and that available procedures "did not provide 'due process of law.'"  *Hill v. Borough of Kutztown*, 455 F.3d 225, 233-34 (3d Cir. 2006).  We conclude that the implementation of the One Gun Law's exemptions does not violate due process.  It is not necessary for us to determine whether Appellants have a property interest in the exemptions.  Even if Appellants have a property interest, they

do not demonstrate a deprivation of that interest.  Appellants do not challenge the exemption provision of the One Gun Law.  Rather, they challenge the implementing forms that applicants must complete and submit in order to qualify for an exemption.  Appellants state that these forms frustrate the purpose of the exemptions by requiring applicants to identify the particular handguns they wish to purchase.   However, as the District Court pointed out, the exemption provision of the One Gun Law itself requires applicants to identify the particular handguns they wish to purchase.  *See* N.J. STAT. ANN. § 2C:58-3.4(b) ("The applicant shall certify, on a form prescribed by the superintendent, the specific exemption sought and the particular handguns to be purchased.").  The implementing forms do not add further requirements that are so onerous as to deprive Appellants of any property interest they may have in the exemptions.

### IV.

In summary, we conclude that the One Gun Law is not preempted by § 5001(g)(ii).  We also reject the Appellants' claim that the implementation of the exemptions violates due process.   The District Court declined to exercise jurisdiction over the state law claims after it dismissed the federal claims.  Because we affirm its dismissal of the federal claims, we hold that the Court properly declined jurisdiction over the state law claims.  *See United States v. Gibbs*, 383 U.S. 715, 726 (1996).  We affirm the District Court's denial of Appellants' motion for  a preliminary injunction to enjoin the enforcement of the One Gun Law.  For the reasons above, Appellants do not show a reasonable likelihood of success on the merits.  *Am. Tel. & Tel. Co. v. Winback & Conserve Program, Inc*., 42 F.3d 1421, 1427 (3d Cir. 1996) (stating that an injunction

should issue only if the moving party produces evidence that, *inter alia*, it is likely to prevail on the merits).  Therefore, we will affirm the District Court's denial of a preliminary injunction and dismissal of Appellants' claims.